1  Aram Ordubegian (SBN 185142)
   M. Douglas Flahaut (SBN 245558)
2  Christopher K.S. Wong (SBN 308048)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:    213.629.7400
   Facsimile:    213.629.7401
5  Emails:    aram.ordubegian@arentfox.com
              douglas.flahaut@arentfox.com
6              christopher.wong@arentfox.com

7  *Proposed* General Bankruptcy and Restructuring
   Counsel for Debtor and Debtor-In-Possession

8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10
                         **LOS ANGELES DIVISION**
11

12 | In re | Case No. 2:20-bk-10264-ER |

13 **450 S. WESTERN, LLC, a California**      Chapter 11
   **Limited Liability Company,**
14                                            **MOTION FOR ORDER (1) APPROVING**
                                              **ENGAGEMENT AGREEMENT OF**
15                    Debtor and Debtor-in-   **WILSHIRE PARTNERS OF CA, LLC**
                      Possession              **AND (2) AUTHORIZING MONTHLY**
16                                            **FEE STATEMENT PROCEDURES AND**
                                              **PAYMENT**
17
                                              Hearing:
18                                            Date:    February 4, 2020
                                              Time:    11:00 a.m.
19                                            Place:   Courtroom 1568
                                                       255 E. Temple St.,
20                                                     Los Angeles, CA 90012

21
           **TO   THE   HONORABLE   ERNEST   M.   ROBLES,   UNITED   STATES**
22
   **BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**
23
           450 S. Western, LLC, as debtor and debtor-in-possession in the above-captioned chapter
24
   11 case ("450 S. Western" or "Debtor") hereby files this motion (the "Motion") to approve the
25
   Debtor's pre-petition agreement with Wilshire Partners of CA, LLC ("Wilshire Partners") and the
26
   appointment of Richard J. Laski as the Debtor's Chief Restructuring Officer ("CRO") and to
27
   authorize the monthly fee statement and payment procedures proposed herein.  In support of this
28

Motion, the Debtor submits the concurrently filed first day declaration of Richard J. Laski (the "Laski Declaration") as incorporated herein by this reference, and respectfully represents as follows:

## I.

## STATEMENT OF FACTS

450 S. Western is the owner and operator of the three-story, 80,316 sq. ft. shopping center —commonly known as California Marketplace— located at the intersection of South Western Avenue and 5th Street in the heart of Koreatown, CA.  450 S. Western has been a staple in the Los Angeles Korean community and is home to twenty-eight (28) thriving and popular stores, restaurants, and retail shops.  Since its creation in 2003, 450 S. Western's mission has been to be more than a shopping center, but to serve as an entertainment and shopping hub for the Korean community in Los Angeles.  The California Marketplace has been referred to as the Korean community's "Grove" or "Americana" projects in mid-Los Angeles and Glendale, respectively. Presently, the Debtor has approximately six (6) employees, and the Debtor has hired Richard J. Laski of Wilshire Partners of CA, LLC as its Chief Restructuring Officer, who will be running the affairs of the Debtor's reorganization and business.  Hyun Soon Rhee is the managing member of the Debtor, along with Steffany Rhee and Daniel Rhee.

As of the petition date, the shopping center currently has a 98% occupancy rate based on square footage.   Due to its prime location and prime tenants, 450 S. Western has historically been profitable and continues to be profitable.  The first floor is occupied by its key tenant, "Gaju Market" (translated as "California Market"), a high-end Korean grocery which is also owned by the Rhee family.

Notwithstanding the Company's operating strengths, the Company suffers from a heavy debt load, owning to following factors as detailed in the Laski Declaration, including (a) accruing legal expenses allocated to the State Court Action (defined in the Laski Declaration) and related litigations, (b) the threat of foreclosure by secured lenders and their recorded notices of default, (c) a pending application to appoint a receiver, and (d) adversaries that continually shift the goal post in order to avoid receiving payment so as to take title to the building.  As such, the Debtor

- 2 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

1    decided it would commence a chapter 11 case with the initial intention of quickly confirming a

2    chapter 11 plan of reorganization or effectuate a sale of substantially all of its assets as a going

3    concern in order to maximize value for creditors.   Thus, on January 10, 2020 (the "Petition

4    Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5        By this Motion, the Debtor seeks Court approval of its pre-petition engagement agreement

6    with Wilshire Partners for Richard J. Laski to serve as the 450 S. Western's CRO (the

7    "Engagement Agreement") and authorization to pay Wilshire Partners pursuant to the procedures

8    proposed herein.

9                                        II.

10                        **JURISDICTION AND VENUE**

11        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).

12    Venue of these proceedings is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and

13    1409.   11 U.S.C. §§ 105 and 363(b) are the statutory predicates for the relief sought by this

14    Motion.

15                                        III.

16                        **RELIEF REQUESTED**

17        By this Motion the Debtor seeks Court approval to of the engagement of Wilshire Partners

18    and Richard J. Laski as the Debtor's CRO as well as proposed compensation procedures related

19    to such engagement.

