Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:     213.629.7400
Facsimile:      213.629.7401
Emails:           aram.ordubegian@arentfox.com
                      douglas.flahaut@arentfox.com
                      christopher.wong@arentfox.com

*Proposed* General Bankruptcy and Restructuring
Counsel for Debtor and Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**450 S. WESTERN, LLC, a California limited liability company**<br><br>Debtor and Debtor-in-Possession | Case No. 2:20-bk-10264-ER<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>Emergency Hearing</u><br>Date:     [TBD]<br>Time:     [TBD]<br>Place:    Courtroom 1568<br>              255 E. Temple St.,<br>              Los Angeles, CA 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

450 S. Western, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case ("450 S. Western" or "Debtor") hereby moves this Court, on an emergency basis, for entry of interim and final orders approving cash collateral use pursuant to that certain revised budget through April 4, 2020 (the "Budget") attached as Exhibit 4 to the concurrently filed first day declaration of Richard J. Laski (the "Laski Declaration") in support hereof and incorporated herein by this reference and included as **Exhibit 1** to this Motion for ease of reference.

The Debtor makes this Motion pursuant to Section 363 of title 11 of the U.S. Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 and 9075-1 of this Court's Local Bankruptcy Rules. As set forth herein and in the attached memorandum of points and authorities, there are good and sufficient grounds to grant the requested usage of cash collateral.

The Debtor requires use of the cash collateral to pay the costs and expenses associated with operating the Debtor's business for the next 90 days with the intention of quickly proposing a confirmable chapter 11 plan of organization or effectuating a sale of its assets as a going concern. As set forth more fully in the Budget, the primary expenses going forward relate to paying wages, insurance, taxes and license fees, utilities, Office of the United States Trustee ("UST") quarterly fees, and other necessary expenses to continue operation of the Debtor's shopping center.

**Summary of Certain Cash Collateral Provisions**

***Name of Each Entity with an Interest in the Cash Collateral:*** G450 LLC, Pontis Capital, LLC, Five West Capital, LP, and Evergreen Capital Asset LP.

***The Purpose for the Use of Cash Collateral:*** Business operations including paying wages, insurance, taxes and license fees, utilities, UST quarterly fees, and other necessary expenses to continue operation of the Debtor's shopping center.

***Material Terms, Including Duration, of the Use of Cash Collateral:*** The Debtor will use cash collateral pursuant to the Budget through and including April 4, 2020 or such earlier date as the Debtor confirms a chapter 11 plan of reorganization or closes in a sale of substantially all of its assets, in an amount not to exceed 115% of the aggregate amounts contained in the Budget, with all budget savings carried over and available to the Debtor for use in subsequent months.

***Any Liens, Cash Payments or Other Adequate Protection that Will be Provided:*** For and solely to the extent of any diminution in the value of the cash collateral, secured creditors will receive replacement liens (the "Replacement Liens") in assets of the same kind, type and nature as the collateral in which the secured creditors held a lien, that is acquired after the petition date, and the proceeds thereof, to the same extent, validity, and priority as any lien held by the secured

- 2 -

creditor in such funds and/or accounts receivables as of the petition date, though all rights of the Debtor to challenge the extent, validity, and priority of any asserted lien or liens is hereby reserved.

The Debtor has an ongoing need to use cash collateral in order to maintain the going concern value of the Debtor for the benefit of the estate. Discontinuing the access to cash collateral at this time will invariably lead to a diminution of the value of the Debtor's estate to the detriment of creditors. Additionally, the terms of the Debtor's proposed use of cash collateral are fair and reasonable, and adequately protect the secured creditors that have asserted an interest in the cash collateral because the value of the Debtor's assets will not decline and instead will be preserved in order to quickly confirm a plan of reorganization or effectuate a going concern sale and thereby hopefully maximize value for all creditors.

Pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(1)(A) a copy of the Debtor's proposed form of order granting this Motion is attached hereto as **Exhibit 2**.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order: (1) granting this Motion; (2) authorizing the use of cash collateral through and including April 4, 2020 pursuant to the Budget; and (3) granting other further relief as may be necessary and appropriate.

