1  Aram Ordubegian (SBN 185142)
   M. Douglas Flahaut (SBN 245558)
2  Christopher K.S. Wong (SBN 308048)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:    213.629.7400
   Facsimile:    213.629.7401
5  Emails:    aram.ordubegian@arentfox.com
              douglas.flahaut@arentfox.com
6              christopher.wong@arentfox.com

7  General Bankruptcy and Restructuring Counsel for
   Debtor and Debtor-In-Possession
8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11             **LOS ANGELES DIVISION**

12 | In re | Case No. 2:20-bk-10264-ER |

13 | **450 S. WESTERN, LLC, a California Limited Liability Company,** | Chapter 11 |

14 | | **MOTION TO APPROVE SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE WITH DADREAM, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD J. LASKI IN SUPPORT THEREOF** |

15 | Debtor and Debtor-in-Possession. |

16 |

17 |

18 | | *[No Hearing Required Unless Requested Pursuant to Local Bankr. R. 9013-1(o)]* |

19

20      TO    THE    HONORABLE    ERNEST    M.    ROBLES,    UNITED    STATES

21 **BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

22      450 S. Western, LLC, as debtor and debtor-in-possession in the above-captioned chapter

23 11 case ("450 S. Western" or "Debtor") hereby submits this motion (the "Motion") for an order,

24 pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"),

25 approving its compromise with DaDream, Inc. ("DaDream") as memorialized in the *Settlement

26 Agreement and Mutual General Release* (the "Agreement").  An executed copy of the Agreement

27 is attached to the Declaration of Richard J. Laski (the "Laski Declaration") as **Exhibit 1**.

28      This Motion is based upon 11 U.S.C. § 105, Bankruptcy Rule 9019(a), and Rules 9013-1

1  and 9019-1 of the Local Bankruptcy Rules; the annexed Memorandum of Points and Authorities

2  and the Laski Declaration; the Notice of the Motion which is served upon all interested parties

3  pursuant to Bankruptcy Rule 2002(a); all pleadings and records on file herein; all matters which

4  are subject to judicial notice; and all other evidence which may be introduced at or prior to any

5  hearing on this Motion.

6    **WHEREFORE**, the Debtor respectfully requests this Court to enter an order:

7    1. Approving the Agreement as being in the best interest of the estate and an exercise

8  of the Debtor's reasonable business judgment;

9    2. Finding that the Agreement entered into by the parties is a good faith settlement

10  and that the order approving the same is binding on the estate and all creditors and parties-in-

11  interest;

12    3. Approving the form of the Agreement, a copy of which is attached to the Laski

13  Declaration as **Exhibit 1**;

14    4. Authorizing the Debtor to execute any and all documents and take any and all

15  actions necessary to effectuate the Agreement; and

16    5. Granting any and other further relief as may be just and proper.

17

18  Dated: May 15, 2020     **ARENT FOX LLP**

19

20

21          By: */s/ Christopher K.S. Wong*

22            Christopher K.S. Wong
          General Bankruptcy and Restructuring Counsel

23            for Debtor and Debtor-In-Possession

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

This Motion concerns a landlord-tenant dispute between the Debtor and DaDream. Alleging that the Debtor committed material prepetition breach by failing to provide certain disclosures, DaDream wishes to effectuate an early termination of the lease. Recognizing early on that it would be cost-prohibitive to litigate the issues, the Debtor, in exercising its business judgment, entered into the Agreement attached to the Laski Declaration as **Exhibit 1**. The salient terms of the parties' compromise, as explained below, will result in a true "walk-away", whereby DaDream and the Debtor will mutually release all claims each holds or may hold against the other, which importantly, includes DaDream's release of potential claims totaling at least $106,782.89 for reimbursement of build-out costs and return of the security deposit and the first month's rent. Therefore, as demonstrated by the Debtor's below application of the Ninth Circuit's *A&C Properties* factors, the Agreement is in the best interest of the estate and should be approved by the Court.

