Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
Emails:    aram.ordubegian@arentfox.com
    douglas.flahaut@arentfox.com
    christopher.wong@arentfox.com

General Bankruptcy and Restructuring Counsel for
Debtor and Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**450 S. WESTERN, LLC, a California Limited Liability Company,**<br><br>Debtor and Debtor-in-Possession | Case No. 2:20-bk-10264-ER<br><br>Chapter 11<br><br>**OMNIBUS REPLY TO OPPOSITIONS TO THE MOTION TO APPROVE STIPULATION WITH FIRST, SECOND, AND THIRD LIENHOLDERS REGARDING THE AUTOMATIC STAY, FORBEARANCE, AND RELATED MATTERS**<br><br>Hearing<br>Date:    July 8, 2020<br>Time:    10:00 a.m.<br>Place:    Courtroom 1568<br>    255 E. Temple St.,<br>    Los Angeles, CA 90012 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/22039771.1

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

450 S. Western, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case ("450 S. Western" or "Debtor") hereby replies to the oppositions filed by the Official Committee of Unsecured Creditors [Dkt. No. 146] and by Evergreen Capital Assets, LP [Dkt. No. 149] to the Debtor's *Motion to Approve Stipulation with First, Second, and Third Lienholders Regarding the Automatic Stay, Forbearance, and Related Matters* (the "Motion").

## I.

## **PRELIMINARY STATEMENT**

Based on its own continued investigation as well as the informal and formal issues raised by the Committee as well as Evergreen Capital Assets, LP ("Evergreen"), the Debtor no longer believes the Stipulation originally filed as an exhibit to the Motion is in the best interest of the estate and creditors.

Nevertheless, in the intervening time since the Motion was filed the Debtor has been diligently negotiating with the Secured Creditors in an effort to try to consensually resolve the open issues by way of an amended stipulation. To that end, the Debtor and the Secured Creditors have reached an agreement in principal on the terms of an amended stipulation (the "Amended Stipulation") attached hereto as **Exhibit 1** which the Debtor believes addresses Evergreen's concerns and also addresses many, but not all, of the Committee's concerns. The Amended Stipulation is attached hereto in redline showing the changes that have been made to the original Stipulation.

The Debtor expects to continue to work with the Secured Creditors and the Committee in the coming days to try to ultimately settle on language that the Committee can agree to as well and will hopefully file a version of the amended agreement that has been signed off on by the Committee prior to the July 8, 2020 hearing date. Nevertheless, the Debtor recognizes that until and unless the Committee signs off on the language of an amended agreement, the Committee reserves all rights to continue to oppose approval of the Amended Stipulation.

**II.**

**THE AMENDED STIPULATION**

The Amended Stipulation addresses substantially all of the concerns raised in the oppositions. First, the Amended Stipulation removes Paragraph 3 from the original Stipulation in its entirety so nothing in the Amended Stipulation or the Court's order approving it will have any effect on the allowed amount of G450's claim in this case. This is important because the Debtor now agrees with the objecting parties that there are sufficient inconsistencies with respect to the application of payments and the calculation of interest and other fees on the G450 note, that it would be improvident to agree to give G450 an allowed secured claim in the amount of $30,063,331.49 at this time.[1]

Second, the Amended Stipulation addresses the Committee's concerns with respect to what they assert was an overly aggressive sale timeline set forth in the original Stipulation by extending the proposed deadlines for the Debtor to meet the various sale milestones by approximately 45 days.

Third, the Amended Stipulation addresses the Committee's concerns regarding the forbearance payments not being applied to pay down the Secured Creditor's claims by reducing by half the amount of the monthly payments that do not have to be applied to the outstanding debt of the Secured Creditors.[2]

Finally, the parties have negotiated additional revisions including a provision that can excuse a default due to circumstances that are beyond the Debtor's control.[3]

**III.**

**CONCLUSION**

Based on the foregoing the Debtor hopes to file an updated version of the Amended Stipulation that has been approved by the Committee prior to the hearing on the Motion. However, in the event that it is unable to reach an agreement with the Committee and the Secured

---

[1] The removal of paragraph three from the Stipulation should wholly resolve Evergreen's concerns.

