# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, July 1, 2020**                                                                          **Hearing Room    1568**

10:00 AM
**2:20-10264    450 S. Western, LLC, a California limited liabilit**                                 **Chapter 11**

   **#73.00**   HearingRE: [134] Motion to Use Cash Collateral -- Debtor's Third Motion For Order Authorizing Use Of Cash Collateral From July 5, 2020 Through And Including October 3, 2020; Memorandum Of Points And Authorities In Support Thereof, With Proof Of Service

                                    Docket    134

   **Matter Notes:**

      7/1/2020

      The tentative ruling will be the order.
      Party to lodge order: As set forth in the Tentative Ruling

      POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

   **Tentative Ruling:**

      6/30/2020

      For the reasons set forth below, the Debtor is authorized to use cash collateral in accordance with the Budget through and including October 3, 2020. A hearing on the use of cash collateral subsequent to October 3, 2020 shall take place on **September 23, 2020, at 10:00 a.m.** The hearing will go off calendar if a sale of the Property has closed prior to the hearing date.

      **Pleadings Filed and Reviewed:**
      1) Debtor's Third Motion for Order Authorizing Use of Cash Collateral from July 5, 2020 Through and Including October 3, 2020 [Doc. No. 134] (the "Motion")
         a) Notice of [Motion] [Doc. No. 135]
      2) No opposition to the Motion is on file

      **I. Facts and Summary of Pleadings**
         On January 10, 2020 (the "Petition Date"), 450 S. Western, LLC (the "Debtor") filed a voluntary Chapter 11 petition. On January 16, 2020, the Court entered an

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, July 1, 2020**                                                                 **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...        450 S. Western, LLC, a California limited liabilit                                    Chapter 11**

interim order authorizing the Debtor to use cash collateral through and including February 20, 2020. *See* Doc. No. 31. On March 10, 2020, the Court authorized the Debtor to use cash collateral through and including April 4, 2020, *see* Doc. No. 83, and on April 3, 2020, the Court extended the authorization to use cash collateral through and including July 4, 2020. *See* Doc. No. 107.

The Court set this hearing to determine whether the Debtor should be authorized to use cash collateral subsequent to July 4, 2020. The Debtor seeks authorization to use cash collateral through and including October 3, 2020, on the same terms and conditions as have been previously approved. No opposition to the Motion is on file.

The Debtor owns and operates a three-story, 80,316 square foot shopping center—commonly known as California Marketplace—located at the intersection of South Western Avenue and 5th Street (the "Property"). The Property serves the Los Angeles Korean community and contains 28 stores. As of the Petition Date, the Property had a 98% occupancy rate.

The Debtor sought bankruptcy protection primarily as the result of litigation with Admire Capital Lending, LLC ("Admire") and Belmont Two Investment Holdings, LLC ("Belmont"). On September 10, 2015, the Debtor entered into an unsecured promissory note with Belmont and Admire, in the principal amount of $9.75 million (the "Note"). In litigation before the Los Angeles Superior Court, Belmont and Admire assert a right to convert the Note to equity (the "Conversion Option"). The Debtor disputes the Conversion Option.

On May 14, 2020, the Court approved a stipulation between the Debtor and two of the prepetition secured creditors, which established the amount of those prepetition secured creditors' claims as follows:

1) Pontis Capital, LLC—$4,684,959.75 (as of the Petition Date)
2) Five West Capital, LP—$5,855,998.95 (as of the Petition Date)

The Debtor's other significant creditor is G450 LLC ("G450"), which asserts a secured claim in the amount of $30,063,331.49. *See* Proof of Claim 9-1.

The Debtor's current plan is to sell the Property. The Debtor has retained CBRE, Inc. as a broker. More than 200 parties have signed non-disclosure agreements with respect to the Property. The Debtor is in the process of selecting a stalking horse bidder and anticipates filing a sale motion sometime in July, with an auction expected during August 2020.

Cash collateral will be used to fund the Property's operating expenses during the

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, July 1, 2020**                                                                          **Hearing Room**    **1568**

<u>10:00 AM</u>
**CONT...        450 S. Western, LLC, a California limited liabilit                                                    Chapter 11**
marketing period. Primary expenses are for wages, insurance, utilities, taxes and license fees, and quarterly fees owed to the Office of the United States Trustee. The Debtor proposes to make monthly adequate protection payments of $50,000 to G450, the most senior secured creditor.

