# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 14, 2020**                                                                 Hearing Room    1568

<u>10:00 AM</u>
**2:20-10264**   450 S. Western, LLC, a California limited liabilit                                 Chapter 11

   **#10.00**   Hearing
             RE: [188] Motion to Sell Property of the Estate Free and Clear of Liens under
             Section 363(f) -- Notice Of Motion And Motion For An Order: (1) Authorizing
             Bidding Procedures For The Sale Of Estate Property; (2) Approving The Sale Of
             Property Under 11 U.S.C. § 363 Free And Clear Of Liens, Claims, And
             Encumbrances, Subject To Higher And Better Offers; And (3) Approving The
             Form And Manner Of Notice

                                   Docket        188

   **Matter Notes:**

       10/14/2020


       The tentative ruling will be the order.
       Party to lodge order: As set forth in the Tentative Ruling

       POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

       Note to docket:
       Motion granted re sale motion.  Subject property sold as set forth on the
       record.  $57,500,000 to Sharp Capital.  Order to follow.

   **Tentative Ruling:**

       10/13/2020 (Amended after hearing.  Subject property sold to Sharp Capital
       for $57,500,000.)

       **Note:  Telephonic Appearances Only.  The Courtroom will be unavailable for in-
       court appearances.  If you wish to make a telephonic appearance, contact Court
       Call at 888-882-6878, ext. 188 no later than one hour before the hearing.  The
       cost for persons representing themselves has been waived.**

          For the reasons set forth below, the bidding procedures proposed by the Debtor are
       APPROVED. The Debtor's motion to approve a stipulation with CBRE altering the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 14, 2020**                                                                                      Hearing Room    1568

<u>10:00 AM</u>
**CONT...**        **450 S. Western, LLC, a California limited liabilit**                                                      **Chapter 11**

terms of CBRE's compensation is also APPROVED. The auction shall take place on October 14, 2020 at 10:00 a.m., as noticed by the Debtor.

**Pleadings Filed and Reviewed:**
1) Sale Motion:
   a) Notice of Motion and Motion for an Order: (1) Authorizing Bidding Procedures for the Sale of Estate Property; (2) Approving the Sale of Property Under 11 U.S.C. § 363 Free and Clear of Liens, Claims, and Encumbrances, Subject to Higher and Better Offers; and (3) Approving the Form and Manner of Notice [Doc. No. 188] (the "Sale Motion")
      i) Notice of Sale of Estate Property [Doc. No. 189]
      ii) Supplemental Proof of Service [Doc. No. 191]
      iii) Notice of Filing of Executed Purchase and Sale Agreement [Doc. No. 180]
   b) Opposition Papers:
      i) Limited Objection of G450, LLC to [Sale Motion] [Doc. No. 197]
      ii) Limited Opposition and Reservation of Rights Re [Sale Motion] [filed by Philmont Management, Inc.] [Doc. No. 198]
      iii) Limited Opposition to and Request for Clarification Regarding Debtor's [Sale Motion] [filed by the Official Committee of Unsecured Creditors] [Doc. No. 205]
         (1) Supplement to Creditor Committee's Limited Opposition to [Sale Motion] [Doc. No. 216]
   c) Reply Papers:
      i) Secured Creditor Evergreen Capital Assets, L.P.'s Reply to the Limited Opposition of Philmont Management, Inc. [Doc. No. 212]
         (1) Evergreen Capital Assets, L.P.'s Request for Judicial Notice in Support of its Reply [Doc. No. 213]
      ii) Secured Creditor Evergreen Capital Assets, L.P.'s Reply to the Limited Opposition of G450, LLC [Doc. No. 215]
      iii) Secured Creditor Evergreen Capital Assets, L.P.'s Reply to the Limited Opposition [filed by the Committee] [Doc. No. 219]
      iv) Omnibus Reply [filed by the Debtor] [Doc. No. 218]
2) Motion to Approve Stipulation Altering CBRE's Compensation:
   a) Motion to Approve Stipulation Regarding Compensation of CBRE, Inc. [Doc. No. 185]
   b) Limited Opposition to Debtor's Motion to Approve Stipulation Regarding

