Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Emails: aram.ordubegian@arentfox.com
douglas.flahaut@arentfox.com
christopher.wong@arentfox.com

General Bankruptcy and Restructuring Counsel for Debtor and Debtor-In-Possession

FILED & ENTERED

OCT 23 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**450 S. WESTERN, LLC, a California limited liability company**<br><br>Debtor and Debtor-in-Possession | Case No. 2:20-bk-10264-ER<br><br>Chapter 11<br><br>**ORDER (1) APPROVING BIDDING PROCEDURES FOR THE SALE OF ESTATE PROPERTY; (2) APPROVING THE SALE OF PROPERTY UNDER 11 U.S.C. § 363 FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; AND (3) APPROVING THE FORM AND MANNER OF NOTICE**<br><br>Hearing and Auction Date<br>Date: October 14, 2020<br>Time: 10:00 a.m<br>Place: Courtroom 1568<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

**IN THIS DISTRICT, AT LOS ANGELES, CALIFORNIA, ON THE DATE INDICATED BELOW:**

On October 14, 2020 at 10:00 a.m. (the "Sale Hearing"), a hearing was held before the Honorable Ernest M. Robles, United States Bankruptcy Judge, to consider the *Notice of Motion and Motion for an Order: (1) Authorizing Bidding Procedures for the Sale of Estate Property; (2) Approving the Sale of Property Under 11 U.S.C. § 363 Free and Clear of Liens, Claims, and Encumbrances, Subject to Higher and Better Offers; and (3) Approving the Form and Manner of Notice* [Dkt No. 188] (the "Motion")[1] filed by the above-captioned debtor and debtor-in-possession (the "Debtor"). M. Douglas Flahaut and Aram Ordubegian of Arent Fox LLP appeared on behalf of the Debtor and M. Douglas Flahaut conducted the auction. All other appearances are reflected on the record.

The Court having reviewed and considered (i) the Motion and all relief requested therein and related thereto, and (ii) the limited objections thereto [Dkt. Nos. 197, 198, and 205]; (iii) the replies filed by the Debtor and Evergreen Capital; (iv) the record in this case; and (v) the statements of counsel and the evidence presented at the Sale Hearing and it appearing that the Court has jurisdiction over this matter, and that all parties with any interest in the Property, by failing to object to the sale, have consented thereto; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS[2]:**

**General Provisions**

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Motion, unless otherwise defined.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. Venue of this case and the Motion is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief sought in the Motion are Sections 105 and 363 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Final Order**

4. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

**Notice**

5. As evidenced by the notice of the Motion, the certificate of service filed in connection with the Motion, and the supplemental proof of service filed on September 24, 2020 [Dkt. No. 191], the order granting application for shortened time [Dkt. No. 194], the F 6004-2 Notice of Sale of Estate Property (the "6004-2 Notice"), and based upon evidence submitted in connection therewith and the representations of counsel at the hearing on the Motion: (i) due, proper, timely, adequate and sufficient notice to all interested parties of the Motion, notice of the Motion, and the 6004-2 Notice has been provided in accordance with 11 U.S.C. §§ 102(1), 363, 365 and Bankruptcy Rules 2002, 6004, 6006, 9006, and 9014, and all other provisions of the Bankruptcy Rules and/or the Local Bankruptcy Rules governing the transactions that are the subject of the Motion; (ii) such notice was good, sufficient and appropriate; and (iii) the foregoing notices were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Auction, the Sale Hearing, or the Sale shall be required.

6. A reasonable opportunity to object and be heard with respect to the Sale and the Motion and the relief requested therein has been afforded to all interested persons and entities.

//
//

**The Good Faith of Buyer**

7.   Pursuant to 11 U.S.C. § 363(b) and (f) and Bankruptcy Rule 6004(f), the sale of the Property, after a live auction in open court, to Jake Sharp Capital, a California corporation, or its successor, designee, or assign (the "Buyer"), for Fifty-Seven Million Five Hundred Thousand and No/100 Dollars ($57,500,000.00) (the "Purchase Price"), is a sound and prudent exercise of the Debtor's reasonable business judgment and is in the best interests of the estate and its creditors. No party in interest has furnished the Court with sufficient evidence or reasons to challenge the reasonableness of the Debtor's business judgment in this regard.

8.   The consideration to be paid by the Buyer with respect to the purchase of the Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the United States, any state, territory or possession, or the District of Columbia.

