1  Aram Ordubegian (SBN 185142)
2  M. Douglas Flahaut (SBN 245558)
   Christopher K.S. Wong (SBN 308048)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:    213.629.7400
   Facsimile:    213.629.7401
5  Emails:    aram.ordubegian@arentfox.com
              douglas.flahaut@arentfox.com
6              christopher.wong@arentfox.com

7  General Bankruptcy and Restructuring Counsel for
   Debtor and Debtor-In-Possession
8
                **UNITED STATES BANKRUPTCY COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10
                    **LOS ANGELES DIVISION**
11

| | |
|---|---|
| 12  In re | Case No. 2:20-bk-10264-ER |
| 13  **450 S. WESTERN, LLC, a California Limited Liability Company,** | Chapter 11 |
| 14 | **MOTION FOR ORDER APPROVING PAYMENT OF DEFERRED COMPENSATION EARNED BY WILSHIRE PARTNERS OF CA, LLC** |
| 15  Debtor and Debtor-in-Possession | |
| 16 | *[No Hearing Required Unless Requested Pursuant to LBR 9013-1(o)]* |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:

450 S. Western, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case ("450 S. Western" or "Debtor") hereby files this motion (the "Motion") for an order authorizing the Debtor to immediately pay $180,025 in deferred compensation earned by Wilshire Partners of CA, LLC ("Wilshire Partners") from January 10, 2020 through November 30, 2020, which amount is due to be paid upon the closing of the sale of the Debtor's primary asset.

**I.**

**INTRODUCTORY STATEMENT**

For the past eleven months Richard Laski (through Wilshire Partners) has served as the Debtor's interim chief executive officer. He was appointed to this role pre-petition and the scope of his engagement is specifically spelled out in that certain Engagement Agreement attached as Exhibit 2 to the *First Day Declaration of Richard Laski* [Dkt. No. 7]. This Engagement Agreement between the Debtor and Wilshire Partners was approved early in the case by this Court's *Order Granting Motion for Order Approving Engagement Agreement of Wilshire Partnerst of CA, LLC and (2) Authorizing Monthly Fee Statement Procedures and Payment* [Dkt. No. 52] (the "Wilshire Partners Order"). Among other things, the Court-approved Engagement Agreement provides that Mr. Laski's hourly rate is $750, but that this hourly rate would be split with $500 per hour being payable immediately and $250 per hour being deferred and "payable only… upon the closing of the sale of the Company's primary assets." Engagement Agreement at § E.

Owing in large part to Mr. Laski's 'hands on' operational style as well as his diligent leadership and dogged persistence during this chapter 11 case, the Debtor successfully closed the sale of its principal asset on December 4, 2020 for a purchase price of $57.5 million. To put the success of this sale in perspective, in early September 2020 the estate was running out of time and had no parties interested in placing an offer to purchase the property for a price high enough to pay all the secured creditors. The property appeared to be heading to foreclosure with the Covid-19 pandemic making matters worse. After lengthy negotiations with the major secured creditors,

1  Mr. Laski obtained significant concessions from CBRE and reached an agreement with Evergreen

2  to structure a stalking horse bid that would guaranty $500,000 for the estate.   The creative

3  stalking horse arrangement that Mr. Laski negotiated with Evergreen was the catalyst needed for

4  the Debtor to secure a second bidder which ultimately resulted in a robust auction.   The winning

5  bid was $5.5 million higher than the original listing price and almost $12 million higher than

6  Evergreen's original stalking horse bid.   Now that the sale has closed, the Debtor expects to be

7  able to make significant distributions to unsecured creditors in a case that appeared for some time

8  to be potentially administratively insolvent.   Thus, the Debtor seeks an order authorizing payment

9  of the deferred compensation Wilshire Partners earned over the past eleven months as provided

10  for in the Court-approved Engagement Agreement.

11  **II.**

12  **STATEMENT OF FACTS**

13  450 S. Western owned and operated the three-story, 80,316 sq. ft. shopping center

14  commonly known as California Marketplace located at the intersection of South Western Avenue

15  and 5th Street in the heart of Koreatown.   450 S. Western has been a staple in the Los Angeles

16  Korean community and is home to twenty-eight thriving and popular stores, restaurants, and retail

17  shops.   Since its creation in 2003, 450 S. Western's mission has been to be more than a shopping

18  center, but to serve as an entertainment and shopping hub for the Korean community in Los

19  Angeles.   The California Marketplace has been referred to as the Korean community's "Grove" or

20  "Americana" projects in mid-Los Angeles and Glendale, respectively.

21  In early January 2020 prior to filing the petition, the Debtor hired Richard J. Laski of

22  Wilshire Partners of CA, LLC to serve as its interim chief executive and to make decisions such

23  as when and if to file for bankruptcy protection as well as how to formulate an exit strategy if any

24  bankruptcy case was ultimately filed.   The terms of Mr. Laski's employment are memorialized in

25  the Engagement Agreement.

26  With Mr. Laski at the helm, the Debtor ultimately decided it would commence a chapter

27  11 case with the initial intention of either quickly confirming a chapter 11 plan of reorganization

28  or trying to effectuate a sale of substantially all of its assets as a going concern in order to

maximize value for creditors. Thus, on January 10, 2020 (the "Petition Date"), the Debtor filed

its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

Immediately after filing the petition on January 10, 2020 the Debtor filed that certain

*Motion For Order (1) Approving Retention Agreement Of Wilshire Partners Of CA, LLC And (2)*

*Authorizing Monthly Fee Statement Procedures And Payment* [Dkt. No. 4] (the "Wilshire

Partners Motion"). As more specifically set forth in the Wilshire Partners Motion, the Debtor

sought approval of the Engagement Agreement under Section 363(b). With respect to the

deferred compensation requested herein, the Wilshire Partners Motion specifically provides as

follows:

> Mr. Laski will charge his customary rate of $750 per hour. However, to control
> the Debtor's costs during this bankruptcy case, the Laski has agreed to defer one-
> third of his earned fees as follows: (i) the Debtor will be invoiced at the rate of
> $500 per hour and Mr. Laski will expect to paid that amount in accordance with
> the payment procedures set forth herein and (ii) the remaining $250 per hour will
> accrue and be payable upon one of the following events: (a) confirmation of the
> Debtor's chapter 11 plan of reorganization, (b) closing of the sale of the Debtor's
> primary assets, and (c) receipt of refinance funding sufficient to pay off the senior
> loan held by G450 LLC.

Wilshire Partners Motion at § VI. This language mirrors the language in Section E of the

Engagement Agreement itself which provides that Mr. Laski's hourly rate is $750 and that this

would be split with $500 per hour being payable immediately and $250 per hour being deferred

and "payable only… upon the closing of the sale of the Company's primary assets." Engagement

Agreement at Section E.

On January 21, 2020 Mr. Laski filed a supplemental declaration as Dkt. No. 40 that

clarified certain issues regarding Wilshire Partner's role in the case and also provided that

Wilshire Partners would not be paid more than $30,000 per month absent further order of the

Court because $30,000 was the amount estimated for Wilshire Partners in the Debtor's cash

collateral budget. Supplemental Laski Declaration at ¶ 5. After a hearing on February 4, 2020

the Court granted the Wilshire Partners Motion, approved the Engagement Agreement pursuant to

Section 363(b), and entered the Wilshire Partners Order on February 6, 2020.

As authorized by the Wilshire Partners Order, each month Wilshire Partners filed and

served a monthly fee statement for the preceding month and, after the expiration of the 10-day objection period, was paid by the Debtor up to the $30,000 set forth in the cash collateral budget with all amounts in excess of $30,000 for any given month rolling over to the next month. Additionally, as provided in the Court-approved Engagement Agreement, Mr. Laski split his hourly rate into $500 per hour billed immediately each month and $250 per hour that was deferred.    To document this deferred compensation component, each detailed monthly fee statement served on the Office of the U.S. Trustee contained a page titled "Summary of Deferred Portion of Services" where the hours worked each month were listed as well as the amount of deferred compensation accrued for the month in question as well as all prior months. For ease of reference, a true and correct copy of the complete monthly fee statement for the Month of November 2020 is attached hereto as **Exhibit 4**. No opposition or response to any Wilshire Partners monthly fee statement has been filed to date.

During the course of this complex case (made even more complicated on account of the Covid-19 global pandemic and accompanying lockdowns which further added extreme uncertainty to the situation) Mr. Laski was successful in keeping the Debtor afloat and within its negotiated cash collateral budget for eleven months through to the recent successful closing of the sale on December 4, 2020. In connection with his services as the Debtor's interim chief executive, Mr. Laski has recorded 720.1 hours from January 10, 2020 through and including November 30, 2020. Thus, Wilshire Partners has accrued $180,025 in earned but unpaid compensation representing the additional $250 per hour that the Court-approved Engagement Agreement provided would be paid upon, among other things, the closing of a sale of substantially all assets of the Debtor.

### III.

### JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of these proceedings is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409. Bankruptcy Code Sections 105 and 363(b) are the statutory predicates for the relief sought by this Motion.

1

**IV.**

2

**RELIEF REQUESTED**

3       By this Motion the Debtor seeks a Court order authorizing the payment of $180,025 to

4   Wilshire Partners consisting of earned but deferred compensation payable for the period from

5   January 10, 2020 through and including November 30, 2020 which, pursuant to the Court-

6   approved Engagement Agreement, is now payable upon the closing of the sale of the Property.

7       While the Court has already approved Engagement Agreement under Section 363(b),

8   including the provision therein which provides for payment of this deferred compensation upon

9   closing of the sale, a further order is required authorizing the payment because Mr. Laski's

10  supplemental declaration specifically provided that, among other things, he would not be paid

11  more than $30,000 per month *absent a further order of the Court*.

