B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>PHILMONT MANAGEMENT, INC. | **DEFENDANTS**<br>450 S. WESTERN AVE., LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jesse S. Finlayson / Matthew E. Lilly<br>FINLAYSON TOFFER ROOSEVELT & LILLY LLP<br>15615 Alton Parkway, Suite 250, Irvine, CA 92618<br>949.759.3810 | **ATTORNEYS** (If Known)<br>Aram Ordubegina / M. Douglas Flahaut / Christopher K.S. Wong<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor, Los Angeles, CA 90013-1065<br>213.629.7400 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory relief to determine the extent, validity, and the priority of mechanic's lien

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,808,281.32 (plus statutory interest) |
| Other Relief Sought<br>Declaratory relief | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>450 S. WESTERN AVE., LLC | BANKRUPTCY CASE NO.<br>2:20-bk-10264-ER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest M. Robles |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>  /s/ Jesse S. Finlayson | | |
| DATE<br>February 11, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jesse S. Finlayson | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

JESSE S. FINLAYSON, SBN 179443
*jfinlayson@ftrlfirm.com*
MATTHEW E. LILLY, SBN 218143
*mlilly@ftrlfirm.com*
**FINLAYSON TOFFER**
**ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 250
Irvine, CA 92618
Telephone:  949.759.3810
Facsimile:   949.759.3812

Attorneys for Plaintiff
Philmont Management, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-10264-ER |
| 450 S. WESTERN AVE., LLC, | Chapter 11 |
|     Debtor and Debtor-in-Possession. | Adv. Proc. No. |
| PHILMONT MANAGEMENT, INC., | **COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF LIEN ON ESTATE PROPERTY** |
|     Plaintiff, | |
| v. | |
| 450 S. WESTERN AVE., LLC, | |
|     Defendant. | |

Plaintiff Philmont Management, Inc. ("Philmont") files this Complaint against Defendant 450 S. Western Ave., LLC ("450 S. Western") and alleges as follows:

## JURISDICTION AND VENUE

1. Pursuant to Federal Rule of Bankruptcy Procedure 7008 and LBR 7008-1, Philmont consents to entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

2. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001(2).

3. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K).  This adversary proceeding arises under title 11 of the United States Code (the "Bankruptcy Code") and arises in a case under the Bankruptcy Code pending before the Bankruptcy Court.

4. Venue of this adversary proceeding is properly before the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. Philmont is a California corporation with its principal place of business in Los Angeles, California.

6. 450 S. Western is a California limited liability company and the debtor and debtor-in-possession in this chapter 11 case.

## GENERAL ALLEGATIONS

7. Prior to filing for bankruptcy protection, 450 S. Western was the owner and operator of the real property located at 450 S. Western Ave., Los Angeles, California (the "Property").  The Property is a three-story, 80,046 square foot, shopping center—commonly known as California Marketplace—located at the intersection of South Western Avenue and 5th Street in Koreatown.

8. Philmont is, and at all times herein mentioned was, a contractor duly licensed by the State of California, Contractors State License Board, as License

No. 808686 in the following classifications:  A – General Engineering Contractor, B – General Building Contractor, C20 – Warm-Air Heating, Ventilating and Air-Conditioning, C-36 – Plumbing, C16 – Fire Protection Contractor, and C10 – Electrical.

9. Beginning in or about 2017, 450 S. Western contracted with Philmont to perform certain tenant improvements at the Property, including a kiosk in suite 212, a food court on the third floor, and a salon in suite 221.

10. Philmont performed the work as requested and originally billed 450 S. Western the total of $1,835,561.32 for labor and materials.

11. Initially, 450 S. Western's Chief Financial Officer and Chief Operating Officer, Joshua Park, informed Philmont that its invoices would not be paid until June 2018.  When the promised payments were not received, Philmont exercised its fundamental right under the California Constitution and timely recorded its first mechanic's lien in the amount of $1,835,561.32 on July 18, 2018.  Philmont subsequently agreed to give 450 S. Western a credit in the amount of $27,280.00 which reduced the total amount due to $1,808,281.32.

12. Over the next approximately eighteen (18) months, 450 S. Western repeatedly reassured Philmont that the amount due under its valid mechanic's lien would be paid.  As part of these discussions, 450 S. Western informed Philmont that: (a) it was in the process of completing a refinance of the Property; and (b) Philmont's valid mechanic's lien would be paid through escrow as part of that refinance transaction.  450 S. Western further requested that Philmont not file a lawsuit to perfect its valid mechanic's lien against the Property because doing so would create a cloud on title and potentially jeopardize the pending refinance.  Instead, 450 S. Western and Philmont understood that Philmont would simply re-record its mechanic's lien if not paid from the escrow of the impending refinance within 90 days of the original recording.  The parties further understood that 450 S. Western would not claim the successive liens were untimely.

