Stephanie L. Krafchak (SB 113865)
skrafchak@mac.com
Kenderton S. Lynch (SB 90604)
kenlynchlawyer@aol.com
KRAFCHAK & LYNCH
2029 Century Park East, Ste. 1040
Los Angeles, CA 90067
Tel. 310.772.0034
Fax 310.772.0121

Attorneys for Admire Capital Lending, LLC and
Belmont Two Investment Holdings, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-10264-ER |
| 450 S. WESTERN, LLC, | Chapter 11 |
| Debtor | **EX PARTE MOTION FOR CONTINUANCE OF THE HEARING ON MOTION TO DISALLOW THE CLAIM OF ADMIRE CAPITAL LENDING, LLC AND BELMONT TWO INVESTMENT HOLDINGS, LLC FILED AS PROOF OF CLAIM NO. 13-2 AND ALLOW SUPPLEMENTAL BRIEFING; DECLARATION OF STEPHANIE L. KRAFCHAK IN SUPPORT THEREOF.**<br><br>Hearing:<br>Date:  To Be Determined<br>Time:  11:00 a.m.<br>Place:  Courtroom "1568"<br>        255 E. Temple Street<br>        Los Angeles, California 90012 |

- 1 -

Admire Capital Lending LLC and Belmont Two Investment Holdings, LLC ("Movants") respectfully request a short continuance of the hearing on the Motion to Disallow The Claim of Admire Capital Lending LLC and Belmont Two Investment Holdings, LLC Filed As Proof of Claim 13-2 ("Motion") to allow Movants to file a supplemental memorandum of points and authorities in opposition to the Reply to Opposition to Motion to Disallow The Claim of Admire Capital Lending LLC and Belmont Two Investment Holdings, LLC ("Reply"). On July 27, 2021, 450 S. Western, LLC Liquidating Trust filed its Motion to Disallow the Claim of Admire Capital Lending LLC and Belmont Two Investment Holdings, LLC Filed as Proof of Claim No. 13-2. (Dkt. 382). The original hearing date is September 22, 2021 and there have been no other requests for a continuance. On September 8, 2021, Movants filed their Memorandum of Points and Authorities in Support of Opposition to Motion to Disallow the Claim of Admire Capital Lending LLC and Belmont Two Investment Holdings, LLC Filed as Claim No. 31-2, etc., (Dkt. 516). On September 15, 2021, the Liquidating Trustee raised four new arguments in its Reply as follows:

(1) the Liquidating Trustee argues for the first time that the Third Amended Note and the Standstill Agreement provided Movants with an opportunity to rescind their attempted conversion and their failure to rescind is irrevocable. See, Dkt. 527, pp. 6:21 to 7:20. This argument was not raised in the Motion or in Movants' opposition to the Motion. Movants should be allowed to address this argument. Among other things, Debtor's failure to transfer membership interests to Movants discharged Movant's duty to perform any other obligation, including the obligation to rescind within a given time period, under the Third Revised Note or the Standstill Agreement. See, Witkin, Summary of California Law (11th ed.), §838 (citing cases). In addition, the law of options vitiates the need to rescind in this case;

(2) the Liquidating Trustee argues that Debtor's failure to issue membership certificates did not prevent the conversion from taking effect. See, Dkt. 527, p. 7:6-20. The Debtor did not make this argument in its Motion and Movants did not argue that the failure to issue membership certificates

prevented the conversion from taking effect. Movants argued that the failure to transfer membership interests to Movants and the Rhee family's total control and ownership of the membership interests prevented the conversion from taking effect. Movants never argued that the Debtor's failure to issue and transfer membership certificates prevented the conversion from taking effect. There is a difference between membership certificates and membership interests and the implications of each which Movants should be entitled to brief for the Court;

(3) the Liquidating Trustee now raises the argument that the die was cast and Movants' gamble had not paid off. See, Dkt. 527 at 5:23-26. This argument implies that Movants elected their remedies before there was a final decision by a court which is contrary to the election of remedies doctrine. Movants request the opportunity to address the fact that there has been no election of remedies as no final decision has been reached in the State Court or any other court; and

(4) the Liquidating Trust argues that it not the same entity as the Debtor suggesting that it is an innocent successor to the Debtor. The Liquidating Trust stands in the shoes of the Debtor and is subject to the same defenses that could have been asserted against the Debtor. Movants request the opportunity to brief this issue as it had not been raised in the Motion.

