1  Aram Ordubegian (SBN 185142)
   M. Douglas Flahaut (SBN 245558)
2  Christopher K.S. Wong (SBN 308048)
   **ARENTFOX SCHIFF LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:    213.629.7400
   Facsimile:    213.629.7401
5  Emails:    aram.ordubegian@afslaw.com
              douglas.flahaut@afslaw.com
6             christopher.wong@afslaw.com

7  Attorneys for 450 S. Western LLC Liquidating
   Trust

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **LOS ANGELES DIVISION**

11

12  In re                                    Case No. 2:20-bk-10264-SK

13  **450 S. WESTERN, LLC**, a California      Chapter 11
    Limited Liability Company,
14                                            **MOTION FOR ENTRY OF FINAL
                Debtor                         DECREE CLOSING CHAPTER 11
15                                             CASE; DECLARATIONS OF
                                               CHRISTOPHER K.S. WONG AND
16                                             RICHARD J. LASKI IN SUPPORT
                                               THEREOF**
17
                                              *[No Hearing Required Unless Requested
18                                            Under Local Bankruptcy Rule 9013-1(o)]*

19

20

21      **TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY**

22  **JUDGE; AND ALL INTERESTED PARTIES:**

23          Pursuant to 11 U.S.C. Section 350, Federal Rule of Bankruptcy Procedure 3022, and Local

24  Bankruptcy Rule 3022-1(a), 450 S. Western, LLC Liquidating Trust (the "Liquidating Trust") as

25  successor in interest to the debtor 450 S. Western, LLC (the "Debtor"), respectfully moves for an

26  order granting a final decree and closing the above-captioned case (the "Motion").  As set forth in

27  greater detail below, this Motion is based on the grounds that the *First Amended Chapter 11 Plan*

28  *of Liquidation, Dated February 26, 2021* [Dkt. No. 315] (the "Plan"), as confirmed by this Court

by its order entered on April 26, 2021, has been substantially consummated; the above-captioned case has been fully administered; and there are no matters or proceedings pending or anticipated in this case requiring the case to remain open.  The Liquidating Trust is concurrently filing a separate notice of this Motion, which will be served on all parties that were served with the Plan as required by Local Bankruptcy Rule 3022-1(a).

**I.**

**BACKGROUND AND POST-CONFIRMATION ACTIVITIES**

**A.**  <u>**Filing of the Case and Confirmation of the Plan**</u>

On January 10, 2020, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.  During the case, the Debtor remained in possession and control as a debtor-in-possession pursuant to Section 1107 and 1108 of the Bankruptcy Code.  After a confirmation hearing held on April 20, 2021, the Plan was confirmed, and an order confirming the Plan was entered by this Court on April 26, 2021 [Dkt. No. 354] (the Confirmation Order").  On April 30, 2021, the Plan went effective, and the Liquidating Trust was created pursuant to the liquidating trust agreement attached to the Plan as Exhibit 1 (the "Liquidating Trust Agreement"). *See* Dkt No. 357. Richard J. Laski was appointed as the Liquidating Trustee, and he has since been administering the liquidating trust for the benefit of its beneficiaries.

**B.**  <u>**Claims and Claims Objections**</u>

Pursuant to the *Order Establishing Bar Date for Filing Proofs of Claim* [Dkt. No. 98], May 31, 2020 was established as the general claims bar date in this case.  Under the Plan and the Liquidating Trust Agreement, the Liquidating Trustee has the power to administer and liquidate the remaining assets of the Debtor's estate, resolve and settle disputed proofs of claim, and make distributions to holders of allowed claims.  *See* Plan, Section IV.B.1; *see* Liquidating Trust Agreement, Article III, Section 3.3.   In total, the Liquidating Trust objected to eight (8) proofs of claim, all of which have been resolved.  Below is a summary of the key claim objections.[1]

On July 28, 2021, the Liquidating Trust filed an omnibus objection to the claims of SoCal

---

[1] On July 27, 2021, the Liquidating Trust filed its Motion to Disallow the Claim of Hyun Soon Rhee [Dkt. No. 383]. It was subsequently withdrawn on December 21, 2023 [Dkt. No. 667].