20                                        IV.

21                    **QUALIFICATIONS OF WILSHIRE PARTNERS**

22        Wilshire Partners provides executive officer, accounting, and administrative support

23    services for financially distressed businesses across a broad range of industries.  Mr. Laski is a

24    CPA and a financial and turnaround expert that is regularly appointed as an "off-panel" chapter

25    11 trustee in the Central District of California and has extensive experience providing services in

26    the other positions: CRO, bankruptcy examiner, insolvency expert witness, interim CEO, and

27    interim CFO.  A copy of his CV as well as the qualifications of Wilshire Partners is attached to

28    the Laski Declaration as **Exhibit 1**.  Based on the qualifications of Wilshire Partners and Mr.

- 3 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

Laski, the Debtor believes they are well-suited to provide the necessary services and counseling for an effective and efficient administration of this chapter 11 case and maximize recovery for the estate and its creditors.

**V.**

**<u>SCOPE OF SERVICES</u>**

Mr. Laski and Wilshire Partners are expected to perform the following non-exclusive list of services:

- Lead efforts to facilitate the Debtor's financial restructuring, refinancing, and potential sale efforts;

- Lead management efforts to identify and implement both short-term and long-term liquidity generation and profit improvement in an effort to improve the ongoing viability of the Debtor;

- Direct the Estate professionals in the bankruptcy case;

- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a refinancing, sale transaction, or restructuring;

- Assist with negotiations with the secured lenders and other parties, as appropriate, to facilitate restructuring efforts;

- Work with Debtor's counsel to develop strategic solutions to address demands of divergent stakeholders;

- Assist the Debtor in identifying, reviewing and negotiating debtor in possession financing, if required;

- Review and approve 3-month cash forecasts, Monthly Operating Reports, and other financial reporting as needed for negotiations with stakeholders; and

- Assist the Debtor and their other advisors with the formulation of a chapter 11 plan of reorganization / liquidation and the preparation of the corresponding disclosure statement;

- Identify nonessential assets to be sold and managing the sale process;

- Attend meetings and court hearings as may be required;

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

- Render expert testimony as requested from time to time;

- Participate in Board meetings in his capacity as CRO to report on the progress of the turnaround and restructuring initiatives; and

- Other tasks and duties related to this engagement as are directed by the Debtor and reasonably acceptable to Wilshire Partners.

## VI.

## TERMS OF ENGAGEMENT AND PROPOSED PAYMENT

The Debtor seeks to ratify employment and engagement of Mr. Laski as its CRO pursuant to Section 363 of the Bankruptcy Code, rather than as an estate professional under Section 327. The engagement of Mr. Laski as the Debtor's CRO is consistent with the protocols for CROs in this district and the procedures for compensation of Mr. Laski are reasonable.  If approved, Wilshire Partners and Mr. Laski will not be required to file fee applications under Sections 330 and 331 of the Bankruptcy Code, but will file and serve monthly compensation reports as provided herein.

Mr. Laski will charge his customary rate of $750 per hour.  However, to control the Debtor's costs during this bankruptcy case, the Laski has agreed to defer one-third of his earned fees as follows: (i) the Debtor will be invoiced at the rate of $500 per hour and Mr. Laski will expect to paid that amount in accordance with the payment procedures set forth herein and (ii) the remaining $250 per hour will accrue and be payable upon one of the following events: (a) confirmation of the Debtor's chapter 11 plan of reorganization, (b) closing of the sale of the Debtor's primary assets, and (c) receipt of refinance funding sufficient to pay off the senior loan held by G450 LLC.

Mr. Laski estimates that he will provide the vast majority of services as CRO in this matter.  In the event other Wilshire Partners professionals are required, they will be billed at their standard hourly rates as provided in the Engagement Agreement.

As provided in the Engagement Agreement and disclosed in the supporting Laski Declaration, Wilshire Partners received an initial $25,000 pre-petition retainer.  As of the Petition Date, the pre-petition retainer had been reduced to 22,000.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

The Debtor proposes that on or before the 15th day of each month Wilshire Partners shall file with the Court, and serve on the United States Trustee, all secured creditors, and the 20 largest unsecured creditors a summary report of compensation earned and expenses incurred for the proceeding calendar month (the "Fee Statement"). Each Fee Statement will include a short summary of the services provided for the prior month, the time allocated to such services and the name of each Wilshire Partners who provided such services and their hourly rate. Detailed time records for the preceding month for all Wilshire Partners professionals will be served on the Office of the United States Trustee along with the Fee Statement. Any interested party with standing before the Court shall then have ten (10) days from the service of the Fee Statement to object to such Fee Statement. If an objection to a Fee Statement is timely filed, a hearing on the approval of the Fee Statement shall be set by the Debtor and the fees requested shall be subject to review and approval by the Court. If no objection is filed timely or such objection is ultimately resolved, the Debtor is authorized to pay Wilshire Partners for the prior month provided that the Debtor has sufficient unencumbered funds and/or the amounts requested are otherwise provided for in the Debtor's cash collateral budget.

## VII.

## BASIS FOR RELIEF

Section 363(b)(1) of the Bankruptcy Code provides in relevant part that the "trustee , after notice and a hearing , may use sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. 363(b)(1). Further, under Section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. 105(a).