Dated: January 10, 2020                **ARENT FOX LLP**

By: */s/ Aram Ordubegian*
Aram Ordubegian
M. Douglas Flahaut
Christopher K.S. Wong
*Proposed* General Bankruptcy and Restructuring Counsel for Debtor and Debtor-in-Possession

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

AFDOCS/21503696.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

A. **General Background**

450 S. Western is the owner and operator of the three-story, 80,316 sq. ft. shopping center —commonly known as California Marketplace— located at the intersection of South Western Avenue and 5th Street in the heart of Koreatown, CA. 450 S. Western has been a staple in the Los Angeles Korean community and is home to twenty-eight (28) thriving and popular stores, restaurants, and retail shops. Since its creation in 2003, 450 S. Western's mission has been to be more than a shopping center, but to serve as an entertainment and shopping hub for the Korean community in Los Angeles. The California Marketplace has been referred to as the Korean community's "Grove" or "Americana" projects in mid-Los Angeles and Glendale, respectively. Presently, the Debtor has approximately six (6) employees, and the Debtor has hired Richard J. Laski of Wilshire Partners of CA, LLC as its Chief Restructuring Officer, who will be running the affairs of the Debtor's reorganization and business.[1] Hyun Soon Rhee is the managing member of the Debtor, along with Steffany Rhee and Daniel Rhee.

As of the petition date, the shopping center currently has a 98% occupancy rate based on square footage. Due to its prime location and prime tenants, 450 S. Western has historically been profitable and continues to be profitable. The first floor is occupied by its key tenant, "Gaju Market" (translated as "California Market"), a high-end Korean grocery which is also owned by the Rhee family.

Notwithstanding the Company's operating strengths, the Company suffers from a heavy debt load, owning to following factors as detailed in the Laski Declaration, including (a) accruing legal expenses allocated to the State Court Action (defined in the Laski Declaration) and related litigations, (b) the threat of foreclosure by secured lenders and their recorded notices of default,

---

[1] As discussed in greater detail in the concurrently filed *Motion for Order (1) Approving Engagement Agreement of Wilshire Partners of CA, LLC and (2) Authorizing Monthly Fee Statement Procedures and Payment* (the "CRO Motion"), Mr. Laski is a CPA and a financial and turnaround expert that is regularly appointed as an "off-panel" chapter 11 trustee in the Central District of California.

- 4 -

(c) a pending application to appoint a receiver, and (d) adversaries that continually shift the goal post in order to avoid receiving payment so as to take title to the building. As such, the Debtor decided it would commence a chapter 11 case with the initial intention of quickly confirming a chapter 11 plan of reorganization or effectuate a sale of substantially all of its assets as a going concern in order to maximize value for creditors. Thus, on January 10, 2020 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**B.     The Debtor's Need to Use Cash Collateral to Avoid Immediate and Irreparable Harm**

The Debtor needs to use cash collateral in order to avert disruption of the business operations and maintain the company's going concern value. The detailed Budget through April 4, 2020 attached to the Laski Declaration provides the amount of cash that is estimated to be required to be spent in order to maintain operations going forward. Therefore, as set forth more fully herein, the Debtor and its CRO believes that using cash collateral pursuant to the Budget is in the best interest of the Estate and creditors.

The Debtor's estate will suffer immediate and irreparable harm absent the relief requested by this Motion. Without interim and then final approval of the use of cash collateral the Debtor will not be able to operate its shopping center and derive rental income from its tenants. Additionally, the Debtor will not be able to pay the costs and expenses associated with its ongoing operations and will incur significant post-petition administrative claims from tenants and other parties. Finally, prohibiting the Debtor from using cash collateral will prevent it from timely paying quarterly United States Trustee fees as well as maintaining the appropriate insurance coverage necessary to protect the estate and creditors in this chapter 11 case. Accordingly, if this Motion is not approved, the value of estate will suffer greatly. However, by continuing to maintain its operations and use cash collateral pursuant to the Budget, the Debtor will preserve the value of the Estate for the benefit of creditors.