## II.

## BACKGROUND

### A. The Debtor and the Bankruptcy Filing

450 S. Western is the owner and operator of the three-story, 80,316 sq. ft. shopping center located at the intersection of South Western Avenue and 5th Street in the heart of Koreatown, California. 450 S. Western has been a staple in the Los Angeles Korean community and is home to twenty-eight (28) thriving and popular stores, restaurants, and retail shops. Since the center's completion in 2015, 450 S. Western's mission has been to be more than a shopping center, but to serve as an entertainment and shopping hub for the Korean community in Los Angeles. The California Marketplace has been referred to as the Korean community's "Grove" or "Americana" projects in mid-Los Angeles and Glendale, respectively. Presently, the Debtor has approximately six (6) employees, and the Debtor has hired Richard J. Laski of Wilshire Partners of CA, LLC as its Chief Restructuring Officer, who is running the affairs of the Debtor's reorganization and

1    business.[1]

2         Due to its prime location and prime tenants, 450 S. Western has historically been

3    profitable and continues to be profitable.  The first floor is occupied by its key tenant, "Gaju

4    Market" (translated as "California Market"), a high-end Korean grocery store which is also

5    owned by the Rhee family.

6         Notwithstanding the Debtor's operating strengths, the Debtor suffers from a heavy debt

7    load, owing to the following factors as detailed in the first day declaration of Richard J. Laski

8    [Dkt. No. 7] (the "First Day Declaration"), including (a) accruing legal expenses allocated to the

9    Admire and Belmont Action (defined below) and related litigations, (b) the threat of foreclosure

10   by secured lenders and their recorded notices of default, (c) a pending application to appoint a

11   receiver, and (d) adversaries that continually shift the goal post in order to avoid receiving

12   payment so as to take title to the building.  As such, the Debtor decided it would commence a

13   chapter 11 case by filing its voluntary petition for relief under chapter 11 of the Bankruptcy Code

14   on January 10, 2020 (the "Petition Date").

15   **B.**    **The Instant Dispute with DaDream**

16        Pursuant to a commercial lease entered into on or about July 23, 2019 (the "Lease"),

17   DaDream is the lessee of Units 309, 310, 311, and 312 of the 450 South Western Avenue

18   shopping center (the "Premises").   The intended use of the Premises is for the operation of a

19   Korean barbeque restaurant under the franchise name "Bornga."  In connection with the Lease,

20   the Debtor was provided and is currently in possession of a security deposit totaling

21   approximately $30,851.30 (the "Security Deposit").

22        While the Lease term is not set to expire until July 31, 2026, DaDream contends it is

23   entitled to terminate the Lease based on Debtor's alleged failure to disclose two issue which

24   rendered its restaurant floor plan infeasible.  First, DaDream asserts that the Debtor failed to

25   disclose the nature of two load-bearing walls which required relocation. Second, DaDream asserts

26

27   ───────────────
     [1] As discussed in greater detail in the *Motion for Order (1) Approving Engagement Agreement of Wilshire Partners of CA, LLC and (2) Authorizing Monthly Fee Statement Procedures and Payment* [Dkt. No. 3] (the "CRO Motion"),

28   Mr. Laski is a CPA and a financial and turnaround expert that is regularly appointed as an "off-panel" chapter 11 trustee in the Central District of California.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

AFDOCS/22039771.1

1    that Debtor failed to disclose a certain covenant, recorded on October 29, 2015, which

2    purportedly limits the ratio of dining-to-kitchen floor area for the Premises.

3         As a result of the Debtor's prepetition alleged breach of the Lease, DaDream claims to

4    hold a unsecured claim against the estate in the amount of $106,782.89, on account of the

5    Security Deposit of $30,851.30, the first month's rent under the Lease of $24,157.15, and the

6    planning costs and fees associated with building out the Premises of $51,774.44 (collectively, the

7    "Claim").

8         The Debtor disputes DaDream's allegations and contends it has complied with all

9    obligations under the Lease.  Accordingly, the Debtor also disputes the validity of the Claim and

10   its enforceability against the estate.

11   **C.**    <u>**Salient Terms of the Agreement**</u>

12        The Debtor and DaDream have agreed to a "walkaway" from the Lease.  Upon obtaining

13   the Court's approval of the Agreement attached to the Laski Declaration as **Exhibit 1**, DaDream

14   will surrender its possession of the Premises, and the Debtor and DaDream will mutually release

15   any and all claims each holds and may hold against the other.  For avoidance of doubt, DaDream

16   will waive its rights to pursue the Claim against the Debtor and the estate, and to that end will not

17   file a proof of claim in this case.

18        As contemplated in the Agreement, the Debtor has conducted a final walk-through

19   inspection of the Premises and acknowledges that DaDream has left the Premises in a condition

20   satisfactory to the Debtor.