[2] The Debtor understands that the Committee does not believe the language in the Amended Stipulation on this subject goes far enough and will continue to negotiate with the Secured Creditor on this point.

[3] Similarly, the Debtor understands the Committee does not believe the language in the Amended Stipulation on this subject goes far enough and will continue to negotiate with the Secured Creditor on this point.

1  Creditors, the Debtor reserves the right to seek approval of the Amended Stipulation attached

2  hereto over the Committee's Objection.  Similarly, in the event the Committee does not agree to

3  the language of an amended agreement, all rights of the Committee to oppose the approval of

4  Amended Stipulation at the hearing should also be reserved.

6  Dated: July 1, 2020                              **ARENT FOX LLP**

9                                                   By:   */s/ M. Douglas Flahaut*
                                                         Aram Ordubegian
10                                                        M. Douglas Flahaut
                                                         Christopher K.S. Wong
11                                                        General Bankruptcy and Restructuring Counsel
                                                         for Debtor and Debtor-In-Possession

# EXHIBIT 1

Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:   213.629.7400
Facsimile:    213.629.7401
Emails:        aram.ordubegian@arentfox.com
                    douglas.flahaut@arentfox.com
                    christopher.wong@arentfox.com

General Bankruptcy and Restructuring Counsel for
Debtor and Debtor-In-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:20-bk-10264-ER |
| **450 S. WESTERN, LLC, a California Limited Liability Company,** | Chapter 11 |
| Debtor and Debtor-in-Possession. | **AMENDED STIPULATION BETWEEN THE DEBTOR-IN-POSSESSION AND THE FIRST, SECOND, AND THIRD LIENHOLDERS REGARDING THE AUTOMATIC STAY, FORBEARANCE, AND RELATED MATTERS** |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

This stipulation ("Stipulation") is entered into by and between 450 S. Western, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case ("450 S. Western" or "Debtor"), on the one hand, and secured creditors G450, LLC ("G450"); Pontis Capital, LLC ("Pontis") and Five West Capital, LP ("Five West") on the other hand, by and through their respective counsel of record.  Collectively G450, Pontis, and Five West are referred to herein as the "Secured Creditors".  The Debtor and the Secured Creditors shall hereinafter be referred to collectively as the "Parties" and individually as a "Party."  This Stipulation is made with reference to the following facts:

**RECITALS**

A. On January 10, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division. The Debtor's principal asset is that certain real property commonly known as 450 South Western Avenue, Los Angeles, CA (the "Property"). The Debtor continues to operate as a debtor-in-possession. On February 4, 2020, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors pursuant to 11 U.S.C. § 1102(a) and (b).

B. On April 8, 2020 G450 filed Proof of Claim 9-1 (the "G450 Claim") asserting a secured claim as of the Petition Date of $30,063,331.49, which amount includes accrued but unpaid interest through the Petition Date at a per annum fixed rate of 5%.

C. On April 16, 2020, Pontis filed Proof of Claim 7-2[1] (the "Pontis Claim") asserting a secured claim as of the Petition Date in the amount of $4,684,959.75, which amount includes accrued but unpaid interest through the Petition Date at a per annum fixed rate of 18%.

D. On April 16, 2020, Five West filed Proof of Claim 8-2[2] (the Five West Claim") asserting a secured claim as of the Petition Date in the amount of $5,855,998.95, which amount includes accrued but unpaid interest through the Petition Date at a per annum fixed rate of 18%.

E. On or about June 2, 2020, counsel to the Secured Creditors initiated negotiations with the Debtor regarding terms of a stipulation granting relief from the automatic stay, doing so before simply filing the motions, in an effort to minimize what might have been a detrimental effect on the Debtor's efforts to successfully market the Property and close a sale. The Debtor and the Secured Lenders reached such an agreement. The proposed stipulation was incorporated in the Debtor's motion to approve the original stipulation, filed on June 17, 2020 (Dkt. No. 138).

~~E.~~F.    ~~G450,~~ G450, Pontis, and Five West assert that the Debtor's obligations under the

---

[1] Proof of Claim 7-2 supersedes and amends Proof of Claim 7-1 to correct a calculation error with respect to accrued pre-petition interest under the *Promissory Note Secured by Deed of Trust* entered into by Debtor and Pontis on August 21, 2014.
[2] Proof of Claim 8-2 supersedes and amends Proof of Claim 8-1 to correct a calculation error with respect to accrued pre-petition interest under the *Promissory Note Secured by Deed of Trust* entered into by Debtor and Five West on May 14, 2015.