## II. Findings and Conclusions

Section 363(c)(2) requires court authorization for the use of cash collateral unless "each entity that has an interest in such cash collateral consents." In the Ninth Circuit, satisfaction of §363(c)(2)(A) requires the "affirmative express consent" of the secured creditor; "implied consent," resulting from the failure of the secured creditor to object to use of cash collateral, does not satisfy the requirements of the statute. *Freightliner Market Development Corp. v. Silver Wheel Freightlines, Inc.*, 823 F.2d 362, 368–69 (9th Cir. 1987). Absent affirmative express consent, the Debtors "may not use" cash collateral absent the Court's determination that the use is "in accordance with the provisions" of Section 363—that is, that the secured creditor's interest in the cash collateral is adequately protected. § 363(c)(2)(B) and (e).

A secured creditor's interest is adequately protected if the value of its collateral is not declining; the secured creditor is not entitled to payment to compensate for its inability to foreclose upon the collateral during bankruptcy proceedings. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988).

Most of the Debtor's income is derived from rental payments received from tenants at the Property. The majority of the rental payments come from the Debtor's largest tenant, the Gaju Market Corp. (the "Gaju Market"), which pays monthly rent of $173,952. The Court takes judicial notice of the fact that the Gaju Market is a grocery store that remains open for business notwithstanding the COVID-19 pandemic.

In connection with prior cash collateral hearings, the Court has found that the Property was not declining in value. The Court finds it appropriate to maintain that finding until presented with concrete evidence to the contrary. The Court notes that the instant bankruptcy petition was precipitated by litigation with Belmont and Admire, not by operating losses. The Debtor's largest tenant is a grocery store whose cash flows are more resilient to the effects of the COVID-19 pandemic than those of other retail establishments. It is also worth emphasizing that the value of the Property is not likely to decline as a result of short-term liquidity issues that tenants may experience as a result of the pandemic. The Property is situated in a desirable location

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, July 1, 2020**  **Hearing Room**  **1568**

10:00 AM
**CONT...**   **450 S. Western, LLC, a California limited liabilit**   **Chapter 11**

and has historically been profitable. Any effects of the pandemic upon profitability will most likely be temporary.

Based on the absence of evidence of declining value and the proposed adequate protection payments to G450, the Court finds that secured creditors with an interest in the Debtor's cash collateral are adequately protected. In addition, the use of cash collateral to maintain the California Marketplace's operations constitutes further adequate protection. *See In re Megan-Racine Associates, Inc.*, 202 B.R. 660, 663 (Bankr. S.D.N.Y. 1996) (concluding that "[a]s long as there was a continuous income stream being generated by the Debtor, the fact that the Debtor consumed a portion of those monies to operate and maintain the facility each month did not diminish the value of the [secured creditor's] interest in the [cash collateral]").

The Debtor is authorized to use cash collateral in accordance with the Budget through and including October 3, 2020. A hearing on the use of cash collateral subsequent to October 3, 2020 shall take place on **September 23, 2020, at 10:00 a.m.** The hearing will go off calendar if a sale of the Property has closed prior to the hearing date.

The Debtor shall submit further evidence in support of the continued use of cash collateral, including an updated Budget, by no later than **September 2, 2020**. By that same date, the Debtor shall provide notice of the continued hearing and shall file a proof of service so indicating. Opposition to the continued use of cash collateral is due by **September 9, 2020**; the Debtors' reply to any opposition is due by **September 16, 2020**.

Within seven days of the hearing, the Debtor shall submit an order incorporating this tentative ruling by reference.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Carlos Nevarez or Daniel Koontz at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

## Party Information

**Debtor(s):**

450 S. Western, LLC, a California            Represented By

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, July 1, 2020**     **Hearing Room**    **1568**

**10:00 AM**
**CONT...**   450 S. Western, LLC, a California limited liabilit     **Chapter 11**

                                Aram Ordubegian
                                Christopher K.S. Wong
                                M Douglas Flahaut