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, October 14, 2020**                                                                 **Hearing Room    1568**

10:00 AM
**CONT...**    **450 S. Western, LLC, a California limited liabilit**                                **Chapter 11**
Compensation of CBRE, Inc. and Request to Set this Matter for Hearing [Doc. No. 217]

## I. Facts and Summary of Pleadings

On January 10, 2020 (the "Petition Date"), 450 S. Western, LLC (the "Debtor") filed a voluntary Chapter 11 petition. The Debtor owns and operates a three-story, 80,316 square foot shopping center—commonly known as California Marketplace—located at the intersection of South Western Avenue and 5th Street (the "Property"). The Property serves the Los Angeles Korean community and contains 28 stores. As of the Petition Date, the Property had a 98% occupancy rate.

On July 9, 2020, the Court approved a stipulation (the "Forbearance Stipulation") between the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), and secured creditors G450, LLC ("G450"), Pontis Capital, LLC ("Pontis"), and Five West Capital, LP ("Five West," and together with G450 and Pontis, the "Senior Secured Creditors"). The Forbearance Stipulation requires the Debtor to make monthly payments to the Senior Secured Creditors until entry of an order approving a sale of the Property, and requires the Debtor to notice an auction and sale of the Property on or before October 15, 2020. Under the Forbearance Stipulation, the Senior Secured Creditors are entitled to relief from stay without further order of the Court if a sale of the Property does not close by December 14, 2020.

On September 15, 2020, the Debtor entered into a *Purchase and Sale Agreement* (the "PSA") with Evergreen Capital Assets LP ("Evergreen"), the proposed stalking-horse bidder. Evergreen asserts a secured claim in the amount of $1,371,433. The Debtor moves for the approval of bidding procedures governing the auction of the Property, and seeks authorization to conduct an in-Court auction on October 14, 2020 at 10:00 a.m. The material terms of the PSA and the proposed bidding procedures are as follows:

1) Evergreen's stalking-horse bid is $45,591,000 in cash plus a credit bid in the amount of Evergreen's secured claim.
2) If the Property is sold to Evergreen or a third-party at the auction and Evergreen receives a payment on account of its secured claim from the sales proceeds, Evergreen shall carve out and transfer for the benefit of the estate's general unsecured creditors up to $500,000 of the payment it receives (the "Carve Out"). If there is an overbid of at least $50 million, and the allowed

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 14, 2020**                                                                 **Hearing Room    1568**

10:00 AM
**CONT...**      **450 S. Western, LLC, a California limited liabilit**                              **Chapter 11**
   secured claims are $47 million or less, Evergreen shall be entitled to a full reimbursement of the Carve Out.
   3)  The initial overbid shall be $50,000,000.
   4)  If Evergreen is not the winning bidder at the auction, it shall be entitled to a breakup fee of $500,000 (the "Breakup Fee").