9.   The *Purchase and Sale Agreement* dated October 13, 2020 entered into by and between the Debtor and the Buyer (as may be amended, the "Agreement") was in substantially the same form as the purchase and sale agreement the Debtor negotiated with its original stalking horse bidder and was proposed, negotiated and entered into by the parties thereto without collusion, in good faith and from arm's length bargaining positions. Buyer agreed on the record that the purchase price of the Agreement should be amended to $57,500,000 with all other terms staying the same. Neither the Debtor nor the Buyer has engaged in any conduct that would cause or permit the Agreement or the sale of the Property to the Buyer to be invalidated or avoided under 11 U.S.C. § 363(n). Specifically, among other things, including the testimony of the Debtor and the Buyer in open court, the Laski Declaration filed in support of the Motion, and the supplemental declarations of Richard Laski filed after the sale hearing and auction: (i) the Debtor was free to negotiate with any other party that expressed an interest in purchasing the Property; (ii) the negotiation and execution of the Agreement and all aspects of the sale of the Property were conducted in good faith; and (iii) the ultimate sale price was the result of a spirited auction that took place publically on the record before the Bankruptcy Court. Accordingly, upon consummation of the sale of the Property as set forth in the Agreement, the Buyer will be a buyer

in good faith within the meaning of 11 U.S.C. § 363(m) and therefore entitled to the protections afforded thereby.

### The Highest and Best Offer

10. The Agreement constitutes the highest and best offer for the Property being sold under the Agreement, and will provide a greater recovery for the estate than would be provided by any other available alternative. The terms and conditions of the Agreement are fair and reasonable and entry into the Agreement by the Debtor is a sound and prudent exercise of its reasonable business judgment and the Sale is in the best interests of the estate and creditors.

11. The Debtor has demonstrated good, sufficient and sound business purposes and justification for the Sale and the terms of the Sale as described in the Agreement are outside the ordinary course of business pursuant to 11 U.S.C. § 363(b).

12. The process set forth in the Bidding Procedures and the Auction in open Court afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Property.

### No Fraudulent Transfer or Successor Liability

13. The Agreement has not been entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and/or under the laws of the United States, any state, territory, possession, or the District of Columbia.

14. The transfer of the Property to the Buyer concurrently with the closing of the sale in accordance with the Agreement and Motion will constitute a legal, valid and effective transfer of the Property and shall vest with or vest in Buyer, all rights, title and interests of the estate to the Property free and clear of all liens, liabilities, claims and encumbrances of any kind and nature with the exception of the Permitted Exceptions as provided in the Agreement.

15. Buyer is not a mere continuation of the Debtor or the estate and there is no continuity of enterprise between Buyer and the Debtor. Buyer is not holding itself out to the public as a continuation of the Debtor. Buyer is not a successor to the Debtor or the estate and the Sale does not amount to a consolidation, merger or *de facto* merger of Buyer and the Debtor.

//

**Validity of Transfer**

16. Subject only to the entry of this Order, the Debtor has (or at all relevant times had) (i) full power and authority to execute and deliver the Agreement and all other documents contemplated thereby, (ii) all authority necessary to consummate the transactions contemplated by the Agreement, and (iii) taken all action necessary to authorize and approve the Agreement and the consummation of the transactions contemplated thereby. Subject only to the entry of this Order (a) the Debtor's sale of the Property has been duly and validly authorized, and (b) no consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtor to consummate the Sale and the Agreement and the transactions contemplated thereby.

17. The estate is the sole and lawful owner of the Property. Subject to section 363(f) of the Bankruptcy Code, and except as otherwise provided in the Agreement, the transfer of the Property to Buyer will be, as of the date of the closing of the transactions contemplated by the Agreement (the "Closing Date"), a legal, valid, and effective transfer of the Property, which transfer vests or will vest Buyer with all right, title, and interest of the estate to the Property free and clear of any such interest in such property, including without limitation (i) all liens and encumbrances relating to, accruing or arising any time prior to the Closing Date with the exception of the Permitted Exceptions as provided in the Agreement (collectively, "Liens"), (ii) all rights of any lessee under Bankruptcy Code section 365(h) to have possession after rejection of its lease, and (iii) all debts arising under, relating to, or in connection with any act of the Debtor or claims (as that term is defined in Section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, rights with respect to Claims (as defined below)) and Liens (x) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, the estate's or Buyer's interests in the Property, or any similar rights, or (y) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind

or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (iii), "Claims"), relating to, accruing or arising any time prior to the Closing Date, except as otherwise provided in the Agreement.

### Section 363(f) is Satisfied

18. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the Property free and clear of any interest in the Property with the exception of the Permitted Exceptions as provided in the Agreement.