12      The sale has now closed and the result is a resounding success.  In a case that at one point

13  was expected to perhaps be administratively insolvent, the estate is now holding approximately

14  $11,173,744 in sale proceeds.  While a portion of these funds are reserved for certain disputed

15  secured claims, the majority of these funds are ultimately expected to be available for unsecured

16  creditors in the case.  Thus, pursuant to the Court-approved Engagement Agreement, it is time for

17  Wilshire Partners to be paid its deferred compensation.

18

**V.**

19

**BASIS FOR RELIEF**

20      Section 363(b)(1) of the Bankruptcy Code provides in relevant part that the "trustee , after

21  notice and a hearing , may use sell or lease, other than in the ordinary course of business, property

22  of the estate."  11 U.S.C. § 363(b)(1).  Further, under Section 105(a) of the Bankruptcy Code, the

23  "court may issue any order, process, or judgment that is necessary to carry out the provisions of

24  this title."  11 U.S.C. 105(a).

25      Here, the Court has already approved the Engagement Agreement as a reasonable exercise

26  of the Debtor's business judgment under Section 363(b) of the Bankruptcy Code.    Thus,

27  authorizing the payment of the deferred compensation called for therein should not be

28  controversial.  *See e.g. Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3rd Cir. 1996) (noting

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

AFDOCS/21503765.1

1   that courts defer to trustee's judgment so long as there is a "legitimate business justification").

2   Moreover, while the Court-approved Engagement Agreement specifically does not make the

3   deferred compensation component contingent upon a successful sale, the fact that the instant sale

4   was wildly successful and has resulted in millions of dollars in unencumbered cash being made

5   available for creditors provides further justification for approving the payment of such deferred

6   compensation at this time as the Debtor now has the ability to immediately pay such deferred

7   compensation from the sale proceeds without adversely affecting or otherwise prejudicing the

8   rights of any of the disputed secured creditors or otherwise implicating their cash collateral.

9       Thus, for the reasons set forth herein and because this Court has already approved the

10  Engagement Agreement pursuant to Section 363(b), the Debtor requests that the Court issue an

11  order authorizing the Debtor to immediately pay the earned but deferred compensation owed to

12  Wilshire Partners, with such deferred compensation to be paid from the sale proceeds held by the

13  Debtor.

14                                  **VI.**

15                                **NOTICE**

16      Notice of this Motion is being provided concurrently herewith to (a) the Office of the

17  United States Trustee; (b) all secured creditors; (c) the Official Committee of Unsecured

18  Creditors; and (d) all parties who have requested special notice.  The Debtor submits that in light

19  of the nature of the relief sought, no further notice is required.

20      **WHEREFORE**, the Debtor respectfully requests the Court enter an order (1) authorizing

21  the Debtor to immediately pay $180,025 to Wilshire Partners from the sale proceeds representing

22  deferred compensation earned by Wilshire Partners from January 10, 2020 through and including

23  November 30, 2020 pursuant to the Court-approved Engagement Agreement; and (2) for such

24  other and further relief as may be appropriate.

25

26

27

28

1    Dated: December 10, 2020         **ARENT FOX LLP**

2

3

4

5              By: */s/ M. Douglas Flahaut*

6                  Aram Ordubegian
                 M. Douglas Flahaut

7                  Christopher K.S. Wong
                 General Bankruptcy and Restructuring

8                  Attorneys for Debtor and Debtor-in-
                 Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF RICHARD J. LASKI

I, Richard J. Laski, declare that:

1.      I am over 18 years of age.  If called as a witness, I could and would competently testify with respect to the matters set forth in this declaration (the "Declaration") from my own personal knowledge or from knowledge gathered from others within the Debtor's organization and the Debtor's advisors, my review of relevant documents, or my opinion based upon my experience concerning the Debtor's operations.

2.      Since my appointment in early January I have served as the Debtor's chief executive officer and have made all major executive-level decisions of this Debtor.  I submit this Declaration in support of the foregoing *Motion for Order Approving Payment of Deferred Compensation Earned by Wilshire Partners of CA, LLC* (the "Motion").  Capitalized terms not defined in this Declaration are defined in the foregoing Motion.

3.      I have reviewed the Motion and except for those matters stated upon information and belief, I know the facts represented therein, which are known to me to be true.  If called as a witness, I could and would competently testify thereto.

4.      Attached hereto as **Exhibit 1** is a true and correct copy of the Engagement Agreement.

5.      Attached hereto as **Exhibit 2** is a true and correct copy of the Wilshire Partners Motion which sought approval of the Engagement Agreement.

6.      Attached hereto as **Exhibit 3** is a true and correct copy of my Supplemental Declaration in support of the Wilshire Partners Motion.

7.      Attached hereto as **Exhibit 4** is a true and correct copy of the Wilshire Partners Order approving the Engagement Agreement.

8.      Attached hereto as **Exhibit 5** is a true and correct copy of the complete Wilshire Partners Monthly Fee Statement served on the Office of the United States Trustee on or about December 2, 2020.

*[Signature on next page]*

Arent Fox LLP
Attorneys At Law
Los Angeles

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3

4    Executed this 9ᵀᴴ day of December 2020, at Pasadena, California.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

AFDOCS/21503765.1

# EXHIBIT 1



## ENGAGEMENT AGREEMENT

This Agreement sets forth the terms of the retention of Richard J. Laski ("Laski") to serve as Chief Restructuring Officer ("CRO") of 450 S. Western, LLC, a California corporation, (the "Company"). Laski is the Managing Director of Wilshire Partners of CA, LLC ('Wilshire Partners").

A.    Effective Date.

This Agreement will be effective as of December 27, 2019.

B.    Scope of Services.

The Company hires Laski to serve as its CRO and provide the Services described below.  Laski may from time to time use the services of personnel at Wilshire Partners, including Amy Thibodeaux, to assist him in the performance of the obligations of this Agreement.

Laski will serve as the CRO reporting directly to the Board of Directors. In the capacity of CRO, Mr. Laski will be an officer of the Company and will enjoy the same full and free access to the Board of Directors as other members of the senior management of the Company and, to the extent determined by the Board of Directors from time to time, will be granted the right to attend and participate (but not vote) in the meetings of the Company's Board of Directors.

Laski will provide the Company with restructuring management services and CRO services (the "Services") including, but not limited to the following:

1.    Lead efforts to facilitate the Company's financial restructuring, refinancing, and potential sale efforts;

2.    Lead management efforts to identify and implement both short-term and long-term liquidity generation and profit improvement in an effort to improve the ongoing viability of the Company;

3.    Participate in development of strategy to negotiate with key stakeholders in order to effectuate a refinancing, sale transaction, or restructuring;

4.    Assist with negotiations with the secured lenders and other parties, as appropriate, to facilitate restructuring efforts;

5.    Work with counsel to develop strategic solutions to address demands of divergent stakeholders;

6.    Assist the Company in identifying, reviewing and negotiating debtor in possession financing, if required;

7.    Review and approve 3-month cash forecasts, Monthly Operating Reports, and other financial reporting as needed for negotiations with stakeholders;

8.    Assist the Company and their other advisors with the formulation of a chapter 11 plan of reorganization / liquidation and the preparation of the corresponding disclosure statement;

9.      Identify nonessential assets to be sold and managing the sale process;

10.     Attend meetings and court hearings as may be required;

11.     Render expert testimony as requested from time to time;

12.     In his capacity as CRO, Mr. Laski will not be a member of the Board of Directors, but he may participate in Board meetings in order to report on the progress of the turnaround and restructuring initiatives; and,

13.     Perform other duties and other services as mutually agreed to by Laski and the Company.

In his capacity as CRO, Laski will:

- Report directly to the Board of Directors of the Company and make recommendations thereto and consult therewith regarding his activities and the Services as discussed above.

- Work on a collaborative basis with senior executives of the Company, coordinate the restructuring efforts of the Company, subject to the reporting structure above, including the identification, development, and implementation of strategies related to the Company's debt obligations, business plan, and other related matters.

- In consultation with the Company's senior executives, coordinate and manage the Services as discussed above.

- Laski may use the services of personnel at Wilshire Partners to assist him in the performance of the obligations of this Agreement.

The Company agrees that this Agreement shall not and is not intended to prevent Wilshire Partners from expanding its services to include financial advisory services, business management services, or other services as needed.

C.      <u>Company's Duties.</u>

The Company agrees to be truthful with Laski, to cooperate, to keep Laski informed of any information or developments which may come to the Company's attention, to abide by this Agreement and to pay Laski's bills on time.

The Company agrees to provide complete and reasonably prompt access to its books, records, personnel and other information reasonably requested by Laski.  In addition, Laski shall be granted reasonable access to the Company's offices, computers, printers, fax machines and other business machines, office supplies and staff personnel only in the performance of his obligations under this Agreement.  The Company shall provide such access and use to Laski free of charge.  If Laski reasonably believes that outside service providers for certain office functions (such as photocopying, printing and delivery services) are required, then Laski may request that the Company's pay such costs directly to such service providers.  Such request shall be granted at the sole discretion of the Company; provided, however, that such request may not be unreasonably withheld.

D.    Fees and Billing Practices.

 1.    Rates, Covered Services and Billing Increments.

 The Company agrees to pay by the hour at the rate of $750.00 for all time spent on Company matters by Laski (payable at the rate of $500.00 currently plus $250.00 deferred as detailed in Section E below).

 When appropriate, Laski may use the services of Amy Thibodeaux at Wilshire Partners at the hourly rate of $175.00 for CRO support, cash forecasts, Monthly Operating Reports, and other accounting services.

 Time is charged in minimum units of one-tenth (.1) of an hour. The time charged will include the time Laski spends on telephone calls relating to the Company's matters. Laski will charge for time in court and elsewhere and for travel time, both local and out of town.

 The Company agrees that Laski and Amy Thibodeaux are not employees of the Company, and they shall not receive a W-2 from the Company for any fees earned under this Engagement, and such fees are not subject to any form of withholding by the Company. The Company shall provide Laski a standard form 1099 on request for fees earned under this Engagement.

 2.    Costs and Other Charges.

 Laski will incur various costs and expenses in performing services under this Agreement. The Company agrees to pay for all costs, disbursements and expenses in addition to the hourly fees. The Company agrees to pay the cost of transportation, meals, lodging and all other costs of any necessary out-of-town travel by Laski and Amy Thibodeaux.

E.    Retainer, Billing Statements and Timing of Payments.

 The Company will remit a retainer to Wilshire Partners in the amount of $25,000.00 upon the signing of this Engagement Agreement. This retainer will be held in a segregated trust account at Wilshire Partners and will be credited against any amounts due at the termination of this Engagement. Any unused portion will be returned to the Company upon the satisfaction of all obligations hereunder.