13. In reasonable reliance on 450 S. Western's representations and promises, Philmont did not commence an action to foreclose its valid mechanic's lien against the Property and, instead, re-recorded its mechanic's lien four additional times between June 2018 and December 2019. The act of multiple recordings of Philmont's valid mechanic's lien was consistent with the parties' understanding and, accordingly, 450 S. Western did not object. Rather, 450 S. Western continued to give assurances to Philmont that its lien would be paid from the refinance, but that the refinance process required more time.

14. In reasonable reliance on 450 S. Western's representations and promises, Philmont recorded its fifth and final mechanic's lien against the Property on December 19, 2019 for the outstanding sum then due from 450 S. Western in the amount of $2,361,878.40, including statutory interest.

15. On January 10, 2020, 450 S. Western filed a voluntary chapter 11 bankruptcy petition.

16. On April 29, 2020, Philmont filed a timely Notice of Perfection of Mechanic's Lien under 11 U.S.C. § 546(c).

17. On May 28, 2020, Philmont filed a timely Proof of Claim in the Debtor's bankruptcy case again reasserting its mechanic's lien.

18. On September 23, 2020, 450 S. Western filed a motion to approve the sale of the Property, subject to overbids.  In the sale motion, 450 S. Western claimed for the first time—and contrary to its prior repeated assertions and requests—that Philmont's mechanic's lien was invalid and disputed.

19. At an extensive auction conducted on October 14, 2020, the Bankruptcy Court approved the sale of the sale of the Property to the winning bidder for $57.5 million.

20. On October 23, 2020, the Bankruptcy Court entered an order approving the sale of the Property under Sections 363(b) and (f) of the Bankruptcy Code.  Under the terms of the sale order and applicable law, all secured claims against the Property

attached to the sale proceeds to the same extent, validity, and priority that existed immediately prior to the sale.

21. On November 30, 2020, 450 S. Western filed a stipulation entered into with Philmont and the other secured creditors which authorized the immediate payment of certain undisputed unsecured claims directly from escrow.

22. After a short delay, the sale of the Property closed on December 4, 2020. Philmont is informed and believes, and on that basis alleges, that immediately after the closing 450 S. Western held sale proceeds of approximately $11,419,486 in a segregated trust account subject to the remaining disputed secured claims, including Philmont's mechanic's lien.

23. Subsequent to the closing, 450 S. Western entered into a stipulation with at least one of the disputed secured creditors (New Creation New Creation Engineering and Builders, Inc.) to reduce the amount of and pay its claim. Philmont is informed and believes, and on that basis alleges, that 450 S. Western is still holding nearly $11 million in proceeds from the sale of the Property subject to Philmont's mechanic's lien and the other disputed secured claims.

24. On January 27, 2021, 450 S. Western filed a Chapter 11 Plan of Liquidation and accompanying Disclosure Statement again disputing the extent, validity, or priority of Philmont's mechanic's lien.

## CLAIM FOR RELIEF

**(Determination of the Validity, Priority, and Extent of Lien on Estate Property – Fed. R. Bankr. P. 7001(2))**

25. Philmont incorporates by reference the allegations of paragraphs 1 through 23, inclusive, as if fully set forth herein.

26. At all relevant times described above, Philmont held and continues to hold a valid mechanic's lien against the Property and the cash proceeds of the sale of the Property under applicable non-bankruptcy law.

27. Contrary to its prior assurances and requests, 450 S. Western now apparently disputes the extent, validity, and/or priority of Philmont's mechanic's lien. 450 S. Western is estopped from changing its position pursuant to applicable non-bankruptcy law.

28. As a result of the foregoing, an actual controversy has arisen and now exists between Philmont and 450 S. Western as to the validity, priority, and extent of Philmont's mechanic's lien on the cash proceeds of the sale of the Property.

29. A determination by the Bankruptcy Court of the validity, priority, and extent of Philmont's mechanic's lien is necessary to the proper administration of the estate and to determine Philmont's right to payment under 450 S. Western's proposed Chapter 11 Plan of Liquidation.

## REQUEST FOR JUDGMENT

Philmont prays for judgment as follows:

A. A determination by the Bankruptcy Court that Philmont holds a valid and enforceable mechanic's lien on the proceeds of the sale of the Property in the amount of $1,808,281.32 plus statutory interest from the initial due date until paid in full; and

B. Such other relief as the Bankruptcy Court may deem just and proper.

DATED: February 11, 2021

FINLAYSON TOFFER
ROOSEVELT & LILLY LLP

By: _____/s/ Jesse S. Finlayson_____
            Jesse S. Finlayson

Attorneys for Plaintiff
Philmont Management, Inc.