Movants respectfully request that the Court continue the hearing to October 6, 2021, or such other date as the Court determines appropriate. Movants supplemental brief on the four issues described above will be due seven (7) days prior to the continued hearing date.

Dated: September 20, 2021                                  KRAFCHAK & LYNCH


_/s/ Stephanie L. Krafchak_
By: Stephanie L. Krafchak, Attorneys for
Claimants Admire Capital Lending, LLC and
Belmont Two Investment Holdings, LLC

## DECLARATION OF STEPHANIE L. KRAFCHAK

I, Stephanie L. Krafchak, declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would testify to the matters set forth in this declaration. I make this declaration in support of the opposition and memorandum of points and authorities attached hereto (the "Opposition").

2. I am an attorney at law, duly licensed and entitled to practice before this Court. I am an attorney representing Admire Capital Lending LLC and Belmont Two Investment Holdings, LLC.

3. On July 27, 2021, 450 S. Western, LLC Liquidating Trust filed its Motion to Disallow the Claim of Admire Capital Lending LLC and Belmont Two Investment Holdings, LLC Filed as Proof of Claim No. 13-2. (Dkt. 382). The original hearing date is September 22, 2021 and there have been no other requests for a continuance. On September 8, 2021, Movants filed their Memorandum of Points and Authorities in Support of Opposition to Motion to Disallow the Claim of Admire Capital Lending LLC and Belmont Two Investment Holdings, LLC Filed as Claim No. 31-2, etc., (Dkt. 516). On September 15, 2021, the Liquidating Trustee raised four new arguments in its Reply as follows:

a. the Liquidating Trustee argues for the first time that the Third Amended Note and the Standstill Agreement provided Movants with an opportunity to rescind their attempted conversion and their failure to rescind is irrevocable. Dkt. 527, pp. 6:21 to 7:20. This argument was not raised in the Motion or in Movants' opposition to the Motion. Movants should be allowed to address this argument. Among other things, Debtor's failure to transfer membership interests to Movants discharged Movants' duty to perform any other obligation, including the obligation to rescind within a given time period, under the Third Revised Note or the Standstill Agreement. See, Witkin, Summary of California Law (11th ed.), §838 (citing cases). In addition, the law of options vitiates the need to rescind in this case;

b. the Liquidating Trustee argues that Debtor's failure to issue membership certificates did not prevent the conversion from taking effect. The Debtor did not make this argument in its Motion and Movants did not argue that the failure to issue membership certificates prevented the conversion from taking effect. Movants argued that the failure to transfer membership interests to Movants and the Rhee family's total control and ownership of the membership interests prevented the conversion from taking effect. There is a difference between membership certificates and membership interests which Movants should be entitled to brief for the Court.

c. the Liquidating Trustee now raises the argument that the die was cast and Movants' gamble had not paid off. See, Dkt. 527 at 5:23-26. This argument implies that Movants elected their remedies before there was a final decision by a court which is contrary to the election of remedies doctrine. Movants request the opportunity to address the fact that there has been no election of remedies as no final decision has been reached in the State Court or any other court.

d. the Liquidating Trust argues that it not the same entity as the Debtor suggesting that it is an innocent successor to the Debtor's misdeeds in connection with the filing of its petition in this case. The Liquidating Trust stands in the shoes of the Debtor and is subject to the same defenses that could have been asserted against the Debtor. Movants request the opportunity to brief this issue as it had not been raised in the Motion.

4.   On September 19, 2020, I sent an email to Douglas Flahaut, Esq., Aram Ordubegian, Esq., and Christopher Wong, Esq., counsel for the Liquidating Trust, to request a continuance of the hearing on the claim objection, agreeing to participate in mediation, and in the event that mediation failed for the opportunity to file a supplemental brief. In addition, approximately 3:58 p.m. Pacific Time, I left a voice mail message for Mr. Flahaut asking him to respond to my email and that if we could not stipulate to the continuance and mediation that I would seek a continuance through the court. On September 20, 2021, I received an email response from Mr. Ordubegian informing me that the Liquidating Trust would not stipulate to mediation or a continuance of the hearing on the objection to the claim of Admire Capital

Lending LLC and Belmont Two Investment Holdings, LLC. True and correct copies of the emails dated September 19, 2020 and September 20, 2020 are attached hereto collectively as Exhibit 1.