1   Lien Solutions, LLC ("SoCal"), David S. Kim & Associates ("Kim & Associates"), and Evergreen

2   [Dkt. No. 401], which was granted with respect to the claim of SoCal [Dkt. No. 502].  After Kim

3   & Associates provided additional documentation in support of their claim, the Liquidating Trust

4   withdrew its objection with respect to the claim of Kim & Associates [Dkt. No. 553].  In addition,

5   the Liquidating Trust and Evergreen finalized a settlement agreement to resolve the objection to

6   Evergreen's claim for attorney's fees, which was approved by order of this Court.  *See* Dkt. Nos.

7   572 and 574.

8         On August 3, 2021, G 450 LLC ("G 450"), Pontis Capital, LLC ("Pontis"), and Five West

9   Capital, LP ("Five West") and the Liquidating Trust entered into a settlement agreement (the "G

10  450 Settlement Agreement") in which the Liquidating Trust agreed to pay $1,724,559 to G 450,

11  Pontis, and Five West in full and complete resolution of their claims in the asserted total amount of

12  $2,250,000 against the Liquidating Trust and/or Debtor [Dkt. No. 458].

13        On November 2, 2021 the claim objection to the unsecured claim filed by Admire Capital

14  Lending LLC ("Admire") and Belmont Two Investment Holdings, LLC ("Belmont") was denied,

15  and the claim was allowed by the Court after the parties filed their respective papers in support and

16  opposition [Dkt. No. 569].

17        On November 19, 2021, the Liquidating Trust mediated its claim objection to Sino-US

18  Investment and Management Consulting Ltd. ("Sino-US"), and the parties finalized a settlement

19  under which Sino-US will have an allowed, general unsecured claim for $3,208,526.37.  The Court

20  entered an order approving the parties' stipulation to resolve the claim objection on June 10, 2022

21  [Dkt. No. 614].

22        On July 29, 2021, the Liquidating Trust objected to the claims of Square Mixx LA, Inc.

23  ("Square Mixx") and Eunice Y. Tak ("Tak") asserted in the respective amount of $575,000 and

24  $1,000,000, which were subsequently set for evidentiary trials for the week of February 28, 2021

25  [Dkt. Nos. 507, 508, and 512].  The parties then participated in a mediation before the Hon. Mitchel

26  R. Goldberg (ret.). on January 6, 2021.  At the mediation, the Liquidating Trust and Square Mixx

27  reached a settlement, under which Square Mixx agreed to reduced its claim to $75,000 representing

28  the return of its security deposits, as well as an allowed general unsecured claim in the amount of

$500,000. Subsequently, the Liquidating Trust and Eunice Tak also finalized a settlement to resolve the claim objection, under which Tak now holds an allowed priority wage claim in the amount of $13,650. On June 10, 2022, the Court entered orders approving the stipulations to resolve the claim objections [Dkt. Nos. 612 and 613].

**C.    Adversary Proceedings**

Philmont Management, Inc. ("Philmont") commenced the only adversary proceeding in this case concerning Proof of Claim No. 18-1 (the "Philmont Claim"), wherein Philmont asserted a determination its claim was secured in the amount of $2,361,878.40. Of this total claim amount, $526,317.08 was asserted based on interest, calculated at 10% per annum (the "Interest Component").

On February 11, 2021, Philmont filed a complaint against the Debtor for a determination that it held a valid and enforceable mechanic's lien (the "Mechanic's Lien"), plus statutory interest, thereby commencing the adversary proceeding styled as Case No. 2:21-ap-01030-ER (the "Philmont Adversary Proceeding").

The Liquidating Trust filed a motion to partially disallow the claim of Philmont with respect to the Interest Component and on September 3, 2021 the parties resolved is issue through a stipulation which was approved by the Court [Dkt. No. 503]. The stipulation provided that the Interest Component would be disallowed if it was determined on a final, non-appealable basis that Philmont does not hold a valid mechanic's lien.

On March 17, 2021 the Debtor filed a motion to dismiss the Complaint [Adv. Dkt. No. 12] (the "MTD"). A hearing on the MTD was held on April 7, 2021. The Court took the matter under submission and ultimately granted the MTD and dismissed the complaint with prejudice [Adv. Dkt. No. 26] (the "Dismissal Order").

Philmont appealed the Dismissal Order to the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). The parties briefed the issues, and on October 28, 2021, the BAP held oral argument. On November 23, 2021, the BAP issued a published decision affirming the Court's dismissal of Philmont's adversary proceeding with prejudice [BAP Dkt. No. 15]. On December 7, 2021, Philmont appealed the BAP's decision to the Ninth Circuit Court of Appeals, Case No. 21-60060

[BAP Dkt. No. 20].  On November 15, 2022, the Ninth Circuit conducted oral argument, and on April 10, 2023, the Ninth Circuit issued a memorandum decision vacating the BAP's judgment and remanding the adversary proceeding.