The Court should approve the Debtor's proposed use of its assets under Section 363(b) of the Bankruptcy Code if the proposed use reflects reasonable business judgment. *See e.g. Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3rd Cir. 1996) (noting that courts defer to trustee's judgment so long as there is a "legitimate business justification"). Moreover, under Section 363(b) a Debtor may employ a professional to serve as its restructuring officer or CRO. *See e.g. In re Tokheim Corp.*, Case No. 02-13437 (Bankr. D. Del. 2003)*; In re Radnor Holdings Corp*,

- 6 -

1  Case No. 06-10894 (Bankr. D. Del. 2007); *see In re Montgomery Ward Holding Corp.*, 242 B.R.

2  147, 153 (Bankr. D. Del. 1999)*; see also In re Aajubeo LLC,* 2017 WL 5466655 at *4 (Bankr. D.

3  Col. 2017).

4      Here in the Central District of California, courts have authorized retention of officers in

5  situations substantially similar to what is being requested herein.  *See e.g. In re Westcliff Medical*

6  *Laboratories, Inc.* [Case No. 8:10-bk-16743-TA – Dkt. No. 125]; *In re S.B. Restaurant Co.*,

7  [Case No. 8:14-bk-13778-ES – Dkt. No. 302]; *In re Fatburger Restaurants of California, Inc.*,

8  [Case No. 09-13964-GM – Dkt. No. 506]; *In re Visiting Nurse Association of the Inland*

9  *Counties*, [Case No. 6:18-bk-16908-MH – Dkt. No. 326]; *In re PME Mortgage Fund, Inc.*, [Case

10  No. 6:17-bk-15082-SY – Dkt. No. 64]; *In re Barley Forge Brewing Company, LLC* [Case No.

11  8:19-13920-TA – Dkt. No. 63].

12      Thus, the Debtor presents proposed procedures which are reasonable and consistent with

13  what has been approved in other similar cases where the employment of a CRO has been

14  addressed.  More specifically, this Motion and the procedures proposed herein show that Mr.

15  Laski is qualified and otherwise authorized to serve as CRO and provide a mechanism for the

16  Court and interested parties to retain oversight over the fees paid to Wilshire Partners.

17      As set forth in his CV, Mr. Laski has substantial experience and knowledge regarding the

18  bankruptcy process and restructuring cases and is well suited to advise 450 S. Western through

19  the bankruptcy process and assist with prosecution of this chapter 11 case.  Indeed, Mr. Laski's

20  services are essential and necessary to the Debtor's ongoing bankruptcy efforts.

21      Thus, the Debtor submits that the employment of Wilshire Partners and Mr. Laski as CRO

22  is a sound exercise of its business judgment and the services of Mr. Laski are necessary and

23  essential to the prosecution of this chapter 11 case and maximizing the value of the estate for the

24  benefit of its creditors.  For these reasons the Debtor submits that the relief requested herein in

25  necessary and appropriate, and is the best interest of the estate and creditors and should be

26  granted in all respects.

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VIII.

### DISINTERESTEDNESS

Notwithstanding the Debtor submits the employment of Wilshire Partners is not governed by Section 327, the Laski Declaration submitted herewith discloses, among other things, all relationships that Wilshire Partners and Mr. Laski has with the Debtor, creditors, and other interested parties.  Thus, unless specifically disclosed in the Laski Declaration, Mr. Laski and Wilshire Partners does not have any connection, with or any interest adverse to the Debtor, its creditors, or any other party in interest and therefore is a disinterested person as that term is defined in the Bankruptcy Code.

## IX.

### NOTICE AND NO PRIOR MOTION

Notice of this Motion is being provided concurrently herewith to (a) the Office of the United States Trustee; (b) all secured creditors; (c) the 20 largest unsecured creditors; and (d) all parties who have requested special notice.  The Debtor submits that in light of the nature of the relief sought, no further notice is required.  Finally, no prior motion or application has been made for the relief requested herein to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (1) approving the engagement of Wilshire Partners and Richard J. Laski as the Debtor's CRO pursuant to the Engagement Agreement and (2) authorizing Wilshire Partners to be paid monthly after filing and serving professional Fee Statements as described more fully herein.

1    Dated: January 10, 2020                **ARENT FOX LLP**

2

3
                                    By: */s/ Aram Ordubegian*
4                                       Aram Ordubegian
                                        M. Douglas Flahaut
5                                       Christopher K.S. Wong
                                        *Proposed* General Bankruptcy and
6                                       Restructuring Attorneys for Debtor and
                                        Debtor-in-Possession
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER (1) APPROVING RETENTION AGREEMENT OF WILSHIRE PARTNERS OF CA, LLC AND (2) AUTHORIZING MONTHLY FEE STATEMENT PROCEDURES AND PAYMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **1/10/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Aram Ordubegian on behalf of Debtor 450 S. Western, LLC, a California limited liability company
ordubegian.aram@arentfox.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **1/10/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/10/2020 | AYLIN SOOKASSIANS | */s/ Aylin Sookassians* |
|-----------|-------------------|------------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

AFDOCS/14156473.1