**II.**

**DISCUSSION**

A debtor-in-possession's use of estate property is generally governed by 11 U.S.C.

Arent Fox LLP
Attorneys At Law
Los Angeles

AFDOCS/21503696.1

Section 363, which provides in pertinent part:

> "If the business of the debtor is authorized to be operated under section ... 1108 ... of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing."

11 U.S.C. § 363(c)(1). Section 363(c)(2) goes on to establish a special requirement with respect to cash collateral, providing that a debtor-in-possession may use cash collateral under subsection (c)(1) if: "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section." 11 U.S.C. §§ 363(c)(2)(A) and (B) (emphasis added). Further, upon the request of an entity that has an interest in property proposed to be used, the court shall prohibit or condition such use "as is necessary to provide adequate protection of such interest." 11 U.S.C. §363(e).

A.  **The Motion Should Be Approved Because Secured Creditors are Adequately Protected**

"While the term "adequate protection" is not defined in the Code, 11 U.S.C. § 361 sets forth three non-exclusive examples of what may constitute adequate protection: 1) periodic cash payments equivalent to decrease in value, 2) an additional or replacement lien on other property, or 3) other relief that provides the indubitable equivalent." *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). A secured interest only requires protection to the extent that the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property." *United Savings Ass'n of Texas v. Timbers of Inwood Forests Assocs., Ltd.*, 484 U.S. 365, (1988) (quoting the statute).

Here, secured creditors are adequately protected. First, granting of the Replacement Liens ensures that the secured creditors are adequately protected. Second, the payments set forth in the Budget are only for actual, reasonable, and necessary expenses related to the management, operation, maintenance of the shopping center, and the ongoing business operations and receipt of rental income therefrom will adequately protect and preserve the value of their security interests – i.e. the underlying property. Lastly, there is equity in the property above and beyond what

- 6 -

secured creditors are owed which should further protect the secured creditors.

Further, under Section 363(c)(2) of the Bankruptcy Code, the Court may authorize the use of a secured creditor's cash collateral if the secured creditor consents to the use of cash collateral or is adequately protected. The Debtor anticipates working closely with the senior secured lender, G450 LLC, to enter into a stipulation for use of cash collateral which may entail reasonable adequate protection payment as necessary, and the Debtor will supplement this Motion if such an agreement is reached. Additionally, the Debtor does not anticipate any opposition to the use of cash collateral pursuant to the terms set forth herein. Therefore, to the extent the use is not opposed, the affected creditors should be deemed to consent to the use requested herein.

The Debtor has complied with the procedural requirements for obtaining approval of cash collateral use. Federal Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 set forth procedural requirements for obtaining approval of a cash collateral use. Here, the Budget is attached to the Laski Declaration as Exhibit 4 thereto and again as **Exhibit 1** to this Motion, and a proposed form of order is also attached to this Motion as **Exhibit 2**. As required, this Motion begins with a concise statement of the relief requested that summarizes, and sets out the material provisions of the proposed cash collateral usage. And pursuant to Local Bankruptcy Rule 4001-2(a), a copy of the mandatory Local Bankruptcy Form 4001-2 will be filed concurrently herewith.

**B.    Emergency Relief Is Proper and Necessary**

Section 363(c)(3) of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules provide the bases for immediate relief for use of cash collateral, and permits the Court to hold a preliminary hearing for that purpose.

As explained by the Ninth Circuit:

> In certain circumstances the entire reorganization effort may be thwarted if emergency relief is withheld and that reorganization under the Bankruptcy Code is a perilous process, seldom more so than at the outset of the proceedings when the debtor is often without sufficient cash flow to fund essential business operations.

*In re Center Wholesale, Inc.*, 759 F.2d 1440, 1449 at n. 21 (9th Cir. 1985) (citing *In re Sullivan Ford Sales*, 2 B.R. 350, 355 (Bankr. D. Me.1980) (internal quotations omitted).

Here, emergency use of cash collateral pursuant to the Budget is necessary for the Debtor

- 7 -

to continue its operation of the shopping center, and without such exigent relief, the Debtor will be not be able to maintain the premises to the detriment of creditors and its tenants.