21   **III.**

22   <u>**DISCUSSION**</u>

23   **A.**    <u>**Standard for Approval of Compromise under Fed. R. Bankr. P. 9019(a).**</u>

24        With respect to motions brought by debtors or trustees for approval of settlements,

25   Bankruptcy Rule 9019(a) provides:

26          On motion by the trustee and after notice and a hearing, the court
     may approve a compromise or settlement.  Notice shall be given to
27          creditors, the United States Trustee, the debtor, and indenture
     trustee as provided in Rule 2002 and to any other entity as the court
28          may direct.

1  Bankruptcy Rule 9019 empowers a bankruptcy court to approve a settlement "if [it is] in the best

2  interests of the estate."  *See Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1380-81 (9th

3  Cir. 1986).

4      The approval of such compromise is within the sound discretion of the Court and is to be

5  determined by the particular circumstances of each case, but the Court need not conduct an

6  exhaustive investigation into the validity of the claims to be compromised nor is the court

7  expected to conduct a mini-trial on the merits.  *See United States of America v. Alaska National*

8  *Bank of the North (In re Walsh Construction, Inc.)*, 699 F.2d 1325, 1328 (9th Cir. 1982).

9      In determining the acceptability of a proposed compromise, the following four factors

10  should be considered:

11          (a)     The probability of success in the litigation;
            (b)     The difficulties, if any, to be encountered in the matters of
12                  collections;
            (c)     The complexity of the litigation; the expense,
13                  inconvenience and delay necessarily attending it; and
            (d)     The paramount interest of the creditors and the proper
14                  deference to their reasonable views.

15  *See A&C Properties*, *supra* at 1381.

16      This Court is not required to decide the questions of law and fact in dispute, but instead to

17  canvass the issues to see whether the "settlement falls below the lowest point in a range of

18  reasonableness."  *See In re Solafide, Inc.*, 2008 WL 4362439, *1 (C.D. Cal. 2008) (quoting

19  *Anaconda-Ericsson Inc. (In re Teletronics Services, Inc.)*, 762 F.2d 185, 189 (2d. Cir. 1985)).

20  When applying the above standards, and "[i]n passing upon the proposed settlement, the Court

21  must consider the principle that law favors compromise over continued litigation."  *See A&C*

22  *Properties, supra* at 1381; *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1876).

23      Debtors are generally and properly given broad discretion in deciding how to perform the

24  myriad of duties accorded by the Bankruptcy Code—including the discretion to negotiate

25  settlements and compromises of disputes.  *In re Marples*, 266 B.R. 202 (Bankr. D. Idaho 2001).

26  As such, the compromise approval process does not contemplate that a bankruptcy court will

27  substitute its business judgment for that of a trustee.  *Goodwin v. Mickey Thompson Entm't Grp.,*

28  *Inc. (In re Mickey Thompson Entm't Grp., Inc.)*, 292 B.R. 415, 420 (9th Cir. BAP 2003).  To the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/22039771.1

contrary, a settlement which has been negotiated by a trustee, as representative of the estate, is entitled to deference. *See In re Morrison*, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987) (objecting creditors may not substitute their judgment for that of the trustee). Generally, a compromise should be approved if it is "fair and equitable" and "in the best interests of the estate." *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *see also In re Schmidt*, 215 B.R. 417, 424 (9th Cir. 1997).

**B.** **The Motion Should be Granted as Approval of the Agreement is in the Best Interest of the Estate**

Applying the *A&C Properties* test, the Agreement is well above the lowest point of the range of reasonableness and should therefore be approved.

1. The Probability of Success in the Litigation

While no action has been commenced because of Debtor's efforts to resolve the instant dispute without resorting to litigation, the core issues are whether the Debtor failed disclose the load-bearing walls and the dining-to-kitchen ratio, whether such alleged non-disclosure constitutes a material default under the Lease, and if so, whether or not such default is curable.

The Debtor has considered the materiality of the alleged non-disclosures, and to that end has assessed the costs of relocating the load-bearing walls, and with respect to the covenant which purportedly restricts the dining-to-kitchen ratio for the Premises, the Debtor has independently evaluated the likelihood that the covenant can be removed by submitting a "Termination of Covenant and Agreement" with the Superintendent of Building of the City of Los Angeles. While the Debtor is confident that it would prevail on these issues, it would require substantial fact finding and determinations under California landlord-tenant law that DaDream vigorously disputes. Thus, rather than incurring the costs and expenses of litigating these issues, the Debtor entered into this compromise in the interest of achieving certainty.