G450 Loan, the Pontis Loan, and the Five West Loan are secured by first, second, and third position deeds of trust recorded on July 19, 2013, September 4, 2014 and May 14, 2015, respectively. Additionally, the Secured Creditors assert that they currently have legal grounds, specifically pursuant to Bankruptcy Code Section 362(d)(3) applicable to this Debtor's case as a single asset real estate case, to immediately seek relief from the automatic stay and have indicated an intent to do so absent the approval of this Stipulation.

F.G.    The Debtor discussed and reviewed the amounts asserted by Pontis and Five West under their respective loans as well as the validity of the security interest related thereto, as demonstrated and evidenced by the supporting attachments and exhibits to the proofs of claim. On April 22, 2020 the Debtor filed a motion to approve a stipulation between the Debtor and Pontis and Five West in which, among other things, the Parties stipulated to the validity and amount of the Pontis and Five West secured claims and lowered the interest rate on and after April 1, 2020 to 10%. An order approving that stipulation was entered on May 14, 2020 as Dkt. No. 125.

G.H.    The Debtor, and the Secured Creditors and the Official Unsecured Creditors' Committee (the "Committee"), by and through their representatives, have now had extensive and meaningful negotiations regarding the respective rights of the Parties and have agreed to this amended stipulation in order to provide a reasonable timeline for the Debtor to conduct its bankruptcy sale while at the same time providing certainty to G450 as to the amount of its claim as well providing all the Secured Creditors with certainty as to when they will be entitled to relief from stay, in addition to reasonable and appropriate modifications and conditioning to the automatic stay as the Parties believe would be achieved had the Secured Lenders filed their respective motions for relief from stay under Section 362(d)(3) of the Bankruptcy Code.

H.I.    Thus, based upon the valuable consideration provided herein, which the Parties agree is adequate, the Parties stipulate as follows:

**STIPULATION**

1.    The above Recitals are incorporated as if set forth fully herein.

2.    So long as the Debtor complies with the terms of this Stipulation, the Secured Creditors agree not to seek relief from the automatic stay in the above-captioned case at any time

1  prior to ~~October~~ December 15, 2020.

2  ~~3.     The Parties hereby agree the G450 Claim shall be allowed as of the Petition Date in~~
3  ~~the amount of $30,063,331.49 with post-petition interest (to the extent relevant under applicable~~
4  ~~law) accruing at the rate of 5%. For the avoidance of doubt and notwithstanding this Stipulation,~~
5  ~~the Parties reserve all rights whatsoever with respect to post-petition attorneys' fees, if any, that~~
6  ~~might be sought by G450, including entitlement to post-petition interest pursuant to Bankruptcy~~
7  ~~Code Section 506(b).~~

8  3.     The Debtor agrees to pay ~~a~~ monthly ~~forbearance fee of~~ and additional $30,000 to
9  G450, ~~and~~ $10,000 ~~each~~ to Pontis, and $10,000 to ~~and~~ Five West ~~for~~ beginning ~~the months of~~ in
10 July 2020 (the "Payments") until the bankruptcy court's entry of the order approving the sale, ~~August~~
11 ~~2020, and September 2020,~~ with such payments due on or before the last date of the month ~~in~~
12 ~~question~~ — i.e. July 31, 2020; ~~August 31, 2020; and September 30, 2020~~ solely from the rents
13 generated by the collateral and not from any unencumbered properties of the estate. ~~For the~~
14 ~~avoidance of doubt,~~