**Summary of Papers Filed in Connection with the Committee's Limited Opposition**
   On April 21, 2020, the Court approved the Debtor's application to retain CBRE as its real estate broker to assist in the marketing and sale of the Property. The order approving CBRE's retention provides that CBRE shall be entitled to receive a commission equal to 3% of the Property's sale price, or 3.75% if the successful buyer is represented by an outside broker (with 0.75% to be paid to the outside broker). At the time CBRE was retained, it was anticipated that the Property would sell for at least $52 million.
   Because the bids for the Property proved to be lower than anticipated, the Debtor and CBRE executed a stipulation to modify the terms of CBRE's retention (the "CBRE Stipulation"). The Debtor's motion to approve the CBRE Stipulation is being heard concurrently with the Sale Motion. The CBRE Stipulation provides that CBRE will waive its 3% commission if (1) the Property is sold to Evergreen and (2) the Property is sold for less than $50 million. If these two conditions are satisfied, CBRE will receive $50,000 as reimbursement for its out-of-pocket marketing costs in lieu of a 3% commission. CBRE has not agreed to waive its 3% commission if the Property is sold for less than $50 million to a party other than Evergreen, which is why the Debtor's proposed bidding procedures set the initial overbid at $50 million.
   The Committee opposes the Debtor's motion for approval of the CBRE Stipulation, because approval of the CBRE Stipulation would require that the minimum overbid be set at $50 million. The Committee asserts that a minimum overbid of $50 million is unreasonably high and will chill bidding. The Committee maintains that the CBRE Stipulation should be modified to limit CBRE's commission in the event the Property sells for less than $50 million to a buyer other than Evergreen. The Committee notes that if CBRE's commission is not so modified, the Carve Out would be reduced if the Property sells for less than $50 million to a buyer other than Evergreen.
   The Committee also filed a limited objection to the Sale Motion, in which it reasserts its position that the proposed $50 million minimum overbid is unreasonably

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, October 14, 2020**                                                                 **Hearing Room**    **1568**

10:00 AM
**CONT...        450 S. Western, LLC, a California limited liabilit                                      Chapter 11**

high. In addition, the Committee notes that if the Property sells to a party other than Evergreen for at least $50 million, Evergreen would be entitled to payment of the Breakup Fee and reimbursement of the Carve Out. The Committee argues that it would be unfair for Evergreen to receive a reimbursement of the Carve Out and payment of the Breakup Fee.

In response to the Committee's arguments, the Debtor states that an overbid of at least $50 million is necessary because CBRE has not agreed to waive its commission if the Property sold for less than $50 million to a party other than Evergreen. According to the Debtor, this means that the sale is economically feasible only if the overbid is at least $50 million. In addition, the Debtor asserts that the Breakup Fee and Carve Out were carefully negotiated and are necessary to facilitate the sale.

In response to the Committee's limited objection, Evergreen argues that it is entitled to receive the Breakup Fee even if it is also paid the Carve Out because Evergreen's agreement to serve as the stalking horse bidder was the result of extensive negotiations, and its stalking horse bid increases the likelihood that other bidders will participate in the auction.

**Summary of Papers Filed in Connection with Philmont Management's Limited Opposition**

Philmont Management, Inc. ("Philmont") filed a limited opposition to the Sale Motion. Philmont asserts a mechanic's lien against the Property in the amount of $2,361,878.40. Philmont does not oppose the sale, but disputes the analysis of the priority of its lien set forth in the Sale Motion. Philmont contends that its lien is senior to the liens of Evergreen and One Stop Financial Consulting, Inc. ("One Stop"); the Debtor's position is that Philmont's lien is junior to the Evergreen and One Stop liens. Philmont opposes any payment to One Stop and Evergreen until the priority dispute has been resolved.

Evergreen filed a response to Philmont's limited opposition. Evergreen asserts that Philmont's lien is not secured because Philmont (a) failed to comply with the requirements of the Cal. Civ. Code §§ 8110 and 8118 with respect to the creation of its lien and (b) failed to timely perfect any lien it held pursuant to § 546. Evergreen argues that the Property may be sold free and clear of Philmont's lien under § 363(f)(4) because the lien is subject to a bona fide dispute.

In response to Philmont's limited opposition, the Debtor contends that Philmont's alleged mechanic's lien should not impede the sale, especially given that Philmont does not oppose the sale. The Debtor's position is that the disputed portions of the

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, October 14, 2020**                                                          Hearing Room   1568

10:00 AM
**CONT...**      **450 S. Western, LLC, a California limited liabilit**                              **Chapter 11**

sales proceed should be held in a segregated account until issues concerning Philmont's alleged mechanic's lien have either been litigated or consensually resolved.