19. Buyer would not have entered into the Agreement and would not consummate the transactions contemplated thereby if the sale of the Property to Buyer were not free and clear of all such interests, Liens and Claims, except as otherwise provided in the Agreement. Unless as otherwise set forth in the Agreement, Buyer shall not be responsible for any Liens or Claims, including in respect of the following: (i) any labor or employment agreements; (ii) all mortgages, deeds of trust and security interests; (iii) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of the estate; (iv) any other employee, worker's compensation, occupational disease or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (a) the Employee Retirement Income Security Act of 1974, as amended, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Worker Adjustment and Retraining Act of 1988, (g) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (h) the Americans with Disabilities Act of 1990, (i) the Consolidated Omnibus Budget Reconciliation Act of 1985, (j) state discrimination laws, (k) state unemployment compensation laws or any other similar state laws, or (l) any other state or federal benefits or claims relating to any employment with the Debtor or any of its predecessors; (v) Claims or Liens arising under any Environmental, Health and Safety Laws with respect to any assets owned or operated by the Debtor, the estate or any corporate predecessor at any time prior to the Closing Date and any liabilities of the Debtor other than as provided in the

Agreement; (vi) any bulk sales or similar law; (vii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (viii) any theories of successor liability or causes of action related thereto.

20. The Debtor may sell the Property free and clear of all Liens and Claims against the estate or the Property (except as otherwise provided in the Agreement) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. More specifically, no holders of Liens or Claims against the estate or the Property objected to the sale of the Property and therefore such holders of Liens or Claims are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Additionally, the purchase price of Fifty-Seven Million Five Hundred Thousand and No/100 Dollars ($57,500,000.00) is greater than the aggregate value of all liens on the Property and therefore section 363(f)(3) of the Bankruptcy Code is also satisfied. Thus, the Property shall be sold free and clear of all liens, claims and encumbrances pursuant to section 363(f) as provided herein.

21. The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford. The Sale neither impermissibly restructures the rights of the estate's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the estate.

22. Other good and sufficient cause exists for granting the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1. The Motion is GRANTED in its entirety, for the reasons set forth in the tentative ruling [Doc. No. 227], which the Court adopts as its final ruling and which is incorporated herein by reference.

2. The Bidding Procedures are APPROVED, as modified on the record to account for the fact that if the Property were to be sold to Evergreen, the estate would not have to pay any breakup fee.

3. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation

filed with the Court, and all reservations of rights included therein, are hereby denied and overruled with prejudice. Those parties who did not object or withdrew their objection to the Sale Motion are deemed to have consented to all transactions contemplated hereby, including without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code.

**Approval of the Agreement**

4.    The Agreement, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

5.    Pursuant to 11 U.S.C. § 363(b) and (f), the Debtor is authorized to sell and transfer the Property, the legal description of the Property of which is attached hereto as **Exhibit A**, to the Buyer or its successors or assigns for Fifty-Seven Million Five Hundred Thousand and No/100 Dollars ($57,500,000.00) free and clear of all liens, claims, and encumbrances.

**Transfer of Property**

6.    The Agreement, with a purchase price of Fifty-Seven Million Five Hundred Thousand and No/100 Dollars ($57,500,000.00) as provided on the record, is approved in its entirety. The Debtor is authorized and directed to take any and all actions necessary or appropriate to (i) consummate the sale of the Property to the Buyer, (ii) fully perform and implement the Agreement and consummate the closing (the "Closing") of the transactions contemplated in the Motion, the Agreement, and this Order; and (iii) take any and all further actions as may be reasonably necessary to consummate any of the transactions contemplated in the Motion and Agreement. Buyer shall not be required to seek or obtain relief from the automatic stay under Section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other Sale related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Order.

7.    The sale of the Property to the Buyer in accordance with this Order shall be free and clear of all liens, liabilities, claims encumbrances and/or interests of any kind and nature with the exception of the Permitted Exceptions as that term is defined in the Agreement (collectively, "Liens") to the fullest extent permitted under 11 U.S.C. § 363(f) with any such Liens to attach to

the proceeds of the sale in the same extent, priority, and validity as they did with respect to the Property prior to the sale of the Property.

8. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the Closing, all Liens existing as to the Property prior to the Closing have been and hereby are adjudged and declared to be unconditionally released, terminated and discharged.

9. The Buyer has not assumed any liabilities of the estate and/or the Debtor.

10. The Debtor is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any Liens, that are necessary or appropriate to effectuate or consummate the transactions contemplated in the Motion and Agreement. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

11. The Debtor is hereby authorized to execute the Agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the Sale.

12. The Agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the estate.

13. The sale of the Property to the Buyer constitutes a legal, valid and effective transfer, sale and assignment of the Property, and shall vest the Buyer with all rights, title and interests of the Debtor and the estate in and to the Property, free and clear of all Liens of any kind and nature with the exception of the Permitted Exceptions as provided in the Agreement.