 Laski will send the Company weekly statements for fees and costs incurred. Each statement will be payable upon receipt and no later than seven (7) days after receipt. If a statement is not provided within seven (7) days after the end of a week, the Company may request such statement and Laski will provide it within seven (7) days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

 The Company understands and accepts that Laski's normal hourly rate for comparable CRO services is $750 per hour. In an effort to control the Company's costs, Laski and the Company agree to defer a portion of his earned fees as follows:

  CURRENT PORTION: Invoiced at the rate of $500.00 per hour and payable within seven (7) days after receipt of each weekly invoice, and

  DEFERRED PORTION: Invoiced at the rate of $250.00 per hour and payable only upon the confirmation of a Chapter 11 plan of reorganization, or upon the receipt of refinance funding sufficient to pay the Company's primary secured creditor, or upon the closing of the sale of the Company's primary assets.

 Laski contemplates, understands, and accepts that the Company is expected to be a debtor in proceedings under chapter 11 and the obligation of the Company to pay the fees and expenses of Laski accruing during the chapter 11 period may become subject to court approval.

DOCS_LA:295708.4    3

Additionally, if and when debtor in possession financing is obtained by the Company, Laski may seek an appropriate carve-out in respect of the payment of fees and expenses he incurred.

F.      Discharge and Withdrawal

The employment of Laski as CRO for the Company may only be terminated by the Company for cause pursuant to court order following a noticed motion filed in the Case that establishes cause for termination.

Laski's services under this Agreement may be terminated by Laski, at will, effective no less than thirty (30) days following filing of written notice in the Case. Such notice by Laski shall be served on the Company, the Company's bankruptcy counsel, the United States Trustee and counsel for the official committee of unsecured creditors, if any, at their respective addresses on file in the Case.

In addition, this Agreement shall be terminated upon entry of an order in the Case (i) converting the Bankruptcy Case to case under Chapter 7 or (ii) appointing a trustee.  In the event of the termination of this Agreement, Laski shall be entitled to all compensation and expenses accruing through the effective date of the termination.

G.      Disclosure of Representations.

Based on the information Laski has received to date, he is not aware of any current or past relationship with another party interested in the subject matter of this engagement that would constitute a conflict of interest, nor does Laski itself have an interest in the subject matter of the engagement.

H.      Indemnification and Insurance

Subject to any limitation required by the Bankruptcy Court, the Company agrees to indemnify and hold harmless Laski and individuals he delegates to perform Services of the CRO (each, an "Indemnified Party") from and against any losses, claims, damages or expenses, or if same was or is or becomes a party to or witness or other participant in, or is threatened to be made a party to or witness or other participant in, any threatened, pending or completed action, suit, proceeding or alternative dispute resolution mechanism, or any hearing, inquiry or investigation, by reason of (or arising in part out of) any event or occurrence related to this Agreement or any predecessor agreement for services or the fact that any Indemnified Party is or was an agent, officer director, employee or fiduciary of the Company, or by reason of any action or inaction on the part of any Indemnified Party while serving in such capacity (an "Indemnifiable Event") against expenses (including reasonable attorneys' fees and disbursements), judgments, fines, settlements and other amounts actually and reasonably incurred in connection with any Indemnifiable Event. The Indemnified Party shall promptly forward to the Company all written notifications and other matter communications regarding any claim that could trigger a Company's indemnification obligations under this Section H. If the Company so elects or is requested by an Indemnified Party, the Company will assume the defense of such action or proceeding, including the employment of counsel reasonably satisfactory to the Indemnified Party and the payment of the reasonable fees and disbursements of such counsel. In the event, however, such Indemnified Party is advised by counsel that having common counsel would present such counsel with a conflict of interest or if the defendants in, or targets of, any such action or proceeding include both an Indemnified Party and the Company, and such Indemnified Party is advised by counsel that there may be legal defenses available to it or other Indemnified Parties that are different from or in addition to those available to the Company, or if the Company fails to assume the defense of the action or proceeding or to employ counsel reasonably satisfactory to such Indemnified Party, in either case in a timely manner, then such Indemnified Party may employ separate counsel to represent or defend it in any such action or proceeding and the Company will pay the reasonable fees and disbursements of such counsel; provided, however, that the Company will not be required to pay the fees and disbursements of more than one separate counsel (in addition to local counsel) for an Indemnified Party in any jurisdiction in any single action or proceeding. In any action or proceeding the defense of which the Company assumes, the Indemnified Party will have the right to participate in such litigation and to retain its own counsel at such Indemnified Party's own expense. The Company further agrees that it will not, without the prior written consent of the Indemnified Party (which consent shall not be unreasonably withheld or delayed), settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action,

suit or proceeding in respect of which indemnification or contribution may be sought hereunder (whether or not the Indemnified Party or any other Indemnified Party is an actual or potential party to such claim, action, suit or proceeding) unless (i) to the extent that such settlement, compromise or consent purports directly or indirectly to cover the Indemnified Party or any other Indemnified Party, such settlement, compromise or consent includes an unconditional release of the Indemnified Party and each other Indemnified Party from all liability arising out of such claim, action, suit or proceeding, or (ii) to the extent that such settlement, compromise or consent does not purport directly or indirectly to cover the Indemnified Party or any other Indemnified Party, the Company has given the Indemnified Party reasonable prior written notice thereof and used all reasonable efforts, after consultation with the Indemnified Party, to obtain an unconditional release of the other Indemnified Parties hereunder from all liability arising from all liability arising out of such claim, action, suit or proceeding. The Indemnified Party shall not enter into any closing agreement or final settlement that could trigger the Company's indemnification obligations under this Section H without the written consent of the Company, which shall not unreasonably be withheld or delayed or conditioned. The Company will not be liable for any settlement of any action, claim, suit or proceeding affected without the Company's prior written consent, which consent shall not be unreasonably withheld or delayed or conditioned, but if settled with the consent of the Company or if there be a formal judgment for the plaintiff, the Company agrees to indemnify and hold harmless the Indemnified Party from and against any loss or liability by reason of such settlement or judgment, as the case may be.

This indemnity shall not apply to any portion of any such losses, claims, damages, liabilities and expenses to the extent it is found in a final judgment by a court of competent jurisdiction to have resulted primarily from the bad faith, gross negligence, willful misconduct or violation of law of any such Indemnified Party. The Company agrees to use commercially reasonable best efforts to (i) include Mr. Laski, and individuals he delegates to assume officer or director positions with the Company or who perform Services hereunder, as insureds under the Company's directors and officers insurance; and (ii) unless it is unable to do so at a commercially reasonable cost, purchase a three-year directors and officers insurance "tail" or runoff policy (or such a policy for such shorter period as Company has the right to or is otherwise able to purchase) covering the period of Laski's service. In connection with this engagement Company represents to Laski that Company hereby represents that (i) it has timely remitted and will continue to timely remit to the appropriate beneficiaries all employee source deductions, payroll and other taxes, benefits deductions, and contribution to employee benefit programs, and has timely collected and remitted sales and use and other similar taxes to appropriate collecting authorities and will continue timely to do so; (ii) there is no litigation or other proceeding pending, or to knowledge of Company, threatened (nor is Company aware of facts that could give rise to such), that seeks or could give rise to personal liability of officers and directors of the Company; and (iii) the Company has been in continuing compliance with all applicable laws and regulations concerning the discharge, treatment, storage, transportation or use of hazardous materials and is aware of no facts or circumstances that could give rise to Company responsibility or liability under such laws and regulations.

I.      Limitation of liability

The Company and Laski agree that no Indemnified Person shall have any liability as a result of the Company's retention of Laski, the execution and delivery of this Agreement, the provision of Services or other matters relating to or arising from this Agreement, other than liabilities that shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of an Indemnified Person or Persons. Without limiting the generality of the foregoing, in no event shall any Indemnified Person be liable for consequential, indirect or punitive damages, damages for lost profits or opportunities or other like damages or claims of any kind.

J.      Disclaimer of Guarantee and Estimates.

Nothing in this Agreement and nothing in Laski's statements to the Company will be construed as a promise or guarantee about the outcome of the matter.  Laski makes no such promises or guarantees. Laski's comments about the outcome of the matter are expressions of opinion only.

K.      Entire Agreement; No Third-Party Beneficiaries.

This Agreement contains the entire agreement of the parties.  No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties and this Agreement is not intended to confer upon any person other than Laski and the Company any rights or remedies.

L.      Binding Nature of Agreement.

This Agreement shall be binding upon and inure to the benefit of Laski and the Company.

M.      Severability in Event of Partial Invalidity.

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

N.      Modification by Subsequent Agreement.

This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by each party, or an oral agreement only to the extent that the parties carry it out.

O.      Miscellaneous Matters.

Laski is being engaged by the Company that appears in the signature block below.

The validity of this Agreement, its construction, interpretation, and enforcement, and the rights of the parties hereto shall be determined under, governed by, and construed in accordance with the internal laws of the State of California, without regard to principles of conflicts of law.

This Agreement may be executed by the signatories through use of multiple copies of the signature pages.

The Company acknowledges having received a signed duplicate copy hereof for Company to keep for its own records.

P.      Effective Date.

This Agreement will govern all services performed by Laski on behalf of the Company commencing with the date Laski first performed services.  The date at the beginning of this Agreement is for reference only.  Even if this Agreement does not take effect, the Company will be obligated to pay Laski the reasonable value of any services Laski may have performed for the Company.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE LASKI FIRST PROVIDED SERVICES.  THE COMPANY AGREES TO BE LIABLE FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.