5. The Local Rules of United States Bankruptcy Court for the Central District of California do not provide for the filing of a "sur-reply," however, in a case where the moving party has raised new issues it is appropriate and necessary to allow the opposing party additional time to respond to those new issues. For that reason, Movants have filed this request for a continuance and permission to file a supplemental brief limited to the issues identified herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of September 2021 at Buffalo, New York.

/s/ *Stephanie L. Krafchak*
Stephanie L. Krafchak

**EXHIBIT 1 TO DECLARATION OF STEPHANIE L KRAFCHAK**

Case 2:20-bk-10264-ER    Doc 529    Filed 09/20/21    Entered 09/20/21 14:21:22    Desc
Main Document    Page 7 of 12

**From:** **Stephanie Krafchak** skrafchak@mac.com
**Subject:** 450 S. Western Mediation
**Date:** September 19, 2021 at 1:51 PM
**To:** Doug Flahaut douglas.flahaut@arentfox.com, Aram Ordubegian aram.ordubegian@arentfox.com, Christopher.Wong@arentfox.com

Good morning,

I apologize for bothering you on a Sunday but are you available for a call today? I would like to discuss the following issues with you:

1. Mediation of the claim objection. My clients have decided that they would like to proceed with mediation in an effort to end what has been and likely will continue to be endless litigation. Pursuant to your prior offer to select a mediator from a list of three suggestions from my clients we propose (i) Hon. Dickran Tevrizian (Ret.); (ii) Hon. Randall J. Newsome (Ret.); or (iii) Hon. Marc Marmaro (Ret.).
2. Stipulation to continue the hearing on the objection to the Admire/Belmont claim pending mediation and to allow my clients to file a supplemental brief on new issues raised in your reply brief if the mediation fails; and,
3. Stipulation to continue the hearing and opposition to the objection to Evergreen's claim. We are almost finished redacting the invoices and I will have them to you by close of business on September 24, 2021.

Please give me a call or respond today if possible.

Best, Stephanie

KRAFCHAK & LYNCH
2029 Century Park East, Suite 1040
Los Angeles, California 90067
ph. 310.772.0034
skrafchak@mac.com

This e-mail message & attachments is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof. Notwithstanding the Uniform Electronic Transactions Act or any other similar law, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender.

**From:** Ordubegian, Aram Aram.Ordubegian@arentfox.com
**Subject:** RE: 450 S. Western Mediation
**Date:** September 20, 2021 at 1:17 PM
**To:** Stephanie Krafchak skrafchak@mac.com, Flahaut, M. Douglas Douglas.Flahaut@arentfox.com, Wong, Christopher K.S. Christopher.Wong@arentfox.com

Hi Stephanie: Your request is surprising to us since we have been trying to get to a settlement discussion and/or mediation for months now. Even prior to plan confirmation we suggested sitting down and resolving our differences. Since confirmation, we have continually asked for a mediation, to no avail. Before we prepared our claim objection papers, we asked for a mediation. We then drafted those papers and sent them to you without filing the pleadings and asked for mediation, but nothing occurred. Finally, even after our papers were filed, we asked for a mediation and gave your client more time to file an opposition, but again no agreement to mediate. After having spent the considerable time and money to draft objection papers and our reply to your client's opposition, it is unreasonable to continue out the hearing which is in a few days' time. We can hopefully mediate whatever narrowed issues remain after the hearing. Lastly, we will agree to give Evergreen more time and we will draft a simple stipulation and forward it to you. Aram

Aram Ordubegian
**Partner**

Arent Fox LLP | **Attorneys at Law**
aram.ordubegian@arentfox.com | www.arentfox.com
213.629.7410 LA DIRECT
415.805.7940 SF DIRECT