On May 17, 2023, the Liquidating Trust filed its answer to Philmont's complaint [Adv. Dkt. No. 69] and the case proceeded forward.  Then on September 19, 2023, the parties held an all-day mediation with the Honorable Mitchel Goldberg (ret.).  As a result of that mediation, the parties entered into the Settlement Agreement, which fully and completely resolved all disputes involving Philmont's claim.  Specifically, the parties agreed (i) to allow the Philmont Claim a secured claim in the reduced amount of $1,475,000 which was to be paid in full; (ii) to dismiss the Philmont adversary proceeding with prejudice; and (iii) to enter into mutual releases and waivers under California Civil Code § 1542.  On October 4, 2023, the Liquidating Trust filed a Settlement Motion which was approved by the Court without need for a hearing on October 24, 2023.  *See* Dkt Nos. 655 and 662.

**D.    Payments Under the Plan**

With all claim objections and adversary proceedings resolved, the Liquidating Trust has recently completed substantially all required payments under the Plan.  All administrative and secured claims have been paid or satisfied in accordance with the Plan, and as illustrated in the below table, the Liquidating Trust has made its first interim distribution to Class 3 general unsecured creditors, with final distribution to be made after completion of the tax audit described in Section I.E of this Motion:

| Claimant | Claim # | Allowed General Unsecured Claim Amount | First Interim Distribution Payment |
|---|---|---|---|
| Hyun Soon Rhee | 1 | $4,796,917.65 | $750,146.38 |
| David S. Kim & Associates | 2 | $225,778.87 | $35,307.51 |
| Sino-US Investment and Management Consulting Ltd | 3 | $3,208,526.37 | $501,752.29 |
| Internal Revenue Service | 4 | $24,263.07 | $3,794.28 |
| Square Mixx LA, Inc. | 11 | $500,000.00 | $78,190.46 |

| | | | |
|---|---|---|---|
| Admire/Belmont | 13 | $15,982,086.30 | $2,499,293.28 |
| CA Franchise Tax Board | 14 | $7,970.46 | $1,246.43 |
| One Stop Financial Consulting, Inc. | 15 | $193,561.77 | $30,269.37 |
| **TOTAL** | | **$24,939,104.49** | **$3,900,000.00** |

**E.      Debtor's Post Confirmation Tax Liabilities.**

Various post-confirmation tax liabilities have come due or have been asserted against the Liquidating Trust. The Liquidating Trust has paid all such tax liabilities in full as they have come due. Additionally, while it does not concern the tax liability of the Debtor or the Liquidating Trust,[2] there is a California Franchise Tax Board audit regarding the Section 363 sale of the Debtor's principal asset – the real property located at 450 S. Western - that is ongoing and the Liquidating Trustee is cooperating with such audit. In light of the ongoing audit, the Liquidating Trustee is maintaining a small reserve to cover administrative costs of audit compliance and the Liquidating Trustee expects to make final distributions after the audit has been completed.

**F.      Payment of Professionals**

On November 15, 2018, Lewis Brisbois Bisgaard & Smith LLP as counsel for the Official Committee of Unsecured Creditors, ArentFox Schiff LLP as general bankruptcy counsel for the Debtor, and the Law Offices of Daniel M Shapiro as special litigation counsel for the Debtor, filed their respective final fee applications. [Dkt. Nos. 360, 365, 366]. After hearings held on June 9, 2021, the applications were granted as reflected by the order entered thereon [Dkt No. 377]. All approved fees and costs awarded to estate professionals have been paid in full as provided for under the Plan.

**G.      Payment of U.S. Trustee's Fees and Clerk's Office Fees**

The Liquidating Trust has filed all required quarterly reports and has paid its United States Trustee's fees due and owing as of the filing of this Motion. *See* Dkt Nos. 454, 571, 594, 601,622,

---

[2] The Liquidating Trust is a pass-through entity, and the trust documents specify that "All earnings of the Liquidating Trust shall be currently taxable to the Beneficiaries in the year in which such earnings are realized, including earnings retained in any established reserves, in accordance with their respective rights to such earnings." Liquidating Trust Agreement, Section 3.7. Therefore, it is the Liquidating Trust's position that any tax liability discovered in the audit is that of the beneficiaries and is not a liability owed by the Liquidating Trust.