**C.     Manner and Form of Notice**

The Debtor will provide notice of filing of this Motion to: (a) the United States Trustee; (b) all secured creditors in this case; (c) the 20 largest unsecured creditors; and (d) all entities entitled to special notice. Due to the nature of the relief requested, the Debtor respectfully submits that this service complies with Federal Bankruptcy Rule 4001(b) and (c) and no further notice of this Motion is required.

### III.

### CONCLUSION

**WHEREFORE**, based on the foregoing Motion and Memorandum of Points and Authorities and the supporting Laski Declaration; the Budget filed concurrently herewith; the notice of the Motion; all pleadings and records on file in this case; all matters that are subject to judicial notice; and all other evidence that may be introduced at or prior to any hearing on this Motion, the Debtor respectfully requests this Court enter an order: (1) granting the Motion; (2) authorizing the Debtor's use of cash collateral through and including April 4, 2020 pursuant to the Budget; and (3) granting any and other further relief as may be necessary and appropriate.

Dated: January 10, 2020                **ARENT FOX LLP**

By: */s/ Aram Ordubegian*
    Aram Ordubegian
    M. Douglas Flahaut
    Christopher K.S. Wong
    *Proposed* General Bankruptcy and Restructuring
    Counsel for Debtor and Debtor-In-Possession