The Debtor posits this factor supports approval of the Agreement.

2. The Difficulties, If Any, to Be Encountered in the Matters Of Collections

To the extent the Debtor has claims against DaDream for its termination of the Lease, collection should not be an issue, but the inherent costs in collecting on any judgment will

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

AFDOCS/22039771.1

eliminate the potential upside for the estate and its creditors.

Accordingly, this factor favors approval of the Agreement.

3.   The Complexity of the Litigation; the Expense, Inconvenience and Delay Necessarily Attending It

The rationale behind the public policy favoring pre-trial settlements is that litigation, depending upon its complexity, can occupy a court's docket for years, depleting the resources of the parties while rendering meaningful relief increasingly elusive.  In the bankruptcy context, such litigation costs can be particularly burdensome on the bankruptcy estate and its creditors. *See In re Grau*, 267 B.R. 896 (Bankr. S.D. Fla. 2001).

The compromise reached by the parties relieves the estate of costly and uncertain litigation involving not only the Debtor's prepetition alleged breach of the Lease, but also the costs of a contested claim objection proceeding to determine DaDream's resulting damages and its entitlement to its first month's rent and the Security Deposit.

Because significant attorney's fees and costs and the delay that would arise therefrom would negate or materially minimize any potential benefit of litigation, the Debtor's decision to enter into the Agreement was in exercise of its valid business judgment, and as such should be approved by the Court.

This factor, therefore, strongly supports approval of the Agreement.

4.   The Paramount Interest of the Creditors and the Proper Deference to Their Reasonable Views

The paramount interest of creditors, which a bankruptcy court must consider in deciding whether to approve a proposed compromise, generally reflects not only the desire of creditors to obtain the maximum possible recovery, but also their competing desires that recovery should occur in the least amount of time possible. *See Marples*, *supra*.

The Debtor negotiated the Agreement with the interest of creditors in mind.  In this regard, as material inducement for Debtor's entry in to the Agreement, it is critical that DaDream fully release any and all claims it holds or may hold against the estate, including the Claim for reimbursement of buildout costs and return of the Security Deposit and first month's rent.  In

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1    effect, by obtaining waiver of DaDream's Claim, the general unsecured creditors body will

2    benefit from a greater payout from the Debtor's eventual sale of its assets.

3        It is the Debtor's role to consider the facts and evidence, determine the application of law,

4    and conclude whether a compromise is in the best interests of creditors.  Given the foregoing

5    analysis of the *A&C Properties* factors, it is the Debtor's firm conclusion that the Agreement is in

6    the best interests of creditors, is fair and equitable, and should be approved by this Court.

7                                              **IV.**

8                                    **MANNER AND FORM**

9        The Debtor has given notice of this Motion to all known creditors, parties-in-interest, and

10   the Official Committee of Unsecured Creditors (the "Committee") in this bankruptcy case

11   pursuant to Rules 9019(a) and 2002(a)(3) of the Federal Rules of Bankruptcy Procedure and

12   Rules 9013-1 and 9019-1 of the Local Bankruptcy Rules.  The Debtor believes that such notice

13   constitutes adequate notice and requests that such notice be approved by this Court as being

14   adequate under all of the circumstances.

15                                             **V.**

16                                    **CONCLUSION**

17       **WHEREFORE**, the Debtor respectfully requests this Court to enter an order:

18       1.      Approving the Agreement as being in the best interest of the estate and an exercise

19   of the Debtor's reasonable business judgment;

20       2.      Finding that the Agreement entered into by the parties is a good faith settlement

21   and that the order approving the same is binding on the estate and all creditors and parties-in-

22   interest;

23       3.      Approving the form of the Agreement, a copy of which is attached to the Laski

24   Declaration as **Exhibit 1**;

25       4.      Authorizing the Debtor to execute any and all documents and take any and all

26   actions necessary to effectuate the Agreement; and

27       5.      Granting any and other further relief as may be just and proper.