15 ~~4.~~     The Payments shall be applied as follows: 1) In the event the Debtor closes a sale
16 such that escrow makes payment to the Lenders in full payment on account of the Lenders' allowed
17 claims (or such undisputed portion of the G450 claim or the amount determined by court order) on
18 or before **November 15, 2020, then fifty percent (50%) of such Payments** shall be applied to
19 interest payable to such Lender claims, in their order of priority; 2) Otherwise, the full amount of
20 the Payments shall be deemed and be treated as forbearance payments, and not applicable to interest
21 principal or any other allowed charges.     t~~The forbearance fee payments called for herein constitute~~
22 ~~cash payments from the Debtor to the Secured Creditors in exchange for the forbearances and~~
23 ~~concessions made by the Secured Creditors herein~~ and in satisfaction of 11 U.S.C. § 362(d)(3)(B)
24 ("SARE Payments"). The ~~forbearance fee~~ SARE payments required pursuant to this paragraph do
25 ~~not constitute adequate protection~~ payments ~~pursuant to 11 U.S.C. § 362(d)(3)(B); in addition,~~ are
26 ~~in addition~~ to the proposed $50,000 monthly adequate protection payments to G450 contemplated
27 by the Debtor's Third Cash Collateral Motion filed on June 6, 2020 as Dkt. No. 134; ~~and shall not~~
28 ~~be applied to reduce the principal or interest due to the Secured Creditors. As such, these forbearance~~

~~payments shall have no effect whatsoever on the amount of the secured claims of G450, Pontis, and/or Five West in this case.~~

5.~~4.~~    The Debtor shall propose ~~agrees to choose~~ a stalking horse buyer that, based on the Debtor's Chief Restructuring Officer's business judgment, provides for the highest and best price for the Property and file with the Bankruptcy Court a signed purchase and sale agreement with respect to the Property on or before ~~July~~ September ~~31~~~~30,~~15 2020.

5.    The Debtor ~~agrees to~~ shall file with the Court and serve upon all creditors ~~hold~~ a sale ~~hearing~~ motion that provides for a hearing and auction with respect to the Property on or before ~~August~~ the week October ~~31~~15, 2020 on notice pursuant to the requirements of this district. The hearing on the sale motion shall be subject to the bankruptcy court's availability (the "Sale Motion Deadline")~~.~~

~~6.~~

6.    The Parties stipulate and agree that if: **(a)** the Debtor has not met and satisfied the Sale Motion Deadline or **(b)** a sale of the Property has not closed on or before November 15, 2020, G450, Pontis, and Five West shall each immediately be granted **limited relief** from the automatic stay without further order of the Bankruptcy Court solely as necessary to allow the Secured Creditors to record, file and serve one or more notices of sale with respect to the Property pursuant to applicable state law.

~~a sale of the Property has not closed on or before the later of before September November 30, 2020 or 30 days from the Court's entry of a final non-appealable order approving the sale, G450, Pontis, and Five West shall each immediately be granted **limited relief** from the automatic stay without further order of the Bankruptcy Court solely as necessary to allow the Secured Creditors to record, file and serve one or more notices of sale with respect to the Property pursuant to applicable state law.~~

7.    The Parties stipulate and agree that if a sale of the Property has not closed on or before ~~October~~ December 14, 2020, G450, Pontis, and Five West shall each immediately be granted complete relief from the automatic stay without further order of the Bankruptcy Court on ~~October~~ December 15, 2020.

8. In the event the Debtor fails to comply with any of the deadlines set forth ~~herein~~ above *other than where the paragraph provides a specific relief from stay provision, then* ~~except for the deadline set forth in paragraph 6 or fails to make any of the forbearance SARE payments provided for herein in Paragraph 3,~~ G450, Pontis, and Five West shall be entitled to full and complete relief from stay without further order of the Bankruptcy Court on the date that is fourteen (14) days after counsel for the Secured Creditors files a notice of default under this Stipulation with the Bankruptcy Court provided, however, that the default must not be due to circumstances that are beyond the Debtor's control, but which circumstances may not include any alleged Covid-19 related reasons, whether on the part of the Debtor or any purchaser, lending party or other third party whose performance may be required for closing of the sale.

9. Any of the deadlines or payments required herein may be extended and/or waived, as applicable, only by mutual agreement of all the Parties in writing.

10. This Stipulation is binding on the Parties only in the event the Stipulation is approved by the Court in its entirety, unless otherwise agreed to by the Parties.

**WHEREFORE**, the Parties hereto, though their undersigned counsel of record stipulate and agree to the provisions herein and request that this Bankruptcy Court issue an Order approving this Stipulation.