**Summary of Papers Filed in Connection with G450's Limited Objection**
     G450 asserts a secured claim in the amount of $31,205,507. G450 contends that it should be paid at closing all amounts of its claim except for any amount that is in bona fide dispute. G450 requests that at closing, sufficient funds be reserved to satisfy (1) the unpaid portion of G450's claim, (2) continued accrued interest on the unpaid portion, and (3) reasonable attorneys' fees. G450 opposes payment from escrow to any junior secured creditor unless it is afforded adequate protection.
     Evergreen disputes a portion of G450's claim, but does not oppose the establishment of a reserve from the sale proceeds sufficient to satisfy the disputed portion of the claim. Evergreen's position is that G450's claim is overstated by approximately $1.7 million. According to Evergreen, the overstatement arises primarily from G450's contention that it is entitled to annual reimbursement of a 1% professional service fee. Evergreen contends that the underlying loan documents provide only for a one-time 1% professional service fee rather than a recurring annual fee. Evergreen believes that a reserve of $2 million would be sufficient to cover the disputed portion of G450's claim.
     The Debtor states that G450 will be adequately protected because its lien will attach to the proceeds of the sale to the same extent, validity, and priority as existed prior to the sale. The Debtor seeks to pay only undisputed liens and encumbrances directly from escrow, and proposes to hold all remaining sales proceeds in reserve. The Debtor anticipates being able to secure a stipulation by and among the Debtor, G450, Evergreen, Philmont, and the Committee regarding the establishment of an appropriate reserve.

## II. Findings and Conclusions
### The Bidding Procedures and Breakup Fee Proposed by the Debtor Are Approved
     Section 363(b) authorizes the Debtors to sell estate property out of the ordinary course of business, subject to court approval. The Debtors must articulate a business justification for the sale. *In re Walter*, 83 B.R. 14, 19–20 (9th Cir. BAP 1988). Whether the articulated business justification is sufficient "depends on the case," in view of "all salient factors pertaining to the proceeding." *Id.* at 19–20. "The court's

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Wednesday, October 14, 2020**                                          Hearing Room   1568

**10:00 AM**
**CONT...**        **450 S. Western, LLC, a California limited liabilit**                        **Chapter 11**

obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances." *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288–89 (B.A.P. 9th Cir. 2005).

The Debtor has demonstrated sufficient business justification for an immediate sale. Under the Forbearance Stipulation, the Senior Secured Creditors will be entitled to foreclose upon the Property if a sale has not closed by December 14, 2020. Therefore, a prompt sale is essential if general unsecured creditors are to have any chance of obtaining a recovery.

The Debtors have adequately marketed the Property. The Debtor's broker, CBRE, has listed the Property on commercial real estate websites that are accessible to approximately 9,950 potential buyers and brokers. CBRE received 302 preliminary indications of interest and seven serious offers.

The Committee's objection to the approval of the CBRE Stipulation is overruled. Under the Court's order approving its retention, CBRE is entitled to receive a 3% commission from the sale of the Property. Fortunately, the Debtor was able to negotiate a stipulation under which CBRE will waive its 3% commission if the Property is sold to Evergreen for less than $50 million. Absent CBRE's stipulated waiver of its commission, the proposed sale to Evergreen would not be economically feasible.

According to the Committee, the CBRE Stipulation does not go far enough. The Committee's view is that CBRE should also be required to waive its 3% commission if the Property is sold to a party other than Evergreen for less than $50 million.

The Court declines to reduce CBRE's compensation beyond the reductions already set forth in the CBRE Stipulation. CBRE's retention and compensation was approved pursuant to § 328. Doc. No. 116 at ¶ 2. Consequently, modification of the terms of CBRE's compensation is permissible only if the terms and conditions of the compensation "prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." The Court lacks the ability under § 328 to reduce CBRE's compensation beyond the reductions already set forth in the CBRE Stipulation. At the time CBRE's compensation was approved, it could have easily been anticipated that the Property might not sell for the projected $52 million.