14. From and after the date of entry of this Order, all persons or entities holding any Liens of any kind or nature against the estate or with respect to the Property are hereby restrained and enjoined from taking or causing to be taken any action which would interfere with the

transfer of the Property to the Buyer and such persons or entities shall be barred from asserting such claims, liens or interests against the Buyer.

15.     This Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

16.     If any person or entity which has filed statements or other documents or agreements evidencing Liens on, or interests in, all or any portion of the Property shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all liens or interests which the person or entity has or may assert with respect to all or any portion of the Property, the Debtor and Buyer are hereby authorized, on behalf of the estate and its creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property.

### Rejection of Executory Contracts and Unexpired Leases

17.     Other than those "Assumed Contracts" specifically set forth in Exhibit B to the Agreement, no other executory contract and / or unexpired lease related to the Property under which the Debtor was the lessor or a party, is being assumed or assigned and any and all such exeuctory contracts and unexpired leases not assumed are hereby rejected as of the Petition Date, and the transfer of the Property shall be free and clear of any ongoing interest of any non-Estate

party to the executory contract and lessee thereunder, including without limitation, any right to possession pursuant to Bankruptcy Code section 365(h) after such rejection.

### Payment of Break-Up Fee

18.     At closing, the estate is hereby authorized to pay any and all amounts owing to Evergreen Capital Assets LP on account of the Break-Up Fee from escrow, which amount shall be Five Hundred Thousand and No/100 Dollars ($500,000.00) inclusive of all expenses and costs, without further action or order by the Court.

### Distribution of Sale Proceeds

19.     Upon closing of the sale of the Property, the Debtor and/or the Escrow Agent is authorized to: (i) pay CBRE, Inc. a total of $2,156,250 representing 3.75% of the Purchase Price from escrow (which amount may be split between CBRE and Buyer's broker if so directed by CBRE), (ii) pay all other reasonable closing costs from escrow including all allowed secured property taxes, (iii) pay the $500,000 Court-approved break up fee to Evergreen Capital Assets LP, and (iv) pay any amounts to secured creditors that have been stipulated to in writing by the Debtor; the Committee; G450 LLC; Pontis Capital, LLC; Five West Capital, LP; Evergreen Capital Assets LP; and Philmont Management Inc. ~~LLC.~~  Thereafter, all remaining proceeds of the sale shall be held by the Debtor in a segregated account with all unsatisfied liens, claims, and encumbrances attaching to such remaining proceeds in the same extent, priority, and validity as they had existed with respect to the Property prior to the sale of the Property, pending judicial or consensual resolution of the claims asserted by the remaining alleged secured creditors.

### Other Provisions

20.     The transactions contemplated by the Agreement are undertaken by Buyer without collusion and in good faith, as that term is defined in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed pending such appeal.  Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

21. The consideration provided by the Buyer for the Property shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code.

22. The Buyer and the Debtor have not engaged in any conduct that would allow the transactions contemplated in the Motion and/or the Agreement to be set aside under 11 U.S.C. § 363(n).

23. The Bankruptcy Court retains jurisdiction to: (a) interpret, implement and enforce the terms and conditions of this Order; and (b) resolve any disputes arising under or related to this Order.

24. The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, the estate and its creditors, the Buyer, their respective successors and assigns and any affected third parties.

25. The failure to approve explicitly any particular provision of the Motion and/or the Agreement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

26. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this chapter 11 case, (b) any subsequent chapter 7 case into which this chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

27. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

28. The 14-day stay period set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived.

29. The failure specifically to include any particular provision of the Agreement or any related ancillary document in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement and all related ancillary documents be authorized and approved in their entirety; provided, however, that this Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in

connection therewith) and this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

30. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the estate.

31. This Order constitutes an itemized statement of the property sold, the name of Buyer, and the price received for the property as a whole as required by Rule 6004(f)(1) of the Bankruptcy Rules.

32. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens and other encumbrances of record, as necessary.

###

Date: October 23, 2020

*Ernest M. Robles*
Ernest M. Robles
United States Bankruptcy Judge

**Exhibit "A"**

**Description of Land**

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

>LOTS 1, 2, 3, 4, 37, 38, 39, 40 AND THE SOUTH 10 FEET OF LOT 36 OF TRACT 1624, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 21, PAGE(S) 58 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

>APN: 5503-014-020.