[Signature Page to Follow]

DOCS_LA:295708.4                              6

Dated:   January _8_, 2020

RICHARD J. LASKI

By: _____
Richard J. Laski
Managing Director
Wilshire Partners of CA, LLC

450 S WESTERN, LLC

By: _____
_____ (Print Name)
_____ (Title)

17

# EXHIBIT 2

1 | Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
2 | Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
3 | 555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
4 | Telephone:    213.629.7400
Facsimile:    213.629.7401
5 | Emails:    aram.ordubegian@arentfox.com
douglas.flahaut@arentfox.com
6 | christopher.wong@arentfox.com

7 | *Proposed* General Bankruptcy and Restructuring
Counsel for Debtor and Debtor-In-Possession

8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **LOS ANGELES DIVISION**

12 | In re

13 | **450 S. WESTERN, LLC, a California Limited Liability Company,**

Case No. 2:20-bk-10264-ER

Chapter 11

**MOTION FOR ORDER (1) APPROVING ENGAGEMENT AGREEMENT OF WILSHIRE PARTNERS OF CA, LLC AND (2) AUTHORIZING MONTHLY FEE STATEMENT PROCEDURES AND PAYMENT**

Debtor and Debtor-in-Possession

Hearing:
Date:    February 4, 2020
Time:    11:00 a.m.
Place:    Courtroom 1568
255 E. Temple St.,
Los Angeles, CA 90012

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

450 S. Western, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case ("450 S. Western" or "Debtor") hereby files this motion (the "Motion") to approve the Debtor's pre-petition agreement with Wilshire Partners of CA, LLC ("Wilshire Partners") and the appointment of Richard J. Laski as the Debtor's Chief Restructuring Officer ("CRO") and to authorize the monthly fee statement and payment procedures proposed herein.  In support of this

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

18

1    Motion, the Debtor submits the concurrently filed first day declaration of Richard J. Laski (the

2    "Laski Declaration") as incorporated herein by this reference, and respectfully represents as

3    follows:

4                                                    **I.**

5                                       **STATEMENT OF FACTS**

6          450 S. Western is the owner and operator of the three-story, 80,316 sq. ft. shopping center

7    —commonly known as California Marketplace— located at the intersection of South Western

8    Avenue and 5th Street in the heart of Koreatown, CA.  450 S. Western has been a staple in the

9    Los Angeles Korean community and is home to twenty-eight (28) thriving and popular stores,

10   restaurants, and retail shops.  Since its creation in 2003, 450 S. Western's mission has been to be

11   more than a shopping center, but to serve as an entertainment and shopping hub for the Korean

12   community in Los Angeles.  The California Marketplace has been referred to as the Korean

13   community's "Grove" or "Americana" projects in mid-Los Angeles and Glendale, respectively.

14   Presently, the Debtor has approximately six (6) employees, and the Debtor has hired Richard J.

15   Laski of Wilshire Partners of CA, LLC as its Chief Restructuring Officer, who will be running the

16   affairs of the Debtor's reorganization and business.  Hyun Soon Rhee is the managing member of

17   the Debtor, along with Steffany Rhee and Daniel Rhee.

18         As of the petition date, the shopping center currently has a 98% occupancy rate based on

19   square footage.   Due to its prime location and prime tenants, 450 S. Western has historically been

20   profitable and continues to be profitable.  The first floor is occupied by its key tenant, "Gaju

21   Market" (translated as "California Market"), a high-end Korean grocery which is also owned by

22   the Rhee family.

23         Notwithstanding the Company's operating strengths, the Company suffers from a heavy

24   debt load, owning to following factors as detailed in the Laski Declaration, including (a) accruing

25   legal expenses allocated to the State Court Action (defined in the Laski Declaration) and related

26   litigations, (b) the threat of foreclosure by secured lenders and their recorded notices of default,

27   (c) a pending application to appoint a receiver, and (d) adversaries that continually shift the goal

28   post in order to avoid receiving payment so as to take title to the building.  As such, the Debtor

- 2 -

AFDOCS/21503765.1

1  decided it would commence a chapter 11 case with the initial intention of quickly confirming a

2  chapter 11 plan of reorganization or effectuate a sale of substantially all of its assets as a going

3  concern in order to maximize value for creditors.   Thus, on January 10, 2020 (the "Petition

4  Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5      By this Motion, the Debtor seeks Court approval of its pre-petition engagement agreement

6  with Wilshire Partners for Richard J. Laski to serve as the 450 S. Western's CRO (the

7  "Engagement Agreement") and authorization to pay Wilshire Partners pursuant to the procedures

8  proposed herein.

9                          **II.**

10                **JURISDICTION AND VENUE**

11     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).

12  Venue of these proceedings is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and

13  1409.   11 U.S.C. §§ 105 and 363(b) are the statutory predicates for the relief sought by this

14  Motion.

15                         **III.**

16                   **RELIEF REQUESTED**

17     By this Motion the Debtor seeks Court approval to of the engagement of Wilshire Partners

18  and Richard J. Laski as the Debtor's CRO as well as proposed compensation procedures related

19  to such engagement.

20                         **IV.**

21            **QUALIFICATIONS OF WILSHIRE PARTNERS**

22     Wilshire Partners provides executive officer, accounting, and administrative support

23  services for financially distressed businesses across a broad range of industries.   Mr. Laski is a

24  CPA and a financial and turnaround expert that is regularly appointed as an "off-panel" chapter

25  11 trustee in the Central District of California and has extensive experience providing services in

26  the other positions: CRO, bankruptcy examiner, insolvency expert witness, interim CEO, and

27  interim CFO.   A copy of his CV as well as the qualifications of Wilshire Partners is attached to

28  the Laski Declaration as **Exhibit 1**.   Based on the qualifications of Wilshire Partners and Mr.

- 3 -

1   Laski, the Debtor believes they are well-suited to provide the necessary services and counseling

2   for an effective and efficient administration of this chapter 11 case and maximize recovery for the

3   estate and its creditors.

**V.**

**<u>SCOPE OF SERVICES</u>**

6        Mr. Laski and Wilshire Partners are expected to perform the following non-exclusive list

7   of services:

- Lead efforts to facilitate the Debtor's financial restructuring, refinancing, and potential sale efforts;

- Lead management efforts to identify and implement both short-term and long-term liquidity generation and profit improvement in an effort to improve the ongoing viability of the Debtor;

- Direct the Estate professionals in the bankruptcy case;

- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a refinancing, sale transaction, or restructuring;

- Assist with negotiations with the secured lenders and other parties, as appropriate, to facilitate restructuring efforts;

- Work with Debtor's counsel to develop strategic solutions to address demands of divergent stakeholders;

- Assist the Debtor in identifying, reviewing and negotiating debtor in possession financing, if required;

- Review and approve 3-month cash forecasts, Monthly Operating Reports, and other financial reporting as needed for negotiations with stakeholders; and

- Assist the Debtor and their other advisors with the formulation of a chapter 11 plan of reorganization / liquidation and the preparation of the corresponding disclosure statement;

- Identify nonessential assets to be sold and managing the sale process;

- Attend meetings and court hearings as may be required;

- 4 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

1       • Render expert testimony as requested from time to time;

2       • Participate in Board meetings in his capacity as CRO to report on the progress of

3          the turnaround and restructuring initiatives; and

4       • Other tasks and duties related to this engagement as are directed by the Debtor and

5          reasonably acceptable to Wilshire Partners.

6                          **VI.**

7           **TERMS OF ENGAGEMENT AND PROPOSED PAYMENT**

8          The Debtor seeks to ratify employment and engagement of Mr. Laski as its CRO pursuant

9 to Section 363 of the Bankruptcy Code, rather than as an estate professional under Section 327.

10 The engagement of Mr. Laski as the Debtor's CRO is consistent with the protocols for CROs in

11 this district and the procedures for compensation of Mr. Laski are reasonable.  If approved,

12 Wilshire Partners and Mr. Laski will not be required to file fee applications under Sections 330

13 and 331 of the Bankruptcy Code, but will file and serve monthly compensation reports as

14 provided herein.

15          Mr. Laski will charge his customary rate of $750 per hour.  However, to control the

16 Debtor's costs during this bankruptcy case, the Laski has agreed to defer one-third of his earned

17 fees as follows: (i) the Debtor will be invoiced at the rate of $500 per hour and Mr. Laski will

18 expect to paid that amount in accordance with the payment procedures set forth herein and (ii) the

19 remaining $250 per hour will accrue and be payable upon one of the following events: (a)

20 confirmation of the Debtor's chapter 11 plan of reorganization, (b) closing of the sale of the

21 Debtor's primary assets, and (c) receipt of refinance funding sufficient to pay off the senior loan

22 held by G450 LLC.

23          Mr. Laski estimates that he will provide the vast majority of services as CRO in this

24 matter.  In the event other Wilshire Partners professionals are required, they will be billed at their

25 standard hourly rates as provided in the Engagement Agreement.

26          As provided in the Engagement Agreement and disclosed in the supporting Laski

27 Declaration, Wilshire Partners received an initial $25,000 pre-petition retainer.  As of the Petition

28 Date, the pre-petition retainer had been reduced to 22,000.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503765.1

1    The Debtor proposes that on or before the 15th day of each month Wilshire Partners shall

2    file with the Court, and serve on the United States Trustee, all secured creditors, and the 20

3    largest unsecured creditors a summary report of compensation earned and expenses incurred for

4    the proceeding calendar month (the "Fee Statement").  Each Fee Statement will include a short

5    summary of the services provided for the prior month, the time allocated to such services and the

6    name of each Wilshire Partners who provided such services and their hourly rate.  Detailed time

7    records for the preceding month for all Wilshire Partners professionals will be served on the

8    Office of the United States Trustee along with the Fee Statement.  Any interested party with

9    standing before the Court shall then have ten (10) days from the service of the Fee Statement to

10   object to such Fee Statement.  If an objection to a Fee Statement is timely filed, a hearing on the

11   approval of the Fee Statement shall be set by the Debtor and the fees requested shall be subject to

12   review and approval by the Court.  If no objection is filed timely or such objection is ultimately

13   resolved, the Debtor is authorized to pay Wilshire Partners for the prior month provided that the

14   Debtor has sufficient unencumbered funds and/or the amounts requested are otherwise provided

15   for in the Debtor's cash collateral budget.

16                                          **VII.**

17                                  **BASIS FOR RELIEF**

18   Section 363(b)(1) of the Bankruptcy Code provides in relevant part that the "trustee , after

19   notice and a hearing , may use sell or lease, other than in the ordinary course of business, property

20   of the estate." 11 U.S.C. 363(b)(1).  Further, under Section 105(a) of the Bankruptcy Code, the

21   "court may issue any order, process, or judgment that is necessary to carry out the provisions of

22   this title." 11 U.S.C. 105(a).