555 West 5th Street, 48th Floor
Los Angeles, CA 90013
213.629.7400 TEL | 213.629.7401 FAX

55 Second Street, 21st Floor
San Francisco, CA 94105
415.757.5500 TEL | 415.757.5501 FAX


**From:** Stephanie Krafchak <skrafchak@mac.com>
**Sent:** Sunday, September 19, 2021 10:51 AM
**To:** Flahaut, M. Douglas <Douglas.Flahaut@arentfox.com>; Ordubegian, Aram <Aram.Ordubegian@arentfox.com>; Wong, Christopher K.S. <Christopher.Wong@arentfox.com>
**Subject:** 450 S. Western Mediation


Good morning,

I apologize for bothering you on a Sunday but are you available for a call today? I would like to discuss the following issues with you:

1. Mediation of the claim objection. My clients have decided that they would like to proceed with mediation in an effort to end what has been and likely will continue to be endless litigation. Pursuant to your prior offer to select a mediator from a list of three suggestions from my clients we propose (i) Hon. Dickran Tevrizian (Ret.); (ii)

Hon. Randall J. Newsome (Ret.); or (iii) Hon. Marc Marmaro (Ret.).

2. Stipulation to continue the hearing on the objection to the Admire/Belmont claim pending mediation and to allow my clients to file a supplemental brief on new issues raised in your reply brief if the mediation fails; and,
3. Stipulation to continue the hearing and opposition to the objection to Evergreen's claim. We are almost finished redacting the invoices and I will have them to you by close of business on September 24, 2021.

Please give me a call or respond today if possible.

Best, Stephanie

KRAFCHAK & LYNCH
2029 Century Park East, Suite 1040
Los Angeles, California 90067
ph. 310.772.0034
skrafchak@mac.com
This e-mail message & attachments is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof. Notwithstanding the Uniform Electronic Transactions Act or any other similar law, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender.

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
KRAFCHAK & LYNCH 2029 Century Park East, Suite 1040, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (*specify*): **EX PARTE MOTION FOR CONTINUANCE OF THE HEARING ON MOTION TO DISALLOW THE CLAIM OF ADMIRE CAPITAL LENDING, LLC AND BELMONT TWO INVESTMENT HOLDINGS, LLC FILED AS PROOF OF CLAIM NO. 13-2; DECLARATION OF STEPHANIE L. KRAFCHAK IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 20, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jesse S Finlayson**    jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com
- **M Douglas Flahaut**    flahaut.douglas@arentfox.com
- **Todd A Fuson**    toddfusonesq@yahoo.com
- **Maria L Garcia**    Maria.L.Garcia@lewisbrisbois.com, Nancy.jasso@lewisbrisbois.com
- **Amy L Goldman**    Amy.Goldman@lewisbrisbois.com
- **Jeffrey T Gwynn**    jgwynn@vervelaw.com
- **Brian T Harvey**    bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- **Mark S Horoupian**    mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- **Christian T Kim**    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- **Richard J Laski (TR)**    rlaski@wilshirellc.com
- **John P Lee**    jlee@kspllaw.com, admin@kspllaw.com
- **Won Lee**    dlee@metallawgroup.com
- **Kenderton S Lynch**    kenlynchlaw@aol.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Juliet Y Oh**    jyo@lnbyb.com, jyo@lnbrb.com
- **Aram Ordubegian**    ordubegian.aram@arentfox.com
- **Sagar Parikh**    SP@BeverlyHillsLawCorp.com
- **Amelia Puertas-Samara**    itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov
- **Dean G Rallis**    drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com
- **Victor A Sahn**    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **Lovee D Sarenas**    lsarenas@sklarkirsh.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Felix T Woo**    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- **Dylan J Yamamoto**    dylan.yamamoto@arentfox.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **Hatty K Yip**   hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
- **Timothy J Yoo**   tjy@lnbyb.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On (*date*) September 20, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Ernest M. Robles** United States Bankruptcy Judge,
United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Suite 1560 / Courtroom 1568, Los Angeles, CA 90012

**Ryan R Gordon**, Law Office of Ryan R Gordon, 34652 Calle Loma, Capistrano Beach, CA 92624

**Lewis Brisbois Bisgaard & Smith,** 633 W 5th Street, Ste 4000, Los Angeles, CA 90071

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 20, 2021 | S, L. Krafchak | /s/ S.L. Krafchak |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      F 9013-3.1.PROOF.SERVICE