AFDOCS:199344219.2

624, 629, 631, 650, 660.    Additionally, the Liquidating Trust has reached out to the Bankruptcy Court Clerk's Office and has confirmed with the Clerk's Office that there are no unpaid service fees, filing fees, or other incidental fees outstanding with respect to this case.

## II.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Section 15(t) of the Confirmation Order.  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for the relief sought herein are sections 105 and 350(a) of the Bankruptcy Code, section 156(c) of title 28 of the United States Code, Federal Rule of Bankruptcy Procedure 3022, Local Bankruptcy Rule 3022-1(a).

## III.

## DISCUSSION

Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered… the court shall close the case."   11 U.S.C. §350(a).   Bankruptcy Rule 3022 implements section 350(a) in the context of chapter 11 reorganizations by providing that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

While the term "fully administered" is not defined in the Bankruptcy Code, the Advisory Committee Note with respect to Bankruptcy Rule 3022 lists the following six factors as to be considered when determining whether an estate has been fully administered:

1.  Whether the order confirming the plan has become final;

2.  Whether deposits required by the plan have been distributed;

3.  Whether the property proposed by the plan to be transferred has been transferred;

4.  Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

5.  Whether payments under the plan have commenced; and

ArentFox Schiff
LLP

AFDOCS:199344219.2

6.  Whether all motions, contested matters, and adversary proceedings have been

finally resolved.

*See* Fed. R. Bankr. P. 3022, Advisory Committee Note (1991); *see also In re Rebel Rents, Inc.*, 326, 791, 803, fn. 19 (Bankr. C.D. Cal. 2005) (citing *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896 (9th Cir. 1999).

Further, "bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors." *Nesselrode v. Provident Fin., Inc. (In re Provident Fin., Inc.)*, Case No. 09-61756 WL 6259973, at *9 (B.A.P. 9th Cir. 2010).

Here, these six factors have been satisfied.    As set forth above and in the annexed declarations of Christopher K.S. Wong and Richard J. Laski: (1) the order confirming the Plan in this case has become final; (2) all deposits required pursuant to the Plan, if any, have been made; (3) all property proposed by the Plan to be transferred has in fact been transferred to the Liquidating Trust; (4) the Liquidating Trust has completed all of its material tasks as provided in the Plan and the Liquidating Trust Agreement, and therefore no purpose is served by this bankruptcy case staying open; (5) payments under the Plan have not only commenced, but all plan payments have been made with the exceptions of final *de minimis* distributions to Class 3 creditors; and (6) all motions, contested matters, and adversary proceedings have been finally resolved.

As such, because each of the factors that should be considered when determining whether an estate has been fully administered have been satisfied, the Liquidating Trust respectfully submits that a final decree should be entered and the above-captioned case should be closed.

## IV.

## CONCLUSION

The Liquidating Trust submits that it has met the requirements necessary to obtain a final decree closing the above-captioned case.    Therefore, for all the forgoing reasons, the Liquidating Trust respectfully requests the Court (1) grant this motion (2) issue a final decree closing the above-captioned case and (3) granting such other relief as is just and proper.

1    Dated: January 31, 2024                    **ARENTFOX SCHIFF LLP**

2

3                                              By: /s/ *Christopher K.S. Wong*
                                               Aram Ordubegian
4                                              M. Douglas Flahaut
                                               Christopher K.S. Wong
5                                              Attorneys for 450 S. Western LLC Liquidating
                                               Trust
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENTFOX SCHIFF
LLP

AFDOCS:199344219.2

# DECLARATION OF CHRISTOPHER K.S. WONG

I, Christopher K.S. Wong, declare as follows:

1.      I am over 18 years of age.  I am an attorney duly licensed to practice law before this Court and, if called as a witness, could and would competently testify to the matters set forth herein from my own personal knowledge, except as otherwise stated below.

2.      I am an associate with the law firm of ArentFox Schiff LLP, which serves as bankruptcy counsel for 450 S. Western, LLC Liquidating Trust (the "Liquidating Trust") as successor in interest to the debtor 450 S. Western, LLC (the "Debtor").   I make this declaration in support of the foregoing *Motion for Entry of Final Decree Closing Chapter 11 Case* (the "Motion"). All capitalized terms used herein shall have the meanings ascribed to them in the Motion, unless otherwise specified.