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

AFDOCS/21503696.1

# EXHIBIT 1

# 450 S Western LLC
## Weekly Cash Forecast

| | January 2020 | | | | | February 2020 | | | | | March 2020 | | | | | | Grand |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Beginning ---------> | 1/10/20 | 1/12/20 | 1/19/20 | 1/26/20 | Total | 2/2/20 | 2/9/20 | 2/16/20 | 2/23/20 | Total | 3/1/20 | 3/8/20 | 3/15/20 | 3/22/20 | 3/29/20 | Total | Total |
| Week Ended ---------------> | 1/11/20 | 1/18/20 | 1/25/20 | 2/1/20 | 3 week | 2/8/20 | 2/15/20 | 2/22/20 | 2/29/20 | 4 week | 3/7/20 | 3/14/20 | 3/21/20 | 3/28/20 | 4/4/20 | 5 week | 13 week |
| | Actual | Actual | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast |
| **OPENING OPERATING CASH BALANCE** | 11,346 | 11,346 | 218,220 | 153,920 | 11,346 | 65,970 | 21,870 | 240,844 | 201,044 | 65,970 | 95,194 | 51,594 | 271,068 | 237,368 | 206,368 | 95,194 | 11,346 |
| **RECEIPTS** | | | | | | | | | | | | | | | | | |
| Gaju Market Corp | | 169,152 | | | 169,152 | | 169,152 | | | 169,152 | | 169,152 | | | | 169,152 | 507,456 |
| Kreation Enterprise Corp | | 35,136 | | | 35,136 | | 35,136 | | | 35,136 | | 35,136 | | | | 35,136 | 105,408 |
| Other tenants | | 56,636 | | | 56,636 | | 67,136 | | | 67,136 | | 67,136 | | | | 67,136 | 190,908 |
| Parking | | | | | - | | | | | - | | | | | | - | - |
| Other | | | | | | | | | | | | | | | | | |
| **Gross Cash Receipts** | - | 260,924 | - | - | 260,924 | - | 271,424 | - | - | 271,424 | - | 271,424 | - | - | - | 271,424 | 803,772 |
| **EXPENSES** | | | | | | | | | | | | | | | | | |
| Payroll and Payroll Taxes - Office | | | 3,200 | | 3,200 | 3,200 | | 3,200 | | 6,400 | 3,200 | | 3,200 | | 3,200 | 9,600 | 19,200 |
| Payroll and Payroll Taxes - Food Court | | | 3,700 | | 3,700 | 3,700 | | 3,700 | | 7,400 | 3,700 | | 3,700 | | 3,700 | 11,100 | 22,200 |
| CFO/COO - Joshua Park | | | 23,500 | | 23,500 | 23,500 | | | | 23,500 | 23,500 | | | | | 23,500 | 70,500 |
| CRO Fees | | 8,500 | 8,500 | 8,500 | 25,500 | 7,500 | 7,500 | 7,500 | 7,000 | 29,500 | 7,000 | 7,000 | 7,000 | 7,000 | 6,500 | 34,500 | 89,500 |
| Advertising & Marketing | | | 1,000 | | 1,000 | | 1,000 | | | 1,000 | | 1,000 | | | | 1,000 | 3,000 |
| Bank Service Charges | | | | 250 | 250 | | | | 250 | 250 | | | | | 250 | 250 | 750 |
| Delivery - FedEx & Messenger | | 150 | | | 150 | | 150 | | | 150 | | 150 | | | | 150 | 450 |
| Dues & Subscriptions | | 100 | | | 100 | | 100 | | | 100 | | 100 | | | | 100 | 300 |
| Food Court Expense | | 2,200 | 2,200 | 2,200 | 6,600 | 2,200 | 1,600 | 2,200 | 1,600 | 7,600 | 2,200 | 1,600 | 2,200 | 1,600 | 2,200 | 9,800 | 24,000 |
| Insurance Expense | | | 6,400 | | 6,400 | | | 6,400 | | 6,400 | | | | 6,400 | | 6,400 | 19,200 |
| Office Supplies | | 100 | | | 100 | | 100 | | | 100 | | 100 | | | | 100 | 300 |
| Maintenance: | | | | | | | | | | | | | | | | | |
| Cleaning | | | | 9,000 | 9,000 | | | | 9,000 | 9,000 | | | | | 9,000 | 9,000 | 27,000 |
| Elevator & Escalator | | | 5,500 | | 5,500 | | | 5,500 | | 5,500 | | | 5,500 | | | 5,500 | 16,500 |
| Gardening Service | | | 2,500 | | 2,500 | | | 2,500 | | 2,500 | | | 2,500 | | | 2,500 | 7,500 |
| Pest Control | | | 300 | | 300 | | | 300 | | 300 | | | 300 | | | 300 | 900 |
| Repair | | 1,000 | | | 1,000 | | 1,000 | | | 1,000 | | 1,000 | | | | 1,000 | 3,000 |
| Trash Service | | | 3,500 | | 3,500 | | | 3,500 | | 3,500 | | | 3,500 | | | 3,500 | 10,500 |
| Security Service | | | | 12,000 | 12,000 | | | | 12,000 | 12,000 | | | | 12,000 | | 12,000 | 36,000 |
| Taxes & Licenses: | | | | | | | | | | | | | | | | | |
| Property Tax | | | | | - | | | | | - | | | | | | - | - |
| LLC Franchise Tax | | | | | - | | | | | - | | | 800 | | | 800 | 800 |
| LA City Business Tax | | | | | - | | | | 20,000 | 20,000 | | | | | | - | 20,000 |
| Utilities Building - DWP | | 36,000 | | | 36,000 | | 36,000 | | | 36,000 | | 36,000 | | | | 36,000 | 108,000 |
| Utilities Food Court - DWP | | 2,000 | | | 2,000 | | 2,000 | | | 2,000 | | 2,000 | | | | 2,000 | 6,000 |
| Utilities - Waste Management | | | | 2,000 | 2,000 | | | | 2,000 | 2,000 | | | | | 2,000 | 2,000 | 6,000 |
| Miscellaneous | | 4,000 | 4,000 | 4,000 | 12,000 | 4,000 | 4,000 | 4,000 | 4,000 | 16,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 20,000 | 48,000 |
| **Total Cash Expenses** | - | 54,050 | 64,300 | 37,950 | 156,300 | 44,100 | 52,450 | 39,800 | 55,850 | 192,200 | 43,600 | 51,950 | 33,700 | 31,000 | 30,850 | 191,100 | 539,600 |
| **Net Operating Cash Flow** | - | 206,874 | (64,300) | (37,950) | 104,624 | (44,100) | 218,974 | (39,800) | (55,850) | 79,224 | (43,600) | 219,474 | (33,700) | (31,000) | (30,850) | 80,324 | 264,172 |
| **Debt & Nonoperating Expenses** | | | | | | | | | | | | | | | | | |
| Adequate Protection Payments: | | | | | | | | | | | | | | | | | |
| G450 LLC (Proposed) | | | | 50,000 | 50,000 | | | | 50,000 | 50,000 | | | | | 50,000 | 50,000 | 150,000 |
| Pontis Capital, LLC | | | | | - | | | | | - | | | | | | - | - |
| Five West Capital, LP | | | | | - | | | | | - | | | | | | - | - |
| Evergreen Capital Asset | | | | | - | | | | | - | | | | | | - | - |
| LA County Treasurer - Property Tax | | | | | - | | | | | - | | | | | | - | - |
| Professional Fees - Attorneys | No Cash Payments during first 13 weeks | | | | - | | | | | - | | | | | | - | - |
| Professional Fees - CPA | No Cash Payments during first 13 weeks | | | | - | | | | | - | | | | | | - | - |
| US Trustee Fees | No Cash Payments during first 13 weeks | | | | - | | | | | - | | | | | | - | - |
| **Total Other Expenses** | - | - | - | 50,000 | 50,000 | - | - | - | 50,000 | 50,000 | - | - | - | - | 50,000 | 50,000 | 150,000 |
| **Ending Operating Cash Balance** | 11,346 | 218,220 | 153,920 | 65,970 | 65,970 | 21,870 | 240,844 | 201,044 | 95,194 | 95,194 | 51,594 | 271,068 | 237,368 | 206,368 | 125,518 | 125,518 | 125,518 |
| **Cash Accounts - Ending Balance** | | | | | | | | | | | | | | | | | |
| Operating Account (Pacific City -0917) | 11,346 | 218,220 | 153,920 | 65,970 | | 21,870 | 240,844 | 201,044 | 95,194 | | 51,594 | 271,068 | 237,368 | 206,368 | 125,518 | | 125,518 |
| Settlement Trust Account (DMS Law) | 747,742 | 747,742 | 747,742 | 747,742 | | 747,742 | 747,742 | 747,742 | 747,742 | | 747,742 | 747,742 | 747,742 | 747,742 | 747,742 | | 747,742 |
| Checking Other (Pacific City -0081) | 254 | 254 | 254 | 254 | | 254 | 254 | 254 | 254 | | 254 | 254 | 254 | 254 | 254 | | 254 |
| **Ending Cash Balances** | 759,342 | 966,216 | 901,916 | 813,966 | | 769,866 | 988,840 | 949,040 | 843,190 | | 799,590 | 1,019,064 | 985,364 | 954,364 | 873,514 | | 873,514 |