28                            *[Signature on the Following Page]*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/22039771.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  May 15, 2020                    **ARENT FOX LLP**


                              By:   */s/ Christopher K.S. Wong*
                                    Christopher K.S. Wong
                                    General Bankruptcy and Restructuring Counsel
                                    for Debtor and Debtor-In-Possession

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/22039771.1

## DECLARATION OF RICHARD J. LASKI

I, Richard J. Laski, declare that:

1.      I am over 18 years of age.  If called as a witness, I could and would competently testify with respect to the matters set forth in this declaration (the "Declaration") from my own personal knowledge or from knowledge gathered from others within the Debtor's organization and the Debtor's advisors, my review of relevant documents, or my opinion based upon my experience concerning the Debtor's operations.

2.      I am the Chief Restructuring Officer of 450 S. Western, LLC, I submit this Declaration in support of the foregoing *Motion to Approve Settlement Agreement and Mutual General Release with DaDream, Inc.* (the "Motion").  Capitalized terms not defined in this Declaration are defined in the foregoing Motion.

3.      I have reviewed the Motion and except for those matters stated upon information and belief, I know the facts represented therein, which are known to me to be true.  If called as a witness, I could and would competently testify thereto.

4.      Attached hereto as **Exhibit 1** is a true and correct executed copy of the Agreement.

5.      In entering into the Agreement, I have considered the circumstances surrounding the Debtor's pending disputes with DaDream.  I have evaluated the costs and benefits of attempting to litigate such disputes, as well as the practicality of curing alleged defaults in the Lease, including removal of the load-bearing walls and termination of the covenant which purportedly limits the dining-to-kitchen ratio for the Premises.

6.      As set forth in the Motion, I have determined that entering into the Agreement is in the best interest of the estate and its creditors.  I therefore submit that the Agreement is within the "range of reasonableness" required by the Ninth Circuit, and that the compromise reached is a result of extensive arms-length negotiations between the parties.

///

///

///

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

AFDOCS/22039771.1

1       7.    The Debtor has conducted a final walk-through inspection of the Premises and

2  acknowledge that DaDream has left the Premises in a condition satisfactory to the Debtor.

3       I declare under penalty of perjury under the laws of the United States of America that the

4  foregoing is true and correct.

5

6       Executed this 4TH day of May 2020, at Pasadena, California.

7

8                                      Richard J. Laski

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

AFDOCS/22039771.1

EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into by and between DaDream, Inc. ("Tenant") and 450 S. Western, LLC, as debtor and debtor-in-possession ("Debtor"). Tenant and Debtor are collectively referred to hereinafter as the "Parties" or individually as a "Party".

## RECITALS

The Parties enter into this Agreement with reference to the following facts:

1.      Tenant and Debtor are parties to a certain commercial lease agreement ( the "Lease") dated July 23, 2019, covering premises located at 450 S. Western Avenue, Suites 309, 310, 311, 312, Los Angeles, California 90020 (the "Premises"), for the operation of a Korean barbeque restaurant. In connection with the Lease, Debtor is in possession of a security deposit totaling approximately $30,851.30 (the "Security Deposit").

2.      On or about January 10, 2020, Debtor filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") as Case No. 2:20-bk-10264-ER.

3.      The term under the Lease will not expire until July 31, 2026 (the "Lease Term"); however, Tenant now desires to terminate the Lease early, and Landlord desires to accept such early termination of the Lease and Tenant's surrender of all rights under the Lease and possession of the Premises as provided herein.

4.      It is Debtor's position that it has complied with all obligations under the Lease and that Tenant has an obligation to perform under the Lease.

5.      It is Tenant's position that prepetition Debtor breached the Lease by failing to disclose two issue which rendered its existing floor plan infeasible. First, Tenant asserts that Debtor failed to disclose the nature of two load-bearing walls which required relocation. Second, Tenant asserts that Debtor failed to disclose a certain covenant, recorded on October 29, 2015, which purportedly limits the ratio of dining to kitchen floor area for the Premises.

6.      It is Tenant's position that it holds a prepetition unsecured claim against Debtor in the amount of $106,782.89 on account of the Security Deposit of $30,851.30, the first month's rent under the Lease of $24,157.15 and the planning costs and fees associated with building out the Premises of $51,774.44 (the "Claim") and that such statement herein constitutes an informal proof of claim against Debtor.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, and for other good and valuable consideration, the Parties hereby agree as follows:

## TERMS OF AGREEMENT

### Incorporation of Recitals

7.      The Recitals set forth above are not only recitals but form an integral part of this Agreement, and are true and correct statements of fact and are incorporated herein by this reference.

## Consideration

8.      The Parties acknowledge that the promises, covenants, and incorporated Recitals constitute good and adequate consideration.