Dated: ~~June 15~~June___, 2020    **ARENT FOX LLP**

By: _____
Aram Ordubegian
M. Douglas Flahaut
Christopher K.S. Wong
General Bankruptcy and Restructuring
Counsel for Debtor and Debtor-In-Possession

Dated: J<ins>une___</ins> ~~une 15,~~ 2020    **LAW OFFICES OF DAVID W. MEADOWS**

By: _____
David W. Meadows
Counsel to G 450, LLC; Pontis Capital, LLC; and Five West Capital, LP

<ins>Add signature block for Lovee.</ins>

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **OMNIBUS REPLY TO OPPOSITIONS TO THE MOTION TO APPROVE STIPULATION WITH FIRST, SECOND, AND THIRD LIENHOLDERS REGARDING THE AUTOMATIC STAY, FORBEARANCE, AND RELATED MATTERS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **7/1/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **7/1/2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **JUDGE *(Via Overnight Mail)*** | **ATTORNEY FOR EVERGREEN CAPITAL ASSETS LP *(Via Overnight Mail)*** |
|---|---|
| Honorable Ernest M. Robles<br>United States Bankruptcy Court<br>255 E. Temple Street, Suite 1560<br>Los Angeles, CA 90012 | Krafchak & Lynch<br>c/o Stephanie Krafchak<br>2029 Century Park E Ste. 1040<br>Los Angeles, CA 90067-2911 |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/1/2020 | AYLIN SOOKASSIANS | */s/ Aylin Sookassians* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/21564051.1

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Jesse S Finlayson on behalf of Creditor Philmont Management, Inc.
jfinlayson@ftrlfirm.com, bmendoza@ftrlfirm.com

M Douglas Flahaut on behalf of Debtor 450 S. Western, LLC, a California limited liability company
flahaut.douglas@arentfox.com

Maria L Garcia on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S. WESTERN, LLC
Maria.L.Garcia@lewisbrisbois.com

Jeffrey T Gwynn on behalf of Creditor New Creation Engineering and Builders, Inc.
jgwynn@vervelaw.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Christian T Kim on behalf of Interested Party Christian Kim
ckim@dumas-law.com, ckim@ecf.inforuptcy.com

Richard J Laski (TR)
rlaski@wilshirellc.com

John P Lee on behalf of Creditor One Stop Financial Consulting, Inc.
jlee@kspllaw.com, admin@kspllaw.com

John P Lee on behalf of Creditor Richvest Asset Holdings, LLC.
jlee@kspllaw.com, admin@kspllaw.com

Won Lee on behalf of Attorney Square Mixx LA, Inc.
dlee@metallawgroup.com

Won Lee on behalf of Attorney Eunice Y. Tak
dlee@metallawgroup.com

Kenderton S Lynch on behalf of Creditor Evergreen Capital Assets, LP
kenlynchlaw@aol.com

Kenderton S Lynch on behalf of Interested Party Courtesy NEF
kenlynchlaw@aol.com

David W. Meadows on behalf of Creditor G 450 LLC
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor G 450, LLC, Pontis Capital, LLC, and Five West Capital, LP
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Juliet Y Oh on behalf of Interested Party Admire Capital Lending, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Juliet Y Oh on behalf of Interested Party Belmont Two Investment Holdings, LLC
jyo@lnbrb.com, jyo@lnbrb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/21564051.1

Juliet Y Oh on behalf of Interested Party Courtesy NEF
jyo@lnbrb.com, jyo@lnbrb.com

Aram Ordubegian on behalf of Debtor 450 S. Western, LLC, a California limited liability company
ordubegian.aram@arentfox.com

Sagar Parikh on behalf of Creditor SoCal Lien Solutions, LLC
SP@BeverlyHillsLawCorp.com

Dean G Rallis, Jr on behalf of Interested Party Courtesy NEF
drallis@hahnlawyers.com,
marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com;drallis@ecf.inforuptcy.com

Victor A Sahn on behalf of Interested Party Courtesy NEF
vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

Lovee D Sarenas on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S. WESTERN, LLC
lovee.sarenas@lewisbrisbois.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Debtor 450 S. Western, LLC, a California limited liability company
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Felix T Woo on behalf of Creditor SINO-US INVESTMENT AND MANAGEMENT CONSULTANT LIMITED
fwoo@ftwlawgroup.com, admin@ftwlawgroup.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/21564051.1