The Committee's objection to the initial overbid amount of $50 million is overruled. Because CBRE has not agreed to waive is commission if the Property is sold to a party other than Evergreen for less than $50 million, the sale is not economically feasible absent an initial overbid of $50 million.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, October 14, 2020**                                                                                            **Hearing Room    1568**

10:00 AM
**CONT...**           **450 S. Western, LLC, a California limited liabilit**                                                        **Chapter 11**

     The Committee also objects to Evergreen receiving payment of the Breakup Fee and reimbursement of the Carve Out in the event the Property is sold to a party other than Evergreen. The Court finds that this objection lacks merit. The Breakup Fee of $500,000 amounts to 1% or less of the purchase price. A Breakup Fee is warranted if it is "reasonably related to the risk, effort, and expenses of the prospective purchaser." *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.*), 147 B.R. 650, 662 (S.D.N.Y. 1992). A 1% Breakup Fee in the context of a $50 million transaction easily meets this standard. In fact, courts—including this Court—routinely approve breakup fees well in excess of that proposed here. *See, e.g.*, *In re Verity Health System of California, Inc.*, No. 2:18-bk-20151-ER (Bankr. C.D. Cal. Oct. 30, 2018) (approving 4% breakup fee in connection with a $235 million transaction); *In re BPS Holdings, Inc.*, No. 16-12373 (Bankr. D. Del. Nov. 30, 2016) (approving a 3.5% breakup fee in connection with a $575 million transaction); *In re Lake Burton Dev., LLC*, No. 09-bk-22830 (Bankr. N.D. Ga. Apr. 1, 2010) (approving a 4.75% breakup fee in connection with a $10.52 million transaction). The 1% Breakup Fee is not excessive even if Evergreen receives payment of both the Breakup Fee and reimbursement of the $500,000 Carve Out.

     The Court notes that Evergreen devotes substantial space in its papers to attacking the validity of the mechanic's lien asserted by Philmont and contesting the amount of the lien asserted by G450. It is not appropriate for the Court to rule upon the validity or amount of the liens asserted by Philmont and G450 at this time. All liens will attach to the sale proceeds to the same extent and with the same validity and priority as those liens had prior to the sale. The Debtor has agreed to pay only undisputed liens from escrow and to establish a reserve for the payment of disputed liens. The establishment of a reserve and the attachment of the disputed liens to the sales proceeds will provide the lienholders adequate protection. Because the Debtor is in the process of negotiating a stipulation to establish the amount of the reserve, the Court will not specify the amount of the reserve in this tentative ruling. Pursuant to § 363(f)(4), the sale is free and clear of Philmont's mechanic's lien and the disputed portion of G450's lien.

**Auction Procedures**
     In the event that the Debtor receives qualified overbids, the Debtor shall conduct the auction in accordance with the bidding procedures set forth in the Sale Motion. The minimum initial overbid shall be $50 million. Subsequent overbids shall be in increments of $100,000, subject to adjustment at the Debtor's discretion.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, October 14, 2020**                                                                                       **Hearing Room    1568**

10:00 AM
**CONT...        450 S. Western, LLC, a California limited liabilit                                                    Chapter 11**

     Upon conclusion of the auction, the Debtor shall present to the Court for approval the Winning Bidder and Back-up Bidder, if any. The Court will then take testimony to determine whether the Winning Bidder and Back-up Bidder (if any) are entitled to the protections of § 363(m).

     Notwithstanding Bankruptcy Rule 6004(h), the order approving the sale shall take effect immediately upon entry. The Debtor is authorized to pay directly from escrow customary closing costs and outstanding property taxes. The Debtor is authorized to execute all documents necessary to consummate the sale.

| **Party Information** |
|---|

**Debtor(s):**

  450 S. Western, LLC, a California                    Represented By
                                                                   Aram Ordubegian
                                                               Christopher K.S. Wong
                                                               M Douglas Flahaut
                                                               Amelia Puertas-Samara