23   The Court should approve the Debtor's proposed use of its assets under Section 363(b) of

24   the Bankruptcy Code if the proposed use reflects reasonable business judgment.  *See e.g. Myers v.*

25   *Martin (In re Martin)*, 91 F.3d 389, 395 (3rd Cir. 1996) (noting that courts defer to trustee's

26   judgment so long as there is a "legitimate business justification").  Moreover, under Section

27   363(b) a Debtor may employ a professional to serve as its restructuring officer or CRO.  *See e.g.*

28   *In re Tokheim Corp.,* Case No. 02-13437 (Bankr. D. Del. 2003); *In re Radnor Holdings Corp,*

- 6 -

1   Case No. 06-10894 (Bankr. D. Del. 2007); *see In re Montgomery Ward Holding Corp.*, 242 B.R.

2   147, 153 (Bankr. D. Del. 1999)*; see also In re Aajubeo LLC,* 2017 WL 5466655 at *4 (Bankr. D.

3   Col. 2017).

4           Here in the Central District of California, courts have authorized retention of officers in

5   situations substantially similar to what is being requested herein.  *See e.g. In re Westcliff Medical*

6   *Laboratories, Inc.* [Case No. 8:10-bk-16743-TA – Dkt. No. 125]; *In re S.B. Restaurant Co.,*

7   [Case No. 8:14-bk-13778-ES – Dkt. No. 302]; *In re Fatburger Restaurants of California, Inc.,*

8   [Case No. 09-13964-GM – Dkt. No. 506]; *In re Visiting Nurse Association of the Inland*

9   *Counties*, [Case No. 6:18-bk-16908-MH – Dkt. No. 326]; *In re PME Mortgage Fund, Inc.*, [Case

10  No. 6:17-bk-15082-SY – Dkt. No. 64]; *In re Barley Forge Brewing Company, LLC* [Case No.

11  8:19-13920-TA – Dkt. No. 63].

12          Thus, the Debtor presents proposed procedures which are reasonable and consistent with

13  what has been approved in other similar cases where the employment of a CRO has been

14  addressed.  More specifically, this Motion and the procedures proposed herein show that Mr.

15  Laski is qualified and otherwise authorized to serve as CRO and provide a mechanism for the

16  Court and interested parties to retain oversight over the fees paid to Wilshire Partners.

17          As set forth in his CV, Mr. Laski has substantial experience and knowledge regarding the

18  bankruptcy process and restructuring cases and is well suited to advise 450 S. Western through

19  the bankruptcy process and assist with prosecution of this chapter 11 case.  Indeed, Mr. Laski's

20  services are essential and necessary to the Debtor's ongoing bankruptcy efforts.

21          Thus, the Debtor submits that the employment of Wilshire Partners and Mr. Laski as CRO

22  is a sound exercise of its business judgment and the services of Mr. Laski are necessary and

23  essential to the prosecution of this chapter 11 case and maximizing the value of the estate for the

24  benefit of its creditors.  For these reasons the Debtor submits that the relief requested herein in

25  necessary and appropriate, and is the best interest of the estate and creditors and should be

26  granted in all respects.

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

## VIII.

## **DISINTERESTEDNESS**

Notwithstanding the Debtor submits the employment of Wilshire Partners is not governed by Section 327, the Laski Declaration submitted herewith discloses, among other things, all relationships that Wilshire Partners and Mr. Laski has with the Debtor, creditors, and other interested parties. Thus, unless specifically disclosed in the Laski Declaration, Mr. Laski and Wilshire Partners does not have any connection, with or any interest adverse to the Debtor, its creditors, or any other party in interest and therefore is a disinterested person as that term is defined in the Bankruptcy Code.

## IX.

## **NOTICE AND NO PRIOR MOTION**

Notice of this Motion is being provided concurrently herewith to (a) the Office of the United States Trustee; (b) all secured creditors; (c) the 20 largest unsecured creditors; and (d) all parties who have requested special notice. The Debtor submits that in light of the nature of the relief sought, no further notice is required. Finally, no prior motion or application has been made for the relief requested herein to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (1) approving the engagement of Wilshire Partners and Richard J. Laski as the Debtor's CRO pursuant to the Engagement Agreement and (2) authorizing Wilshire Partners to be paid monthly after filing and serving professional Fee Statements as described more fully herein.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

AFDOCS/21503765.1

25

Dated: January 10, 2020                    **ARENT FOX LLP**

By: _/s/ Aram Ordubegian_
    Aram Ordubegian
    M. Douglas Flahaut
    Christopher K.S. Wong
    _Proposed_ General Bankruptcy and
    Restructuring Attorneys for Debtor and
    Debtor-in-Possession

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

AFDOCS/21503765.1

26

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER (1) APPROVING RETENTION AGREEMENT OF WILSHIRE PARTNERS OF CA, LLC AND (2) AUTHORIZING MONTHLY FEE STATEMENT PROCEDURES AND PAYMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **1/10/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Aram Ordubegian on behalf of Debtor 450 S. Western, LLC, a California limited liability company
ordubegian.aram@arentfox.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **1/10/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/10/2020 | AYLIN SOOKASSIANS | /s/ Aylin Sookassians |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

AFDOCS/14156473.1

# EXHIBIT 3

Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:     213.629.7400
Facsimile:     213.629.7401
Emails:     aram.ordubegian@arentfox.com
             douglas.flahaut@arentfox.com
             christopher.wong@arentfox.com

*Proposed* General Bankruptcy and Restructuring
Counsel for Debtor and Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-10264-ER |
| **450 S. WESTERN, LLC, a California limited liability company,** | Chapter 11 |
| Debtor and Debtor-in-Possession | **SUPPLEMENTAL DECLARATION OF RICHARD J. LASKI IN SUPPORT OF MOTION FOR ORDER (1) APPROVING ENGAGEMENT AGREEMENT OF WILSHIRE PARTNERS OF CA, LLC AND (2) AUTHORIZING MONTHLY FEE STATEMENT PROCEDURES AND PAYMENT [Dkt. No. 3]** |

- 1 -

28

1      I, Richard J. Laski, declare as follows:

2      1.    I am over 18 years of age.  Except as otherwise indicated herein, all facts set forth

3 in this declaration (the "Declaration") are known by me from personal knowledge and/or based

4 upon information learned from my review of relevant documents, information supplied to me by

5 management, members, and advisors of 450 S. Western, LLC (the "Company" or the "Debtor").

6 I am authorized to make this declaration on behalf of myself and Wilshire Partners of CA, LLC

7 ("Wilshire Partners").

8      2.    I make this declaration in support of the *Motion for Order (1) Approving*

9 *Engagement Agreement of Wilshire Partners of CA, LLC and (2) Authorizing Monthly Fee*

10 *Statement Procedures and Payment* [Dkt. No. 3] (the "CRO Motion").  More specifically I make

11 this declaration to provide more clarity re certain issues raised by the Office of the United States

12 Trustee as concerns the CRO Motion.

13      3.    For the avoidance of doubt neither I nor Wilshire partners have been engaged to

14 provide valuation, accounting, or investment banking services to the Debtor.  Rather, as provided

15 for in the CRO Motion, I have been engaged the chief restructuring officer ("CRO") to run the

16 Debtor's business in this chapter 11 bankruptcy case, provide direction to estate professionals and

17 make executive decisions with respect to the Company.

18      4.    While I will be serving as CRO, the Engagement Agreement contemplates that

19 Amy Thibodeaux of Wilshire Partners may provide limited CRO support services at an hourly

20 rate of $175.  More specifically, she is expected to assist the Debtor's Chief Financial Officer and

21 accountants in preparing the Company's MORs as well as assist me with preparing the Debtor's

22 cash forecasts and budgets in this bankruptcy case.

23      5.    Finally, the Engagement Agreement does not contemplate a monthly cap on fees

24 for providing services as CRO.  However, the detailed cash collateral budget attached to my

25 "First Day Declaration" [Dkt. No. 7] as Exhibit 4 provides monthly estimates of CRO fees.  As

26 set forth therein I do not anticipate billing more than approximately $30,000 per month and am

27 thus willing to agree that the order approving the CRO Motion can specifically provide that I

28 shall not be paid more than $30,000 in CRO fees per month during this chapter 11 case absent a

1    further Court order, though any and all fees earned in excess of $30,000 may roll over and be paid

2    in the next month or months in the event the fees incurred during that month or months are less

3    than $30,000.

4        I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing is true and correct.

6

7        Executed Tuesday, January 21, 2020, at Pasadena, California.

8

9                                                        Richard J. Laski

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL DECLARATION OF RICHARD J. LASKI IN SUPPORT OF MOTION FOR ORDER (1) APPROVING ENGAGEMENT AGREEMENT OF WILSHIRE PARTNERS OF CA, LLC AND (2) AUTHORIZING MONTHLY FEE STATEMENT PROCEDURES AND PAYMENT [Dkt. No. 3]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **1/21/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **1/21/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**JUDGE**

Honorable Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/21/2020 | AYLIN SOOKASSIANS | */s/ Aylin Sookassians* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                         **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

M Douglas Flahaut on behalf of Debtor 450 S. Western, LLC, a California limited liability company
flahaut.douglas@arentfox.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com, dwalker@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com

Christian T Kim on behalf of Interested Party Christian Kim
ckim@dumas-law.com, ckim@ecf.inforuptcy.com

Richard J Laski (TR)
rlaski@wilshirellc.com

Won Lee on behalf of Attorney Square Mixx LA, Inc.
dlee@metallawgroup.com

Won Lee on behalf of Attorney Eunice Y. Tak
dlee@metallawgroup.com

David W. Meadows on behalf of Creditor G 450, LLC, Pontis Capital, LLC, and Five West Capital, LP
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Juliet Y Oh on behalf of Interested Party Courtesy NEF
jyo@lnbrb.com, jyo@lnbrb.com

Aram Ordubegian on behalf of Debtor 450 S. Western, LLC, a California limited liability company
ordubegian.aram@arentfox.com

Victor A Sahn on behalf of Interested Party Courtesy NEF
vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Debtor 450 S. Western, LLC, a California limited liability company
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

2. **SERVED BY UNITED STATES MAIL**:

**SECURED CREDITORS**

Evergreen Capital Assets LP
c/o Kevin Hughes
Foundation Law Group LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067

Five West Capital, LP
440 S. Vermont #301
Los Angeles, CA 90020

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/21564051.1

G450 LLC and Pontis Capital, LLC
c/o Jason S. Kim, Esq
Blank Rome LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054

## 20 LARGEST UNSECURED CREDITORS

BMB Medical
450 S Western Ave. #205
Los Angeles, CA 90020

Belmont Two Investments Holdings
LLC and Admire Capital Lending, LLC
c/o S. Young Lim, Esq
3530 Wilshire Blvd., Suite 1300
Los Angeles, CA 90010

Bornga
450 S Western Ave. #308-312
Los Angeles, CA 90020

Buet
450 S Western Ave. #305 FC3
Los Angeles, CA 90020

David S. Kim & Associates
3731 Wilshire Blvd. #910
Los Angeles, CA 90010

Eunice Y. Tak
c/o Dan Lee
METAL Law Group, LLP
725 S. Figueroa St., Suite 3065
Los Angeles, CA 90017

Gaju Nail
450 S. Western Ave. #201
Los Angeles, CA 90020

Hyung Hoon
450 S Western Ave. #305 FC1
Los Angeles, CA 90020

JD Plumbing Development, Inc.
6705 Waring Ave. #1
Los Angeles, CA 90038

King Donkatsu
450 S Western Ave. #305 FC4
Los Angeles, CA 90020

Kirsch Kohn & Bridge LLP
21350 W Oxnard St #200
Woodland Hills, CA 91367

Kreation Enterprise Corp.
450 S Western Ave. #201
Los Angeles, CA 90020

Mealtop
450 S Western Ave. #307
Los Angeles, CA 90020

New Creation Engineering and
Builders, Inc.
17809 Clark Ave.
Bellflower, CA 90706

One Stop Financial Consulting, Inc.
c/o Kim, Shapiro, Park & Lee APLC
3435 Wilshire Blvd. #2050
Los Angeles, CA 90010

Philmont Management Inc.
3450 Wilshire Blvd #850
Los Angeles, CA 90010

Sino-US Investment and Management
Consultant Limited
c/o Felix Woo
FTW Law Group
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017

SoCal Lien Solution, LLC
c/o Sagar Parikh Beverly Hills Law Corp.
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210

Square Mixx LA, Inc.
c/o Dan Lee
METAL Law group, LLP
725 S. Figueroa St., Suite 3065
Los Angeles, CA 90017

Ye Teahouse
450 S Western Ave. #315
Los Angeles, CA 90020

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

AFDOCS/21564051.1

33

EXHIBIT 4

1    Aram Ordubegian (SBN 185142)
     M. Douglas Flahaut (SBN 245558)
2    Christopher K.S. Wong (SBN 308048)
     **ARENT FOX LLP**
3    555 West Fifth Street, 48th Floor
     Los Angeles, CA  90013-1065
4    Telephone:    213.629.7400
     Facsimile:    213.629.7401
5    Emails:    aram.ordubegian@arentfox.com
              douglas.flahaut@arentfox.com
6              christopher.wong@arentfox.com

7    *Proposed* General Bankruptcy and Restructuring
     Counsel for Debtor and Debtor-In-Possession
8

| FILED & ENTERED |
| --- |
| FEB 06 2020 |
| CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY gonzalez  DEPUTY CLERK |

**CHANGES MADE BY COURT**

9                **UNITED STATES BANKRUPTCY COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11                   **LOS ANGELES DIVISION**

12   In re

13   **450 S. WESTERN, LLC, a California
     Limited Liability Company**

14

15                        Debtor and Debtor-in-
                          Possession
16

17

18

19

20

Case No. 2:20-bk-10264-ER

Chapter 11

**ORDER GRANTING** *MOTION FOR
ORDER APPROVING ENGAGEMENT
AGREEMENT OF WILSHIRE PARTNERS
OF CA, LLC AND (2) AUTHORIZING
MONTHLY FEE STATEMENT
PROCEDURES AND PAYMENT*

Hearing:

Date:    February 4, 2020
Time:    11:00 a.m.
Place:    Courtroom 1568
         255 E. Temple St.,
         Los Angeles, CA 90012

21

22        IN THIS DISTRICT, AT LOS ANGELES, CALIFORNIA, ON THE DATE

     INDICATED BELOW:
23

24        A hearing on the *Motion for Order (1) Approving Engagement Agreement of Wilshire

     Partners of CA, LLC and (2) Authorizing Monthly Fee Statement Procedures and Payment* [Dkt.
25
     No. 3] (the "Motion") filed by 450 S. Western, LLC, as debtor and debtor-in-possession in the
26
     above-captioned chapter 11 case (the "Debtor") was held on February 4, 2020.  The Court having
27
     reviewed and considered the Motion; notice of the Motion [Dkt. No. 4]; the first day declaration
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21503696.1

34

1  of Richard J. Laski in support of the Motion [Dkt. No. 7]; the *Supplemental Declaration of*

2  *Richard Laski* [Dkt. No. 40]; and the record in the above-captioned case and it appearing that the

3  Court has jurisdiction over this matter; that notice of the Motion was sufficient and appropriate

4  and no further notice must be given; that Richard J. Laski and Wilshire Partners[1] are disinterested

5  parties as that term is defined in the Bankruptcy Code; that no opposition to the Motion was

6  made; and for other good cause appearing,

7  **IT IS HEREBY ORDERED THAT:**

8  1.    The Motion is GRANTED for the reasons set forth in the Court's tentative ruling

9  [Doc. No. 51], which the Court adopts as its final ruling and which is incorporated herein by

10  reference;

11  2.    The engagement of Wilshire Partners and Richard J. Laski as the Debtor's chief

12  restructuring officer pursuant to the Engagement Agreement attached to Mr. Laski's "First Day"

13  Declaration as Exhibit 2 thereto is approved; and

14  3.    The Debtor is authorized to pay Wilshire Partners monthly, provided that Wilshire

15  Partners must comply with the Fee Statement procedures set forth in the Section VI of the

16  Motion.

17  ###

18

19

20

21

22

23

24  Date: February 6, 2020

25  Ernest M. Robles
United States Bankruptcy Judge

26

27

28  _____
[1] Capitalized terms not defined herein are defined in the Motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

AFDOCS/21503696.1

35

EXHIBIT 5

1  Aram Ordubegian (SBN 185142)
   M. Douglas Flahaut (SBN 245558)
2  Christopher K.S. Wong (SBN 308048)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:    213.629.7400
   Facsimile:    213.629.7401
5  Emails:    aram.ordubegian@arentfox.com
               douglas.flahaut@arentfox.com
6              christopher.wong@arentfox.com

7  General Bankruptcy and Restructuring Counsel for
   Debtor and Debtor-In-Possession

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **LOS ANGELES DIVISION**

12  | In re | Case No. 2:20-bk-10264-ER |
|---|---|
13  | **450 S. WESTERN, LLC, a California Limited Liability Company,** | Chapter 11 |
14  | | **NOTICE OF NOVEMBER 2020 MONTHLY FEE STATEMENT OF WILSHIRE PARTNERS OF CA, LLC IN ITS ROLE AS THE DEBTOR'S CHIEF RESTRUCTURING OFFICER** |
15  | Debtor and Debtor-in-Possession | |

16

17

18       TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES

19  BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:

20       **PLEASE TAKE NOTICE THAT** this Monthly Fee Statement is hereby filed and served

21  on behalf of Wilshire Partners of CA, LLC, the Court-approved CRO for above-captioned chapter

22  11 debtor and debtor-in-possession (the "Debtor") in compliance with those procedures approved

23  by the Court's *Order Granting Motion for Order (1) Approving Engagement Agreement of*

24  *Wilshire Partners of CA LLC and (2) Authorizing Monthly Fee Statement Procedures and*

25  *Payment* [Dkt. No. 52].

26       **PLEASE TAKE FURTHER NOTICE THAT** as set forth in **Exhibit 1** hereto Wilshire

27  Partners of CA, LLC seeks $30,190.30 in fees and expenses at this time for the period beginning

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/22253586.1

1   on November 1, 2020 and continuing through and including November 30, 2020.  As set forth in

2   Exhibit 1, 107.6 hours of professional time was incurred by Richard Laski, 14.7 hours of

3   professional time was incurred by Amy Thibodeaux, and $190.30 of expenses were incurred.

4       **PLEASE TAKE FURTHER NOTICE THAT** detailed time records for the preceding

5   month for all Wilshire Partners of CA, LLC professionals will be served on the Office of the

6   United States Trustee along with this Fee Statement and may be obtained by any interested party

7   by requesting same in writing from Richard Laski by emailing him at rlaski@wilshirellc.com.

8       **PLEASE TAKE FURTHER NOTICE THAT** any interested party with standing before

9   the Court shall have ten (10) days from the service of the Fee Statement to object to such Fee

10  Statement by filing such objection with the Court and serving it on Wilshire Partners of CA, LLC

11  as well as counsel for the Debtor.  If an objection to this Fee Statement is timely filed, a hearing

12  on the approval of the Fee Statement shall be set by the Debtor and the fees requested shall be

13  subject to review and approval by the Court.  If no objection is filed timely or such objection is

14  ultimately resolved, the Debtor is authorized to pay Wilshire Partners of CA, LLC the amount set

15  forth in this Fee Statement, provided that the Debtor has sufficient unencumbered funds and/or

16  the amounts requested are otherwise provided for in the Court-approved cash collateral budget.