3.      I have reviewed the factual background set forth in Section I of the Motion, and the factual assertions made therein are true and correct to the best of my knowledge.

4.      On January 25, 2024, my office reached out to the Bankruptcy Court Clerk's Office and requested that it be notified of any outstanding filing fees, or other incidental fees outstanding with respect to the above-captioned case so that the Debtor can pay any such fees.  As confirmed by the Clerk's Office, there are no outstanding court fees in this case.

5.      I have reviewed the dockets in the above-referenced case and there are no pending adversary proceedings or unresolved motions in the above-captioned case except for this Motion.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of January, 2024, at Los Angeles, California


*/s/ Christopher K.S. Wong*
CHRISTOPHER K.S. WONG

## DECLARATION OF RICHARD J. LASKI

I, Richard J. Laski, declare as follows:

1.      I am over 18 years of age.  If called as a witness, I could and would competently testify with respect to the matters set forth in this Declaration from my own personal knowledge or from knowledge gathered from the advisors of the Liquidating Trust, my review of relevant documents, or my opinion based upon my experience concerning the operations of the Liquidating Trust.

2.      Since April 30, 2021, I have served as the Liquidating Trustee for the Liquidating Trust.  I submit this Declaration in support of the foregoing *Motion for Entry of Final Decree Closing Chapter 11 Case* (the "Motion").  All capitalized terms used herein shall have the meanings ascribed to them in the Motion, unless otherwise specified.

3.      The Plan became effective on April 30, 2021 and all property of the above-captioned Debtor vested in the Liquidating Trust.  Since then, I have been administering trust assets for the benefit of its beneficiaries.

4.      Substantially all of the funds held by the Liquidating Trust have now been paid out to creditors as provided in the Plan and the Liquidating Trust as set forth more fully in the table set forth at section I.D. of this Motion.  As such, the Liquidating Trust is holding a small amount of funds to allow it to cover the administrative costs of cooperating with the California Franchise Tax Board audit and, once such audit is completed, final distributions will be made as provided in the confirmed Plan and the Liquidating Trust.  As such, substantially all payments required by the Plan and Liquidating Trust have now been made.

5.      I have reviewed the table set forth in Section I.D. of this Motion, and it is an accurate description of the interim distribution which the Liquidating Trust has made to unsecured creditors since it was established.

6.      The Liquidating Trust has filed all quarterly reports required by the Office of the United States Trustee and has paid all United States Trustee's fees due and owing through the filing of this Motion.

///

ARENTFOX SCHIFF
LLP

AFDOCS:199344219.2

7.     To the best of my knowledge, the Liquidating Trust has paid all post-confirmation tax liabilities, if any, as they have come due.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this this 25 day of January, 2024 at Pasadena, California

Richard J. Laski

ArentFox Schiff
LLP

AFDOCS:199344219.2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

ArentFox Schiff LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE; DECLARATIONS OF CHRISTOPHER K.S. WONG AND RICHARD J. LASKI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **1/31/2024** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **1/31/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**JUDGE**

Honorable Sandra R. Klein
United States Bankruptcy Court
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/31/2024 | Aylin Sookassians | /s/ Aylin Sookassians |
|-----------|-------------------|----------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

AFDOCS:199463016.1

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Jesse S Finlayson on behalf of Creditor Philmont Management, Inc.
jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com

Jesse S Finlayson on behalf of Plaintiff Philmont Management, Inc.
jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com

M Douglas Flahaut on behalf of Attorney Arent Fox LLP
flahaut.douglas@arentfox.com

M Douglas Flahaut on behalf of Debtor 450 S. Western, LLC, a California limited liability company
flahaut.douglas@arentfox.com

M Douglas Flahaut on behalf of Defendant 450 S. Western Ave., LLC
flahaut.douglas@arentfox.com

Todd A Fuson on behalf of Creditor David S. Kim & Associates
toddfusonesq@yahoo.com

Maria L Garcia on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S. WESTERN, LLC
Maria.L.Garcia@lewisbrisbois.com

Amy L Goldman on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S. WESTERN, LLC
Amy.Goldman@lewisbrisbois.com

Jeffrey T Gwynn on behalf of Creditor New Creation Engineering and Builders, Inc.
jgwynn@vervelaw.com, gwynn.jeffreyb130245@notify.bestcase.com

Brian T Harvey on behalf of Realtor CBRE Inc
bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;karen.files@gmlaw.com