# EXHIBIT 2

Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
Emails:    aram.ordubegian@arentfox.com
            douglas.flahaut@arentfox.com
            christopher.wong@arentfox.com

*Proposed* General Bankruptcy and Restructuring
Counsel for Debtor and Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**450 S. WESTERN, LLC, a California Limited Liability Company**<br><br>Debtor and Debtor-in-Possession | Case No. 2:20-bk-10264-ER<br><br>Chapter 11<br><br>**[PROPOSED] INTERIM ORDER APPROVING USE OF CASH COLLATERAL**<br><br>Emergency Cash Collateral Hearing:<br>Date:    [TBD]<br>Time:    [TBD]<br>Place:    Courtroom 1568<br>            255 E. Temple St.,<br>            Los Angeles, CA 90012 |

IN THIS DISTRICT, AT LOS ANGELES, CALIFORNIA, ON THE DATE INDICATED BELOW:

A hearing on the *Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral* (the "Motion") filed by 450 S. Western, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") was held on _____, 2020.  Aram Ordubegian appeared on behalf of the Debtor and all other appearances were noted on the record. The Court having reviewed and considered the Motion, the first day declaration of Richard J. Laski in support of the Motion and the proposed budget attached thereto (the "Budget"), the record in the above-captioned case, and the arguments and statements of counsel made at the

- 10 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503696.1

hearing; and it appearing that the Court has jurisdiction over this matter, that notice of the Motion was sufficient and appropriate and no further notice must be given, and for other good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis; and

2. The Debtor may use cash collateral through _____, 2020 on an interim basis pursuant to the Budget and pursuant to the terms set forth in the Motion.