## Bankruptcy Court Approval

9.      The Parties agree that that this Agreement will only be binding on the Parties if it is approved by the Bankruptcy Court.  Upon the full execution of this Agreement, Debtor will promptly file a motion to request the Bankruptcy Court to issue an order approving and authorizing the terms and conditions of this Agreement (the "Approval Order").  The Parties agree that the rights and obligations of the Parties arising under this Agreement are specifically conditioned upon entry of an Approval Order.

## Termination of Lease and Surrender of Premises

10.      Subject to the terms and conditions of this Agreement, and in consideration of the mutual promises contained herein, the Lease term shall terminate and Tenant shall surrender all rights under the Lease and possession of the Premises, and Landlord shall accept such surrender of the Premises, effective as of 5:00 p.m. (Pacific Time) on the Monday following the entry of the Approval Order (the "Termination Date"). All obligations of each Party under the Lease shall cease as of the Termination Date.

11.      Tenant shall surrender possession of the Premises no later than the Termination Date.  By executing this Agreement, Landlord acknowledges that (i) Landlord and Tenant have conducted a walk-through inspection of the Premises, (ii) Tenant has left the Premises in a condition satisfactory to Landlord, and (iii) Tenant has turned over the keys to the Premises to Landlord.  For the avoidance of doubt, notwithstanding Tenant turning over the keys to the Premises to Landlord prior to the Termination Date, Tenant shall retain its right to possession of the Premises until the Termination Date.

12.      On or before the Termination Date, Debtor agrees to remove from the Premises any and all advertisements bearing the Bornga mark.

## Releases by Debtor

13.      Effective upon entry of the Approval Order, Debtor shall be deemed to waive, withdraw, release, remise, forgive, acquit, settle, compromise and forever discharge Tenant, including all of its past and present directors, partners, parents, shareholders, affiliates, officers, members, employees, managers, agents, attorneys, representatives, successors, from any and all claims, demands, rights to payments, actions, causes of action, avoidance actions, debts, liabilities, rights, damages, costs, attorney's fees, expenses, or losses of every kind or nature whatsoever, arising from, related to or connected with the Lease and/or the Premises, the Tenant's use and/or occupancy of the Premises, or the Termination of the Lease and surrender of the Premises, and Debtor's interactions with Tenant, whether known or suspected, unknown or unsuspected, anticipated or unanticipated, liquidated or unliquidated, direct or indirect, fixed or contingent, secured, unsecured or priority, which may presently exist or arise in the future, in law or in equity (collectively, the "Debtor Released Claims").  Except for litigation to enforce the terms of this Agreement, Debtor hereby covenants and agrees that it will not initiate, prosecute, or maintain any proceeding or give advice or assistance in relation to any proceeding which arises out of, or is or may be, in whole or in part, based upon, related to, or connected with the Debtor Released Claims.  Notwithstanding anything to the contrary herein, this release does not apply to any rights, claims, obligations or privileges arising under this Agreement.

## Releases by Tenant

14.     Effective upon entry of the Approval Order, Tenant shall be deemed to waive, withdraw, release, remise, forgive, acquit, settle, compromise and forever discharge Debtor, including all of its past and present directors, partners, parents, shareholders, affiliates, officers, members, employees, managers, agents, attorneys, representatives, successors, from any and all claims, demands, rights to payments, actions, causes of action, avoidance actions, debts, liabilities, rights, damages, costs, attorney's fees, expenses, or losses of every kind or nature whatsoever, arising from, related to or connected with the Lease and/or the Premises, the Tenant's use and/or occupancy of the Premises, or the Termination of the Lease and surrender of the Premises, and Tenant's interactions with Debtor, whether known or suspected, unknown or unsuspected, anticipated or unanticipated, liquidated or unliquidated, direct or indirect, fixed or contingent, secured, unsecured or priority, which may presently exist or arise in the future, in law or in equity, including without limitation the Claim and the Security Deposit (collectively, the "Tenant Released Claims").  Tenant agrees that this release shall operate as a complete bar to any such Tenant Released Claims.  Except for litigation to enforce the terms of this Agreement, Tenant hereby covenants and agrees that it will not initiate, prosecute, or maintain any proceeding or give advice or assistance in relation to any proceeding, which arises out of, or is or may be, in whole or in part, based upon, related to, or connected with the Tenant Released Claims. Notwithstanding anything to the contrary herein, this release does not apply to any rights, claims, obligations or privileges arising under this Agreement.