17

18

19  Dated: December 2, 2020            **WILSHIRE PARTNERS OF CA, LLC**

20

21                                     By: _____

22                                         Richard J. Laski

23

24

25

26

27

28

Arent Fox LLP
Attorneys At Law
Los Angeles

- 2 -

AFDOCS/22253586.1

37

# EXHIBIT 1



**470 Maylin Street**
**Pasadena, CA  91105**
*(EIN: 16-1606362)*
*(716) 868-8483*

*Invoice #: 113020*                                                                                   December 2, 2020

450 S. Western, LLC
c/o Joshua Park
450 S. Western Ave.  #101
Los Angeles, CA  90020

**Invoice for Chief Restructuring Officer (CRO) Services for the period ended 11/30/20:**

For professional services rendered as the Chief Restructuring Officer of 450 S. Western, LLC.  CRO Services include meetings, emails, phone conversations and correspondence with attorneys, lenders, financial advisors, brokers, prospective buyers and others as required to meet the restructuring and operating needs of the company in accordance with the Engagement Agreement effective December 27, 2019.

|  | Hours | | Fees |
|---|---|---|---|
| **Richard Laski - Chief Restructuring Officer Services - per attached schedule** | 107.6 | $ | **53,800.00** |
| **Amy Thibodeaux - Accounting and CRO Support Services - per attached schedule** | 14.7 | $ | **2,572.50** |
| Plus: Amount carried forward from prior month in accordance with Supplemental Declaration dated 1/21/20 | | $ | 28,952.50 |
| **Total Current Period CRO Services Provided** | | $ | **85,325.00** |
| Less: Amount to be carried forward to next month in accordance with Supplemental Declaration dated 1/21/20 | | $ | (55,325.00) |
| **Net Invoice for CRO Services provided** | | $ | **30,000.00** |
| | | | |
| **Expenses:** | | | |
| **Round trip mileage to Koreatown** (30 miles round trip x $.50) x 2 Trips | | $ | 30.00 |
| **Round trip mileage to Chicago Title escrow** (25 miles round trip x $.50) | | $ | 12.50 |
| **Notary Fees** - Grant Deed - 450 S. Western | | $ | 15.00 |
| **Printing, copying and scanning** (1,328 pages at 10 cents per page) | | $ | 132.80 |
| **Total Amount of this Invoice** | | $ | **30,190.30** |

39

# WILSHIRE
### PARTNERS, LLC.

## Summary of CRO Services - Richard Laski

| Day | Date | 450 S. Western Hours | Fees | Description/Comments |
|---|---|---|---|---|
| Sunday | 11/01/20 | | $ - | |
| Monday | 11/02/20 | 1.0 | $ 500.00 | Multiple emails with attorneys regarding PSA open matters; Follow-up with Joshua P. regarding open due diligence matters |
| Tuesday | 11/03/20 | 0.7 | $ 350.00 | Phone calls and emails with Buyer team regarding closing and due diligence matters; Review revised October rent schedule |
| Wednesday | 11/04/20 | 6.0 | $ 3,000.00 | On site visit and meeting with Joshua P. regarding November tenant issues, sign estoppel assignment certificates, review November rental status; Phone call and emails with Doug F. regarding action steps needed to open escrow and finalize and sign PSA; Email to Partners Engineering regarding reports needed by Buyer group; follow-up on payment of payroll taxes; multiple emails regarding lease transfers and escrow matters |
| Thursday | 11/05/20 | 3.5 | $ 1,750.00 | Multiple phone calls and emails with Buyer group and escrow regarding closing matters; send Sale Order and Preliminary Title Report to requesting parties; Review and approve revised Purchase Price Adjustment schedule, circulate to attorneys and Buyer group |
| Friday | 11/06/20 | 3.7 | $ 1,850.00 | Follow-up with escrow and Buyer group regarding closing matters and Seller concerns regarding timely closing; push for fully executed PSA; Conference call with Joshua and Dan S. and Jake S. regarding PSA and other Buyer matters; discussions with attorneys; Follow-up with Joshua regarding monthly expenses and operating matters |
| Saturday | 11/07/20 | | $ - | |
| Sunday | 11/08/20 | 0.8 | $ 400.00 | Phone call and emails with Buyer group; discussions with Jake Sharp regarding PSA matters |
| Monday | 11/09/20 | 4.2 | $ 2,100.00 | Prepare revised Purchase Price Adjustment schedule and Proceeds Distribution schedule, forward to attorneys and Buyers; Conference call with attorneys and Buyers to discuss closing matters; Review new PSA from Buyers, confirm no changes from prior versions; Forward distribution schedule to Buyers; discussions regarding broker fees; On-site visit with Joshua P. to review operating matters |
| Tuesday | 11/10/20 | 5.5 | $ 2,750.00 | Phone calls & emails with attorneys and Buyer group re ongoing closing matters, escrow issues, escrow payments; conference call re closing concerns; Emails re Evergreen escrow and wire instructions; follow-up on wire payment instructions for secured creditors; Emails and calls re Philmont matters; phone calls and emails with David M. re calculation of senior secured creditor amounts due; Operational discussions with Joshua P. |
| Wednesday | 11/11/20 | 3.5 | $ 1,750.00 | Phone calls and emails with CBRE and Aram O. re disputed commission matters; Conference call with attorneys and senior secured creditor regarding payoff issues and matters; Review payoff calculations with David M.; Conference call with David M. regarding treatment of payments at closing and Evergreen disputed matters; prepare distribution schedule based on 11/13/20 closing, review with Buyer group; Emails with CBRE re PSA |
| Thursday | 11/12/20 | 6.4 | $ 3,200.00 | Phone calls & emails with Aram O. and Doug F. re communications with buyer group and closing concerns; emails re disposed email, discussions regarding seller closing matters; Zoom conference meeting with Buyer group to discuss timing and closing matters; phone calls and emails with Evergreen re backup bid proposals; Discussions with David meadows re possibility of senior secured creditors retaining some debt position after closing; Discussions with Evergreen re legal fees added to secured claim; Follow-up with Joshua re November rent collections |
| Friday | 11/13/20 | 9.6 | $ 4,800.00 | Phone call with Buyer group regarding closing funding and need for extension; email to Buyer group with actions required for extension to be granted; review and sign off on final PSA, multiple emails and discussions with Doug F.; Phone calls and emails with Jefferson J. at escrow re closing matters; Zoom conference with Buyer group to discuss logistics of extension and documents and payments needed; Phone calls and emails with Richard Kim at Evergreen re backup bid possibilities, agree to structure of backup bid; Review first amendment to PSA, multiple discussions with Doug F. and Jake S.; Approve and sign First Amendment to PSA; Update escrow distributions schedule, send updated schedules to Buyer and seller groups; Follow-up on November rent collections; Finalize structure of Evergreen back-up bid with Richard Kim. |
| Saturday | 11/14/20 | 2.5 | $ 1,250.00 | Phone call with David M. re status of case, structure of extension, status of back-up bidder and multiple other secured creditor matters and foreclosure matters; Send PSA and first amendment to David M.; follow-up with Aram O. and Doug F. regarding actions required in upcoming week. |
| Sunday | 11/15/20 | | $ - | |
| Monday | 11/16/20 | 3.7 | $ 1,850.00 | Follow-up with Beverly L. re parking matters at marketplace; Review, approve and sign October MOR, update MOR for first amendment to PSA; Review draft stipulation from secured creditors re distribution of sale proceeds, discussions & emails with Doug F.; Emails with CBRE and Doug F. re Evergreen back-up bid proposals; Emails with Buyer group re closing timing and logistics, conference call with Buyer group re open closing issues. |
| Tuesday | 11/17/20 | 3.5 | $ 1,750.00 | Follow-up with Evergreen re wire instructions; phone call and emails with attorneys at Arent Fox re closing documents required for escrow; Phone calls and emails with Doug F. re Philmont claim and secured creditor stipulation concerns; Review escrow document requests with Chris W.; Review David M. redlines to secured creditor stipulation, discussions with Doug F. re stipulation edits; Review closing documents from Chris W. |
| Wednesday | 11/18/20 | 8.3 | $ 4,150.00 | Recalculate transfer tax & other closing cost calculations; Multiple emails with Jefferson J. at escrow re closing documents; Review and sign multiple closing documents required for escrow, conference call with Chris W. re closing documents, get Grant Deed notarized, drop off originals of all Seller closing documents at escrow before close of business; Phone calls and multiple emails with Richard K. re terms of Evergreen back-up bid, send closing cost calculations; Ongoing discussions & emails re Philmont issues; Phone calls and emails with buyer group re closing matters and logistics; Prepare revised Exhibit A to secured creditor stipulation, discussions with Doug F.; discussions with Joshua re tenant matters & rent collections. |
| Thursday | 11/19/20 | 9.2 | $ 4,600.00 | Emails & phone calls with Jefferson J. at escrow re open matters, authority documents, and other closing document, multiple follow-up emails, afternoon conference call with escrow team; Discussions with Aram O. & Doug F. re need for further closing time extensions and additional deposits; Email to Buyer group with clear instructions re actions required to grant second amendment to PSA; Conference call with Buyer group re second amendment requirements, draft second amendment; Revise second amendment based on late buyer issues; Review multiple draft seller's closing statements, discussions regarding edits with Jefferson J.; Follow-up with creditors re wire transfer instructions; Review first draft of seller's escrow instructions; Review further updates to Exhibit A of Secured creditor stipulation; conference call with Buyer group and revise and send further update to second amendment to PSA, circulate to all parties for signature. |
| Friday | 11/20/20 | 7.5 | $ 3,750.00 | Phone calls with Buyer group re status of deposit payments and extension timing; prepare a new edit to second amendment to PSA; Second call with Buyer group, agree to a two week extension if deposit is increased; Confirm Buyer deposits received; phone calls and emails with Doug F. and Buyer group re revised amendment to PSA, review, approve and sign revised second amendment to PSA; Phone calls and emails with escrow regarding open items; Review and approve revised seller closing statement with escrow; review notice to be filed with court along with second amendment to PSA; Discussions with Joshua P. re November rents, review updated 2020 rent collections schedule, reconcile receipts to bank accounts. |
| Saturday | 11/21/20 | | $ - | |
| Sunday | 11/22/20 | | $ - | |
| Monday | 11/23/20 | 6.0 | $ 3,000.00 | Phone call with David M. re status of sale, Secured creditor possible claims to deposit funds, and Evergreen back-up bid options; Follow-up with Evergreen re back-up bid terms; Phone calls and emails with Jefferson J. at escrow re deposits received and open closing matters; Phone calls and emails re equity matters and closing logistics; phone call with Rob S. at Columbia Pacific re Buyers funding status and open closing matters; Review updated sales proceeds disbursement schedule and price adjustment schedule; Discussions with Doug F. re secured creditor stipulation and daily adjustments for closing date changes. |
| Tuesday | 11/24/20 | 5.5 | $ 2,750.00 | Multiple phone calls and emails with Escrow and Buyer group regarding purchase price calculations and distribution schedule updates; discuss modifications to closing statement to clarify interest reimbursements; Review draft #3 to sellers closing statement, discuss with Jefferson J.; review email from escrow with multiple open items for closing, discussions and emails with Doug F. and with Buyer group; Discussions re assumption and assignment motion with Aram O. and Doug F.; review rent collections schedule for November, discussions with Joshua P. re operating issues |
| Wednesday | 11/25/20 | 5.2 | $ 2,600.00 | Follow-up on marketplace payroll matters; Phone call with David M. and Doug F. re nonpayment of adequate protection payment for November; Email to David M. and interested parties clarifying issues and reasons for Debtor's non-payment of adequate protection; Discussions and emails with Doug F. re Evergreen claim issues and Philmont matters; Further discussions with Buyer group re assumption of leases motion; Follow-up with Jefferson J. at escrow re open closing matters, review and discuss 3pm list of open issues; closing update discussions with CBRE and Aram O. |
| Thursday | 11/26/20 | | $ - | |
| Friday | 11/27/20 | 2.8 | $ 1,400.00 | Review marketplace payroll and payroll tax matters; Phone call with Joshua P. re operating matters and action plan for next week; Review seller's closing instructions from escrow; prepare edits to sellers escrow instructions; Review and approve updated purchase price adjustment and closing distribution schedules for planned 12/2/20 closing; revise Exhibit A to secured creditor stipulation per various proposed edits |
| Saturday | 11/28/20 | | $ - | |
| Sunday | 11/29/20 | | $ - | |
| Monday | 11/30/20 | 8.5 | $ 4,250.00 | Phone call with Joshua P. re month-end payroll and payment of pre-closing expenses, discuss general operating issues; Review draft lease assumption motion and discussions with Doug F.; Review proposed edits to Secured creditor stipulation by Evergreen, Philmont and David M.; Discussions with Jefferson J. at escrow re closing matters, revise Exhibit A to agree to updated stipulation wording, circulate revised Exhibit A to all parties; Phone call and email with Rob S. at Columbia Pacific re closing matters; Discuss unresolved closing matters with Jefferson J. at escrow; Prepare additional price adjustment schedule and proceeds distribution schedule based on new 12/3/2020 closing date, circulate additional schedules to all parties; Follow-up with brokers re payment of fees and handling of disputed fees; Review updated draft of seller closing instructions and revised seller closing documents with Chris W.; Review and approve draft #4 of sellers closing statement |
| **Total for Services Rendered** | | **107.6** | **$ 53,800.00** | |