Christian T Kim on behalf of Interested Party Christian Kim
ckim@dumas-law.com, ckim@ecf.inforuptcy.com

Stephanie L Krafchak on behalf of Creditor Evergreen Capital Assets, LP
krafchak.stephanie1@gmail.com, krafchak.stephanie1@gmail.com

Stephanie L Krafchak on behalf of Interested Party Admire Capital Lending, LLC
krafchak.stephanie1@gmail.com, krafchak.stephanie1@gmail.com

Richard J Laski (TR)
rlaski@wilshirellc.com

John P Lee on behalf of Creditor One Stop Financial Consulting, Inc.
jlee@kspllaw.com, admin@kspllaw.com

John P Lee on behalf of Creditor Richvest Asset Holdings, LLC.
jlee@kspllaw.com, admin@kspllaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

AFDOCS:199463016.1

Thomas Lee on behalf of 3rd Party Plaintiff Bo Ram La
thomas@probitaslawfirm.com

Won Lee on behalf of Attorney Square Mixx LA, Inc.
dlee@leelawltd.com

Won Lee on behalf of Attorney Eunice Y. Tak
dlee@leelawltd.com

Kenderton S Lynch on behalf of Creditor Evergreen Capital Assets, LP
kenlynchlaw@aol.com

Kenderton S Lynch on behalf of Interested Party Admire Capital Lending, LLC
kenlynchlaw@aol.com

Kenderton S Lynch on behalf of Interested Party Courtesy NEF
kenlynchlaw@aol.com

David W. Meadows on behalf of Creditor G 450 LLC
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor G 450, LLC, Pontis Capital, LLC, and Five West Capital, LP
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Juliet Y. Oh on behalf of Interested Party Admire Capital Lending, LLC
jyo@lnbyg.com, jyo@lnbyb.com

Juliet Y. Oh on behalf of Interested Party Belmont Two Investment Holdings, LLC
jyo@lnbyg.com, jyo@lnbyb.com

Juliet Y. Oh on behalf of Interested Party Courtesy NEF
jyo@lnbyg.com, jyo@lnbyb.com

Aram Ordubegian on behalf of Attorney Arent Fox LLP
ordubegian.aram@arentfox.com

Aram Ordubegian on behalf of Debtor 450 S. Western, LLC, a California limited liability company
ordubegian.aram@arentfox.com

Aram Ordubegian on behalf of Defendant 450 S. Western Ave., LLC
ordubegian.aram@arentfox.com

Sagar Parikh on behalf of Creditor SoCal Lien Solutions, LLC
SP@BeverlyHillsLawCorp.com

Amelia Puertas-Samara on behalf of Debtor 450 S. Western, LLC, a California limited liability company
itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov

Dean G Rallis, Jr on behalf of Interested Party Courtesy NEF
drallis@hahnlawyers.com, jevans@hahnlawyers.com;drallis@ecf.courtdrive.com;jevans@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

AFDOCS:199463016.1

Victor A Sahn on behalf of Interested Party Courtesy NEF
victor.sahn@gmlaw.com,
vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com

Lovee D Sarenas on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 450 S.
WESTERN, LLC
lovee.sarenas@dinsmore.com, katrice.ortiz@dinsmore.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Attorney Arent Fox LLP
christopher.wong@afslaw.com, yvonne.li@afslaw.com;kevin.chen@afslaw.com

Christopher K.S. Wong on behalf of Debtor 450 S. Western, LLC, a California limited liability company
christopher.wong@afslaw.com, yvonne.li@afslaw.com;kevin.chen@afslaw.com

Christopher K.S. Wong on behalf of Defendant 450 S. Western Ave., LLC
christopher.wong@afslaw.com, yvonne.li@afslaw.com;kevin.chen@afslaw.com

Christopher K.S. Wong on behalf of Special Counsel Law Offices of Daniel M Shapiro
christopher.wong@afslaw.com, yvonne.li@afslaw.com;kevin.chen@afslaw.com

Felix T Woo on behalf of Creditor SINO-US INVESTMENT AND MANAGEMENT CONSULTANT LIMITED
fwoo@ftwlawgroup.com, admin@ftwlawgroup.com

Dylan J Yamamoto on behalf of Debtor 450 S. Western, LLC, a California limited liability company
dylan.yamamoto@arentfox.com

Dylan J Yamamoto on behalf of Defendant 450 S. Western Ave., LLC
dylan.yamamoto@arentfox.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

AFDOCS:199463016.1