3. The Debtor is permitted to make disbursements not to exceed 115% of the aggregate amounts contained in the Budget, with all budget savings carried over and available to the Debtor for use in subsequent months.

4. The final hearing on this Motion is schedules for _____, 2020 at __:__ _.p.

### 

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503696.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/10/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **1/10/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/10/2020 | AYLIN SOOKASSIANS | /s/ Aylin Sookassians |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                     **F 9013-3.1.PROOF.SERVICE**

AFDOCS/21534468.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Aram Ordubegian on behalf of Debtor 450 S. Western, LLC, a California limited liability company
ordubegian.aram@arentfox.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

**SECURED CREDITORS**

Evergreen Capital Assets LP
c/o Kevin Hughes
Foundation Law
2049 Century Park East, #2460
Los Angeles, CA 90067

Five West Capital, LP
440 S. Vermont #301
Los Angeles, CA 90020

G450 LLC
c/o Jason S. Kim, Esq
Blank Rome LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054

Pontis Capital, LLC
c/o Jason S. Kim, Esq.
Blank Rome LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067

**20 LARGEST UNSECURED CREDITORS**

BMB Medical
450 S Western Ave. #205
Los Angeles, CA 90020

Belmont Two Investments Holdings
LLC and Admire Capital Lending, LLC
c/o S. Young Lim, Esq
3530 Wilshire Blvd., Suite 1300
Los Angeles, CA 90010

Bornga
450 S Western Ave. #308-312
Los Angeles, CA 90020

Buet
450 S Western Ave. #305 FC3
Los Angeles, CA 90020

David S. Kim & Associates
3731 Wilshire Blvd. #910
Los Angeles, CA 90010

Eunice Y. Tak
c/o Dan Lee
METAL Law Group, LLP
725 S. Figueroa St., Suite 3065
Los Angeles, CA 90017

Gaju Nail
450 S. Western Ave. #201
Los Angeles, CA 90020

Hyung Hoon
450 S Western Ave. #305 FC1
Los Angeles, CA 90020

JD Plumbing Development, Inc.
6705 Waring Ave. #1
Los Angeles, CA 90038

King Donkatsu
450 S Western Ave. #305 FC4
Los Angeles, CA 90020

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                       F 9013-3.1.PROOF.SERVICE

AFDOCS/21534468.1

| | |
|---|---|
| Kirsch Kohn & Bridge LLP<br>21550 W Oxnard St #200<br>Woodland Hills, CA 91367 | Sino-US Investment and Management Consultant Limited<br>c/o Felix Woo, Dentons US LLP<br>601 South Figueroa Street, Ste 2500<br>Los Angeles, CA 90017 |
| Kreation Enterprise Corp.<br>450 S Western Ave. #201<br>Los Angeles, CA 90020 | SoCal Lien Solution, LLC<br>c/o Sagar Parikh Beverly Hills Law Corp.<br>433 N. Camden Drive, 6th Floor<br>Beverly Hills, CA 90210 |
| Mealtop<br>450 S Western Ave. #307<br>Los Angeles, CA 90020 | |
| New Creation Engineering and Builders, Inc.<br>17809 Clark Ave.<br>Bellflower, CA 90706 | Square Mixx LA, Inc.<br>c/o Dan Lee<br>METAL Law group, LLP<br>725 S. Figueroa St., Suite 3065<br>Los Angeles, CA 90017 |
| One Stop Financial Consulting, Inc.<br>c/o Kim, Shapiro, Park & Lee APLC<br>3435 Wilshire Blvd. #2050<br>Los Angeles, CA 90010 | Ye Teahouse<br>450 S Western Ave. #315<br>Los Angeles, CA 90020 |
| Philmont Management Inc.<br>3450 Wilshire Blvd #850<br>Los Angeles, CA 90010 | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                         F 9013-3.1.PROOF.SERVICE

AFDOCS/21534468.1