## Waiver of Claims by Tenant

15.     As material inducements for the releases granted to Tenant in the preceding paragraph, Tenant hereby agrees to specifically (i) waive all rights whatsoever to further participate in the above-titled chapter 11 case, including without limitation, agreeing to not file any proof(s) of claim, the filing of which will be immediately deemed void; (ii) waive all rights whatsoever to any portion of the Security Deposit, which shall be retained by Debtor; and (iii) waive all rights whatsoever with respect to the Claim.

## Waiver of Statutory Rights

16.     The Parties hereby acknowledge that the releases provided in Paragraphs 13 and 14 of this Agreement are fully binding in accordance with their terms notwithstanding California Civil Code Section 1542 and/or any similar state or federal law, and hereby waive all rights that may exist thereunder. California Civil Code Section 1542 provides as follows:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

## Representations and Warranties

17.     Each Party represents and warrants that:

        (a)     It has had the benefit and advice of independent counsel in connection with this Agreement;

        (b)     This Agreement is executed without reliance on any statement, representation, promise, inducement, understanding, or agreement by or on behalf of any other Party or by or on behalf of

any representative or agent employed by any of them, other than the matters expressly set forth herein;

   (c)  No promise, inducement, understanding or agreement not expressed herein has been made to or with any Party, and this Agreement contains the entire written agreement between the Parties;

   (d)  This Agreement is the product of the efforts of the Parties and, as a result, it will not be construed, and no presumption will arise, based upon who drafted this Agreement;

   (e)  No claim or obligation referred to or released in this Agreement has been assigned, transferred, hypothecated, pledged, mortgaged, or set over in any manner whatsoever, in whole or in part, to any third person, and each Party has the sole and exclusive right to release all of the claims and obligations described and released in this Agreement;

   (f)  Each of the Parties has all corporate power and authority to perform its obligations hereunder and to consummate the terms of the Agreement;

   (g)  The terms of this Agreement are contractual and not mere recital; and

   (h)  The various headings in this Agreement are inserted for convenience only and shall not affect this Agreement or any provisions hereof.

### No Admission of Liability

18.  This Agreement effects the settlement of claims that are contested, and nothing contained herein shall be construed as an admission by any Party of any liability of any kind to any other Party or to any other person or entity.

### Governing Law

19.  Each Party agrees that this Agreement shall be governed by and interpreted under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and, where appropriate, the laws of the State of California.

### Further Assurances

20.  The Parties agree to take such action and to execute any and all further documents that may be reasonably necessary or appropriate to effectuate the provisions of this Agreement.

### Execution in Counterparts

21.  This Agreement may be signed in counterparts by the Parties and shall be valid and binding on each Party as if fully executed in a single document.

### Execution by Fax Signatures

22.  This Agreement may be signed by fax transmission or by scanned PDF transmitted by electronic mail by the Parties and shall be valid and binding on each party as if executed in person.

### Entirety and Amendments

23.      This Agreement constitutes the full and final agreement among the Parties with respect to the subject matter hereof and shall not be modified or amended in any respect except by a written instrument expressing such amendment or modification signed by each of the Parties.

### Final Accord and Satisfaction

24.      This Agreement and any releases that may be contained herein are intended to be final and binding between the Parties and are further to be effective as a full and final accord and satisfaction between the Parties, and each Party expressly relies on the finality of this Agreement as a substantial, material factor inducing that Party's execution of this Agreement.

### Attorneys' Fees

25.      Each Party shall bear its own attorneys' fees, court costs, and related expenses incurred by or on behalf of said party in connection with the underlying dispute and the negotiation and preparation of this Agreement.  However, in the event that litigation to enforce this Agreement is commenced, the prevailing party in such litigation shall be entitled to attorneys' fees.

### Successors and Assigns

26.      The provisions of this Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties, including without limitation any trustee appointed in Debtor's chapter 11 case or subsequently converted chapter 7 case.

### Portion of Agreement Deemed Void

27.      If any paragraph, section, sentence, clause or phrase in this Agreement shall become illegal, null or void for any reason, or shall be held by a court of competent jurisdiction to be illegal, null or void or against public policy, the remaining paragraphs, sections, sentences, clauses or phrases herein shall not be affected thereby.