40



**Summary of Accounting and CRO Support Services - Amy Thibodeaux**

| Day | Date | 450 S. Western Hours | Fees | Description/Comments |
|-----|------|-------|------|----------------------|
| Sunday | 11/01/20 | | $ - | |
| Monday | 11/02/20 | | $ - | |
| Tuesday | 11/03/20 | | $ - | |
| Wednesday | 11/04/20 | | $ - | |
| Thursday | 11/05/20 | 0.5 | $ 87.50 | Prepare schedule of purchase price adjustment |
| Friday | 11/06/20 | | $ - | |
| Saturday | 11/07/20 | | $ - | |
| Sunday | 11/08/20 | | $ - | |
| Monday | 11/09/20 | | $ - | |
| Tuesday | 11/10/20 | 5.0 | $ 875.00 | Reconcile bank accounts; review October financial statements; prepare October MOR |
| Wednesday | 11/11/20 | | $ - | |
| Thursday | 11/12/20 | | $ - | |
| Friday | 11/13/20 | | $ - | |
| Saturday | 11/14/20 | | $ - | |
| Sunday | 11/15/20 | | $ - | |
| Monday | 11/16/20 | 3.5 | $ 612.50 | Update October MOR with changes from review by Rich L., prepare files for filing, email to Doug F.; review 11/20/20 updated Sales Proceeds Allocation interest calculations |
| Tuesday | 11/17/20 | | $ - | |
| Wednesday | 11/18/20 | 3.2 | $ 560.00 | Prepare wire transfer instructions for escrow for secured creditor payments, break-up fee and bankruptcy estate segregated trust funds; scan escrow documents, forward to Chicago Title Company |
| Thursday | 11/19/20 | 1.5 | $ 262.50 | Update Sales Proceeds Allocation, Purchase Price Adjustments & Secured Creditor Interest Calculations schedules for new sale close date of 11/25/20;  prepare memo to escrow with U.S. Trustee fee payment instructions |
| Friday | 11/20/20 | | $ - | |
| Saturday | 11/21/20 | | $ - | |
| Sunday | 11/22/20 | | $ - | |
| Monday | 11/23/20 | 1.0 | $ 175.00 | Update Sales Proceeds Allocation, Purchase Price Adjustments & Secured Creditor Interest Calculations schedules for new projected sale close date of 12/2/20 |
| Tuesday | 11/24/20 | | $ - | |
| Wednesday | 11/25/20 | | $ - | |
| Thursday | 11/26/20 | | $ - | |
| Friday | 11/27/20 | | $ - | |
| Saturday | 11/28/20 | | $ - | |
| Sunday | 11/29/20 | | $ - | |
| Monday | 11/30/20 | | $ - | |
| **Total for Services Rendered** | | **14.7** | **$ 2,572.50** | |
| | | | - | |

# Wilshire Partners of CA, LLC

## *450 S. Western, LLC*

## *Summary of Deferred Portion of Services*

**Deferred Portion of Services per Section E of CRO Engagement contract:**

| Period | Hours | | Deferred Amount |
|---|---|---|---|
| Period ended 1/8/20 | 28.7 | $ | 7,175.00 |
| Period ended 1/10/20 | 6.0 | $ | 1,500.00 |
| Period ended 1/31/20 | 49.9 | $ | 12,475.00 |
| Period ended 2/29/20 | 59.4 | $ | 14,850.00 |
| Period ended 3/31/20 | 67.7 | $ | 16,925.00 |
| Period ended 4/30/20 | 54.7 | $ | 13,675.00 |
| Period ended 5/31/20 | 44.3 | $ | 11,075.00 |
| Period ended 6/30/20 | 59.2 | $ | 14,800.00 |
| Period ended 7/31/20 | 47.2 | $ | 11,800.00 |
| Period ended 8/31/20 | 52.1 | $ | 13,025.00 |
| Period ended 9/30/20 | 85.8 | $ | 21,450.00 |
| Period ended 10/31/20 | 57.5 | $ | 14,375.00 |
| Period ended 11/30/20 | 107.6 | $ | 26,900.00 |
| **Deferred Payment Balance** | **720.1** | **$** | **180,025.00** |

42

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER APPROVING PAYMENT OF DEFERRED COMPENSATION EARNED BY WILSHIRE PARTNERS OF CA, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **12/10/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **12/10/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/10/2020 | AYLIN SOOKASSIANS | /s/ Aylin Sookassians |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

AFDOCS/23304847.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Jesse S Finlayson on behalf of Creditor Philmont Management, Inc.
jfinlayson@ftrlfirm.com, bmendoza@ftrlfirm.com

M Douglas Flahaut on behalf of Attorney Arent Fox LLP
flahaut.douglas@arentfox.com

M Douglas Flahaut on behalf of Debtor 450 S. Western, LLC, a California limited liability company
flahaut.douglas@arentfox.com

Maria L Garcia on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S. WESTERN, LLC
Maria.L.Garcia@lewisbrisbois.com

Amy L Goldman on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S. WESTERN, LLC
Amy.Goldman@lewisbrisbois.com

Jeffrey T Gwynn on behalf of Creditor New Creation Engineering and Builders, Inc.
jgwynn@vervelaw.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Christian T Kim on behalf of Interested Party Christian Kim
ckim@dumas-law.com, ckim@ecf.inforuptcy.com

Richard J Laski (TR)
rlaski@wilshirellc.com

John P Lee on behalf of Creditor One Stop Financial Consulting, Inc.
jlee@kspllaw.com, admin@kspllaw.com

John P Lee on behalf of Creditor Richvest Asset Holdings, LLC.
jlee@kspllaw.com, admin@kspllaw.com

Won Lee on behalf of Attorney Square Mixx LA, Inc.
dlee@metallawgroup.com

Won Lee on behalf of Attorney Eunice Y. Tak
dlee@metallawgroup.com

Kenderton S Lynch on behalf of Creditor Evergreen Capital Assets, LP
kenlynchlaw@aol.com

Kenderton S Lynch on behalf of Interested Party Courtesy NEF
kenlynchlaw@aol.com

David W. Meadows on behalf of Creditor G 450 LLC
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor G 450, LLC, Pontis Capital, LLC, and Five West Capital, LP
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/23304847.1

Juliet Y Oh on behalf of Interested Party Admire Capital Lending, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Juliet Y Oh on behalf of Interested Party Belmont Two Investment Holdings, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Juliet Y Oh on behalf of Interested Party Courtesy NEF
jyo@lnbrb.com, jyo@lnbrb.com

Aram Ordubegian on behalf of Attorney Arent Fox LLP
ordubegian.aram@arentfox.com

Aram Ordubegian on behalf of Debtor 450 S. Western, LLC, a California limited liability company
ordubegian.aram@arentfox.com

Sagar Parikh on behalf of Creditor SoCal Lien Solutions, LLC
SP@BeverlyHillsLawCorp.com

Amelia Puertas-Samara on behalf of Debtor 450 S. Western, LLC, a California limited liability company
itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov

Dean G Rallis, Jr on behalf of Interested Party Courtesy NEF
drallis@hahnlawyers.com,
marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com;drallis@ecf.inforuptcy.com

Victor A Sahn on behalf of Interested Party Courtesy NEF
vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

Lovee D Sarenas on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S. WESTERN, LLC
lsarenas@sklarkirsh.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Debtor 450 S. Western, LLC, a California limited liability company
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Felix T Woo on behalf of Creditor SINO-US INVESTMENT AND MANAGEMENT CONSULTANT LIMITED
fwoo@ftwlawgroup.com, admin@ftwlawgroup.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/23304847.1