### Time of the Essence

28.      Time is of the essence.  The Parties agree that any party's failure to perform any term, condition or covenant of this Agreement within the time provided for herein shall constitute a default of this Agreement.

### Notices

29.      Any notice, request, instruction, or demand to be given under this Agreement shall be in writing and shall be delivered by first class mail postage prepaid to the address of the party set forth below, or to such other address as the party may designate by written notice.

If to Debtor:
Arent Fox LLP
Attn: Aram Ordubegian
555 W. Fifth St., 48th Floor
Los Angeles, CA 90013
aram.ordubegian@arentfox.com

If to Tenant
Anglin Flewelling Rasmussen Campbell & Trytten, LLP
Attn: Dean George Rallis, Jr.
301 N Lake Ave., St. #1100
Pasadena, CA 91101
drallis@afrct.com

### Jurisdiction

30.      The Bankruptcy Court shall retain exclusive jurisdiction (subject only to the right of appeal) to
resolve any and all disputes pertaining to this Agreement, including the enforcement of any of its terms.

**450 S. WESTERN, LLC**

DATED: 5/1/2020

By: _____

Printed Name: Richard J. Laski
Title: Chief Restructuring Officer

**DADREAM, INC.**

DATED: 05-05-2020

By: _____

Printed Name: Kyu Kun Kim
Title:  Chief Executive Officer

DATED: 5/1/2020

By: _____

Printed Name: Jae Hwan Lee
Title:  Chief Operating Officer

DATED: 5-1-2020

By: _____

Printed Name: Jennifer Lee
Title:  Chief Financial Officer

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO APPROVE SETTLEMENT
AGREEMENT AND MUTUAL GENERAL RELEASE WITH DADREAM, INC.; MEMORANDUM OF POINTS AND
AUTHORITIES; AND DECLARATION OF RICHARD J. LASKI IN SUPPORT THEREOF** will be served or was served **(a)**
on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
**5/15/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) **5/15/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

**INTERESTED PARTY**

DaDream Inc.
dba Bornga
450 South Western Ave., #308-312
Los Angeles, CA 90020-4120

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **_____,** I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/15/2020 | AYLIN SOOKASSIANS | /s/ Aylin Sookassians |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:

Jesse S Finlayson on behalf of Creditor Philmont Management, Inc.
jfinlayson@ftrlfirm.com, bmendoza@ftrlfirm.com

M Douglas Flahaut on behalf of Debtor 450 S. Western, LLC, a California limited liability company
flahaut.douglas@arentfox.com

Jeffrey T Gwynn on behalf of Creditor New Creation Engineering and Builders, Inc.
jgwynn@vervelaw.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Christian T Kim on behalf of Interested Party Christian Kim
ckim@dumas-law.com, ckim@ecf.inforuptcy.com

Richard J Laski (TR)
rlaski@wilshirellc.com

John P Lee on behalf of Creditor One Stop Financial Consulting, Inc.
jlee@kspllaw.com, admin@kspllaw.com

John P Lee on behalf of Creditor Richvest Asset Holdings, LLC.
jlee@kspllaw.com, admin@kspllaw.com

Won Lee on behalf of Attorney Square Mixx LA, Inc.
dlee@metallawgroup.com

Won Lee on behalf of Attorney Eunice Y. Tak
dlee@metallawgroup.com

David W. Meadows on behalf of Creditor G 450 LLC
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor G 450, LLC, Pontis Capital, LLC, and Five West Capital, LP
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Juliet Y Oh on behalf of Interested Party Admire Capital Lending, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Juliet Y Oh on behalf of Interested Party Belmont Two Investment Holdings, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Juliet Y Oh on behalf of Interested Party Courtesy NEF
jyo@lnbrb.com, jyo@lnbrb.com

Aram Ordubegian on behalf of Debtor 450 S. Western, LLC, a California limited liability company
ordubegian.aram@arentfox.com

Sagar Parikh on behalf of Creditor SoCal Lien Solutions, LLC
SP@BeverlyHillsLawCorp.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/21828331.1

Dean G Rallis, Jr on behalf of Interested Party Courtesy NEF
drallis@afrct.com, msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com;drallis@ecf.courtdrive.com

Victor A Sahn on behalf of Interested Party Courtesy NEF
vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

Lovee D Sarenas on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S.
WESTERN, LLC
lovee.sarenas@lewisbrisbois.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Debtor 450 S. Western, LLC, a California limited liability company
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/21828331.1